UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LAURA ALLEN INDIVIDUALLY AND LAURA ALLEN INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF THE LATE DAN ALLEN, AND AS NEXT FRIEND OF TAYLOR ALLEN AND DANIELLE ALLEN; AND MARK ALLEN Plaintiffs, | ) ) ) ) ) ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO: |
| MARTIN SURFACING, INC.; MARTIN SURFACING A DIVISION OF SOUTHWEST RECREATION; RONALD RYBA; SOUTHWEST RECREATIONAL INDUSTRIES, INC. d/b/a MARTIN SURFACING;  REED J. SEATON; ROBERT N. WOLESENSKY, JR.; DYNAMIC SPORTS CONSTRUCTION, INC.  AND DOES Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | 05 - 40048FDS |

FILING FEE PAID:
RECEIPT # 464532
AMOUNT $ 250.00
BY DPTY CLK
DATE 3-16-05

## NOTICE OF REMOVAL

Please take notice that Defendants Robert M. Wolesensky, Jr. (incorrectly identified in the Complaint as Robert N. Wolesensky, Jr.) and Dynamic Sports Construction, Inc. ("Dynamic"), by counsel, hereby remove this action to the United States District Court for the District of Massachusetts, Central Division at Worcester, upon the following grounds:

1.    On or about May 6, 2005, a civil action was filed by Plaintiffs' Complaint in the Commonwealth of Massachusetts in the Worcester Superior Court, Worcester, Massachusetts, said action being entitled <u>Dan, Laura, Dan, Jr. and Susie Allen v. Martin Surfacing, Inc. Flooring and Southwest Recreational Industries, Inc. and Does</u>, and

designated as Civil Action No. 04-0881 A.  Exhibit A attached hereto contains copies of all pleadings and orders filed in Civil Action No. 04-0881 A in the Worcester Superior Court including:  the Complaint and the Civil Action Cover Sheet that accompanied the Complaint; Plaintiffs' Motion to Extend Time to Make Service Nunc Pro Tunc and attachments; Plaintiffs' Motion for Default Judgment and attachments; Plaintiffs' Motion to Amend Complaint and attachments; Plaintiffs' First Amended Complaint; Southwest Recreational Industries, Inc.'s Suggestion of Bankruptcy; the Answers filed by Mr. Wolesensky and Dynamic; and the Notice of Appearance of Joseph M. Noone, Esq. and James T. Sullivan, Esq. for Defendant, Reed J. Seaton.

2.     As of October 23, 2004, Plaintiffs had not served any of the original defendants ("Martin Surfacing, Inc. Flooring," "Southwest Recreational Industries, Inc." and the "Doe" defendants) with process as evidenced by Plaintiffs' October 23, 2004 Motion to Extend Time to Make Service Nunc Pro Tunc.

3.     By pleading dated November 23, 2004 but filed on November 26, 2004, Plaintiffs moved for default judgment and requested an assessment of damages, which motion was denied.

4.     Plaintiffs' November 26, 2004 motion claims, by affidavit, that service of process was completed on the following entities, which were *not* named as defendants in the Complaint:  Martin Surfacing, Inc., 3001 E. Lincoln Drive, Marlton, New Jersey 08053; Martin Surfacing, Inc., 701 Leander Drive, Leander, Texas, 78641; Martin Surfacing, Inc., 16 Alt Road, Hunt Valley, Maryland  21030; and Southwest Regional Industries, Inc., 16 Alt Road, Hunt Valley Maryland  21030.  Copies of the summonses that were allegedly served on those entities are attached hereto as collective Exhibit B.

2

Plaintiffs alleged that service of process was completed on those entities on August 25, 26 and 27, 2004. As stated, Plaintiffs' November 26, 2004 motion for default judgment was denied.

5. By pleading dated January 10, 2005 but filed January 18, 2005, Plaintiffs moved to amend the Complaint, which motion was sustained on January 24, 2005. Accordingly, Plaintiffs' First Amended Complaint was docketed as of January 24, 2005.

6. In Plaintiffs' First Amended Complaint, Plaintiffs are: (a) Laura Allen, Individually and as Administratrix of the Estate of the Late Dan Allen and as Next Friend of Taylor and Danielle Allen; and (b) Mark Allen. According to the First Amended Complaint, Laura Allen is a resident of the Commonwealth of Massachusetts. (First Amended Complaint, ¶ 1). According to the First Amended Complaint, Taylor Allen, Danielle Allen and Mark Allen are also residents of the Commonwealth of Massachusetts. (First Amended Complaint, ¶ 5).

7. In Plaintiffs' January 24, 2005 First Amended Complaint, the defendant "Martin Surfacing, Inc. Flooring" was dropped. The new set of defendants was: (a) Martin Surfacing, Inc.; (b) Martin Surfacing, a Division of Southwest Recreation; (c) Ronald Ryba; (d) Southwest Recreational Industries, Inc. d/b/a Martin Surfacing; (e) Reed J. Seaton; (f) Robert M. Wolesensky, Jr.; (g) Dynamic Sports Construction, Inc.; and (h) Doe defendants.

8. According to the First Amended Complaint, Defendant "Martin Surfacing, Inc." is a corporation with a last known principal place of business of 3001-E Lincoln Drive West, Marlton, New Jersey 08053 and a primary contact address of P.O. Box 1289, Hunt Valley, Maryland 21030. (First Amended Complaint, ¶¶ 7 – 8). To the

3

extent "Martin Surfacing, Inc." ever existed, it was never incorporated under the laws of Massachusetts and never had its principal place of business in Massachusetts, and, thus, has never been a citizen of the Commonwealth of Massachusetts.

9.   According to the First Amended Complaint, Defendant "Martin Surfacing, a division of Southwest Recreation" has a principal place of business of 3001 E. Lincoln Drive West, Marlton, New Jersey  08053.  (First Amended Complaint, ¶ 9).  To the extent "Martin Surfacing, a division of Southwest Recreation" ever existed, it was never incorporated under the laws of Massachusetts and never had its principal place of business in Massachusetts, and, thus, has never been a citizen of the Commonwealth of Massachusetts.

10.   According to the First Amended Complaint, Defendant Ronald Ryba is a resident of New Jersey (First Amended Complaint, ¶ 11).  Ronald Ryba has never been a citizen of the Commonwealth of Massachusetts.

11.   According to the First Amended Complaint, Defendant "Southwest Recreational Industries, Inc. d/b/a Martin Surfacing" is a corporation with a principal place of business of 701 Leander Drive, Leander, Texas  78641.  (First Amended Complaint, ¶ 12).  To the extent that "Southwest Recreational Industries, Inc. d/b/a Martin Surfacing" ever existed, it was never incorporated under the laws of Massachusetts and never had its principal place of business in Massachusetts, and, thus, has never been a citizen of the Commonwealth of Massachusetts.

12.   According to the First Amended Complaint, Defendant Reed J. Seaton resides at 11009 Pencewood Court, Austin, Texas  78750-3712.  (First Amended Complaint, ¶ 13).  He has never been a citizen of the Commonwealth of Massachusetts.

4

13. According to the First Amended Complaint, Defendant Robert M. Wolesensky, Jr. resides at 2011 Spyglass HI, Leander, Texas 78641-8850. (First Amended Complaint, ¶ 14). He has never been a citizen of the Commonwealth of Massachusetts.

14. According to the First Amended Complaint, Defendant "Dynamic Sports Construction, Inc." is a corporation with a principal place of business of 301 Sonny Drive, Leander, Texas 78641. (First Amended Complaint, ¶ 15). "Dynamic Sports Construction, Inc." has never been incorporated under the laws of Massachusetts and has never had its principal place of business in Massachusetts, and, thus, has never been a citizen of the Commonwealth of Massachusetts.

15. In respect to service of process on the Defendants named in the First Amended Complaint, effective service of process has not been completed on the named Defendant "Martin Surfacing, Inc." because, at the time Plaintiffs claim to have served "Martin Surfacing, Inc.," it was not an existing corporate entity. In any event, Plaintiffs claim to have served "Martin Surfacing, Inc." with the original Complaint (even though it was *not* named as a Defendant in the original Complaint) at three different addresses on August 25, 26 and 27, 2004. Copies of the summonses allegedly served are attached hereto in collective Exhibit B which contains copies of all summonses that are alleged to have been served or that have been served on the Defendants named in the First Amended Complaint. However, because Martin Surfacing, Inc. was not an existing corporate entity when it was alleged to have been served and, because, in any event, it has not been served with the First Amended Complaint, effective service was not completed and, therefore, "Martin Surfacing, Inc." is not required to join in this

5

removal. Furthermore, because Martin Surfacing, Inc. was not an existing corporate entity when it is alleged to have been served, it is a nominal and/or sham party and, therefore, consent to this removal is unnecessary. Finally, to the extent Martin Surfacing, Inc. is a d/b/a and or a/k/a Southwest Recreational Industries, Inc., any service upon it is void pursuant to 11 U.S.C. § 362 as explained in more detail below.

16.    In respect to service on the named Defendant "Martin Surfacing, a division of Southwest Recreation," such service has not occurred. Plaintiffs claim to have completed service of process with the original Complaint on a "Southwest *Regional* Industries, Inc." located in Hunt Valley, Maryland on August 24, 2004. To the extent Plaintiffs' First Amended Complaint intended to sue Martin Surfacing, a division of Southwest *Recreational* Industries, Inc., such division and corporate entity have existed. However, in February 2004, "Southwest Recreational Industries, Inc." filed a Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia. Accordingly, any claim against it or its Martin Surfacing division is subject to an automatic stay (11 U.S.C. § 362) and it need not join in the removal until Plaintiffs seek and obtain relief from the automatic stay. Further, any service of process that is alleged to have occurred on Southwest Recreational Industries, Inc. is void pursuant to 11 U.S.C. § 362.

17.    In respect to service on the named Defendant Ronald Ryba, Mr. Ryba has not been served with process. Mr. Ryba consents to this removal by separate pleading filed by him.

18.    In respect to service on the named Defendant "Southwest Recreational Industries, Inc. d/b/a Martin Surfacing," Plaintiffs claim to have completed service of

6

process on a "Southwest *Regional* Industries, Inc." located in Hunt Valley, Maryland on August 24, 2004. But, at this time, no service has been completed on the named Defendant "Southwest Recreational Industries, Inc. d/b/a Martin Surfacing" or even on "Southwest Recreational Industries, Inc." and, therefore, its consent to this removal is not necessary. In any event, as set forth above, in February 2004, "Southwest Recreational Industries, Inc." filed a Chapter 11 bankruptcy in the United States Bankruptcy Court for the Northern District of Georgia. Accordingly, any claim against it is subject to an automatic stay (11 U.S.C. § 362) and it need not join in the removal until Plaintiffs seek and obtain relief from the automatic stay. Further, any service of process that is alleged to have occurred on Southwest Recreational Industries, Inc. is void pursuant to 11 U.S.C. § 362.

19. The Defendant, Reed J. Seaton, was served with a copy of the summons, a copy of which is attached hereto in collective Exhibit B. Mr. Seaton consents to this removal by separate pleading filed by him.

20. In respect to service on Dynamic and Mr. Wolesensky, it occurred on Mr. Wolesensky on February 14, 2005 and on Dynamic on February 18, 2005. A copy of the summonses served upon them are attached hereto in collective Exhibit B.

21. In respect to the Doe defendants, they have not been identified and, therefore, their consent to this removal is both impossible and unnecessary.

22. Exhibits A and B are incorporated by reference herein and constitute true copies of all process, pleadings and orders served in this action.

23. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00 as evidenced by the Civil Action Cover Sheet Plaintiffs filed with their

May 6, 2004 Complaint which claims money damages of $1.1 Million. Further, Plaintiffs' Prayer for Relief in their First Amended Complaint includes: damages for severe and permanent personal injuries and the death of Dan Allen; loss of consortium damages for each member of Dan Allen's family; punitive damages; damages for the net income lost by virtue of the death of Dan Allen; damages for conscious pain and suffering suffered by Dan Allen; funeral and burial expenses in the amount of $30,000; attorneys fees; a trebling of damages; and equitable relief in the form of an injunction against Defendants prohibiting them from selling "their product" until its alleged dangers have been eliminated. (First Amended Complaint, pp. 44 – 46).

24.    Pursuant to 28 U.S.C § 1441, this action is removable as an action of which the district courts of the United States have original jurisdiction by virtue of and as provided in 28 U.S.C. § 1332.

25.    The First Amended Complaint is the first "amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable" by Mr. Wolesensky and Dynamic as set forth in 28 U.S.C. § 1446(b). This Notice of Removal is filed within 30 days after receipt by Mr. Wolesensky and Dynamic through service of process or otherwise.

Wherefore, Mr. Wolesensky and Dynamic pray that the cause of action against them in the Worcester Superior Court be removed therefrom to the United States District Court for the District of Massachusetts, Central Division at Worcester, and proceed as an action properly removed hereto.

8

Respectfully submitted,

The Defendants,
Robert M. Wolesensky, Jr.
Dynamic Sports Construction, Inc.
By Their Attorneys,

Lee Stephen MacPhee, BBO # 312400
Gareth W. Notis, BBO # 637814
MORRISON MAHONEY, LLP
250 Summer Street
Boston, Massachusetts  02210
(617) 439-7500

9

CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing has been served, via U.S. Mail, this 16th day of March, 2005, upon the following:

Robert J. Bonsignore
Bonsignore & Brewer
23 Forest Street
Medford, Massachusetts  02155

Joseph M. Noone, Esq.
Avery, Dooley, Post & Avery, LLP
90 Concord Avenue
Belmont, MA  02478

Gareth W. Notis, Esq.
Counsel for Defendants
Robert M. Wolesensky, Jr. and
Dynamic Sports Construction, Inc.

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 04-0881N | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

**PLAINTIFF(S)**
Dan and Laura Allen

**DEFENDANT(S)**
Mortyn Flooring, South West Merchant Falstein, Inc.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Robert J. Bonsignore
Bonsignore & Brewer
23 Forest St., Medford, MA 02155
Board of Bar Overseers number: 547880

**ATTORNEY (if known)**

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

B04         Other                       (F)      (X) Yes    ( ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses .................................................... $ 400,000
2. Total Doctor expenses ...................................................... $ 500,000
3. Total chiropractic expenses ............................................... $
4. Total physical therapy expenses ........................................... $
5. Total other expenses (describe) ........................................... $
   **Subtotal** $ 900,000
B. Documented lost wages and compensation to date ............................ $ 200,000
C. Documented property damages to date ...................................... $
D. Reasonably anticipated future medical and hospital expenses ............... $
E. Reasonably anticipated lost wages ........................................ $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Plaintiff football coach was exposed to toxic fumes when the Defendants negligently installed a gym floor. The Defendants also sold/used a defective product violating M.G.L 93A
   $
   **TOTAL** $ 1,100,000

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

**TOTAL $.** ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

**"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."**

Signature of Attorney of Record _____    DATE: 5/4/04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

5/6/04

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS:

SUPERIOR COURT
CIVIL ACTION NO.  04-0881

---

DAN, LAURA, DAN, JR. AND SUSIE )
ALLEN, )
)
    Plaintiffs )
)
v. )
)
MARTIN SURFACING, INC. )
FLOORING and SOUTHWEST )
RECREATIONAL INDUSTRIES, INC. )
AND DOES )
    Defendants )
)

---

MAY 0 6 2004

ATTEST:

## COMPLAINT AND DEMAND FOR TRIAL BY JURY

## INTRODUCTION

The Plaintiffs bring this civil action against the Defendants seeking

damages, including punitive damages, and relief for personal injuries including

physical, psychological, and emotional injuries, incurred by the Plaintiffs as a

result of the negligence, breach of warranty, violation of M.G.L. 93A and strict

liability in tort of the Defendants in negligently causing the Plaintiffs to be

exposed to fumes, toxins, chemicals, dust and other hazardous and noxious

airborne irritants and substances resulting from construction and contracting

work during renovations at University of the Holy Cross Gymnasium.  The plaintiff

Dan Allen was the former Head Football coach.  Resume attached as Exhibit "A".

Plaintiffs' injuries include toxic encephalopathy, respiratory and lung injuries, toxic poisoning, chronic fatigue, chemical neuritis, neurological abnormalities, and associated psychological and emotional distress.

## PARTIES

### PLAINTIFFS

1.     Plaintiff Dan Allen is an individual residing in Northborough, Worcester County, Massachusetts.

### DEFENDANTS

2.     Defendant Martin Surfacing Inc. (hereinafter "Defendants") is a corporation with a principal place of business at 16 Alt Road, Hunt Valley, Maryland.  Their active website lists only a P.O. Box and their phone number has been disconnected.  Their last known P.O. Box is 1289, Hunt Valley, Maryland.

3.     Defendant Southwest Recreational Industries, Inc. (hereinafter "Defendants") is a corporation with a principal place of business at 16 Alt Road, Hunt Valley, MD 21030.

## FACTUAL ALLEGATIONS

4.     During May of 2001, the University of the Holy Cross commenced renovation of its Gymnasium  (the "Renovation").  The Renovation was to include, among other things, the refinishing of the athletic complex floor (the "Athletic Complex").

5.     At all times during its engagement by the University of the Holy Cross, the Defendants knew that the gym would be occupied by coaches and others during a substantial portion of the Renovation.

2

6.     During the course of the Renovation which included refinishing the floor, the Defendants failed to provide adequate measures to provide adequate air supply, air circulation and air ventilation for coaches and other building occupants.

7.     During said renovation work the Defendants failed to provide adequate protective barriers between the construction and renovation work, and the students, teachers and other building occupants.

8.     During said renovation work the Defendants failed to warn or inform in any manner the coaches and other building occupants of the toxic, hazardous, harmful or noxious airborne irritants and substances resulting from said construction and renovation work.

9.     Unknown Defendants may have entered into a subcontract with the Defendants under which the Defendants were to perform certain aspects of the work. The work to be performed by the unknown defendants under this subcontract is unknown. In any event, the Defendants sold a defective product and in doing so violated M.G.L. Chapter 93A. The defective product was an unnecessary toxic flooring. The unnecessary toxic flooring was applied to the gym floor which was refinished.

10.     In performing the installation/refinishing of the gymnasium floor in the Defendants used certain products containing chemical and organic compounds, including Isocyanates, which produce fumes that are harmful to humans.

3

11.    The products used by the Defendants in the installation of the track and gymnasium floor contain, among other chemical and organic compounds, Isophrone Diisocyanate. Isophrone Diisocyanate is a member of the chemical family generally known as Isocyanates. Isocyanates are classified as hazardous substances in Massachusetts and are causally associated with the development of asthma, bronchitis, hypersensitivity pneumonitis and long term loss of lung function. Individuals who are exposed to Isocyanates may become sensitized. Once an individual becomes sensitized to Isocyanates, there is a risk that he or she will experience severe, possibly fatal, attacks of asthma triggered by subsequent exposure to even very low levels of Isocyanates.

12.    The Defendants' flooring also contained other volatile organic compounds.

13.    Each Defendant knew the volatile organic compounds contained in the flooring sold and applied can cause isocyanate sensitization.

14.    Each Defendant knew the volatile organic compounds contained in the flooring sold and applied can cause isocyanate sensitization leading to toxic encephalopathy.

15.    The Defendants knew or should have known the dangers associated with exposure to Isocyanate and the other chemicals used in the application of its product. On information and belief, the Defendants have used products containing Isocyanates on many occasions and, in fact, manufactured some or all of the Isocyanate-containing products which it applied to the track and gymnasium floor.

4

16.     Despite its intimate knowledge regarding the dangers associated with exposure to Isocyanates and the other chemicals used in the application of its products, the Defendants used these hazardous materials on the track and gymnasium floor, and failed to warn Plaintiffs, directly or indirectly, of the danger presented to buildings occupants by the use of these hazardous products.

17.     Furthermore, the Defendants during the application of these products failed to eliminate,. minimize, prevent or warn of exposure to the aforementioned hazardous materials by the plaintiffs or any other University of the Holy Cross occupant.

18.     As a direct result of the Defendants' negligence, plaintiff, Dan Allen, suffered severe and permanent personal injures and the other Plaintiffs suffered a related loss of consortium.  Plaintiff's  injuries include respiratory and lung injuries, toxic poisoning, chronic fatigue, chemical neuritis, neurological abnormalities, toxic encephalopathy and associated psychological and emotional distress.

19.     The Defendants knew or should have known that certain products used by the Defendants in the installation of the track and gymnasium floor contain Isocyanates.

20.     The Defendants know or should have known the dangers associated with exposure to Isocyanates and the other hazardous chemicals used in the application of the Defendants' products.

21.    Prior to its involvement with the Renovation, the Defendants were general contractor for a renovation project which took place at the Holy Cross Athletic Complex in Worcester, Massachusetts .

22.    Products containing Isocyanates were used in connection with the Holy Cross Project.

23.    During the Holy Cross Project, many Holy Cross employees complained of upper respiratory and central nervous system conditions which they related to exposure to Isocyanates and headaches and other symptoms which they related to exposure to the other volatile organic compounds.  None of the employees were expert in this field but all complained the smell was bad and they felt sick from it.

24.    In 1995, over twenty (20) Commonwealth employees who worked in Holy Cross filed suit against the Defendants and others to recover for injures alleged to have been suffered as a result of exposure to Isocyanates emanating from the Holy Cross Project.

25.    The Defendants were also sued by school children a Gloucester for similar complaints.

26.    Despite this prior experience, the Defendants allowed the use of Isocyanate and other volatile organic compound-containing products during the Holy Cross Project and failed to properly warn, eliminate, minimize, or supervise the application of its toxic and dangerous products.

6

27.    The Defendants never warned Plaintiffs, directly or indirectly, of the danger to University of the Holy Cross occupants presented by the use of these products.

28.    The Defendants failed to institute any safety measures to prevent or minimize exposure to these products by plaintiffs or other University of the Holy Cross occupants.

29.    After the Renovation began, chemical fumes, dust and other airborne irritants originating with work being done by the Defendants migrated into occupied areas of coaches offices.  Thee chemical fumes, dust and other airborne irritants caused coaches, and staff at University of the Holy Cross to suffer a variety of symptoms including nausea, headaches, fatigue and difficulty breathing.

30.    Coaches and teachers became so ill as a result of the air exposure that they were advised to either stay out of the Athletic Complex or to limit their time there.  Plaintiffs' injuries include asthma, respiratory and lung injuries, toxic poisoning, chronic fatigue, chemical neuritis, neurological abnormalities, toxic encephalopathy and associated psychological and emotional distress.

31.    When team officials questioned the chemical fumes and other air quality issues associated with the Renovation they were assured that they were in no danger.

32.    Dissatisfied with assurances that conditions did not pose any threat to health and safety, the University of Holy Cross arranged for the air quality at the Athletic Complex to be tested.

7

33.    Air testing samples showed that the air at University of the Holy Cross Athletic Complex contained chemical abnormalities.

34.    Air testing also established the presence of Isophrone Diisocyanate benzene, and other chemicals in the air at concentrations exceeding government limits.

35.    The track and gymnasium floor installed in the Athletic Complex by the Defendants was at least one source of the Isophrone Diisocyanate.

36.    As a direct result of the Defendants' negligence, violations of M.G.L. 93A and the other causes of action listed below the Plaintiff, Dan Allen, suffered severe and permanent personal injuries and his family suffered a related loss of consortium .

## COUNT I

### Negligence v. the Defendants

37.    The Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 32 inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

38.    The Defendants had a duty to perform its work on the Holy Cross Renovation Project with due care, in a good and workmanlike manner and in a manner which would not harm Plaintiffs or other occupants of University of the Holy Cross and/or to ensure that those using its toxic product would do the same or would be aware of the requirement to do the same.

39.    The Defendants breached its duty of due care to Plaintiffs by negligently performing and/or supervising work on the Renovation such that

Plaintiffs were exposed to hazardous chemical fumes, dust and other airborne irritants from the Renovation and were injured thereby and/or by failing to otherwise eliminate, minimize or warn of the risks posed by its toxic product and application process.

40.    The Defendants breached its duty of due care to Plaintiffs by negligently allowing the Defendants to use products containing, among other harmful chemicals, Isocyanates, in close proximity to the Plaintiffs and without adequate measures to provide adequate air supply, air circulation, and air ventilation.

41.    The Defendants breached its duty to due care to plaintiffs by negligently failing to provide adequate protective barriers between the construction and renovation work and the Plaintiffs.

42.    The Defendants breached its duty of care to Plaintiffs by negligently failing to warn or instruct Plaintiffs, directly or indirectly, of the hazards presented to them by exposures to hazardous chemical fumes, dust and other airborne irritants from the Renovation.

43.    The Defendants breached its duty of care by conducting construction and renovation in a poor and un-workmanlike manner.

44.    The Defendants breeched its duty of care by negligently failing to conduct such Renovation in compliance with applicable state and occupational safety health Administration (OSHA) standards and safety building laws, regulation and codes.

45.    As a direct and proximate result of the Defendants' negligence, Plaintiffs were exposed to fumes, toxins, chemicals, dust and other hazardous airborne irritants and substances and were injured thereby.

46.    As a direct and proximate result of the Defendants' negligence, Plaintiffs were caused to suffer severe personal injuries, were caused to be disabled, were caused and will be caused great pain of body and mind, great emotional, psychological harm; have been caused to incur and will incur, great medical and hospital expenses and have suffered a loss of earning capacity.

## COUNT II

## Strict Liability v. the Defendants

47.    The Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 42 inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

48.    In the ordinary course of its business, the Defendants undertook and supervised the Renovation. As part of said Renovation, subcontractors utilized toxic, dangerous, and hazardous materials and substances. Said business activities related thereto:

    (a)    Consisted of a high degree of risk;

    (b)    Established a likelihood that great harm would result from said business and activity;

    (c )    Were not a matter of common usage;

    (d)    Were ultra-hazardous activities; and

(e)    Were inappropriate to conduct while students, teachers and other building occupants were in close proximity.

49.    As such, the Defendants are strictly liable in tort for all damages and injuries to the Plaintiffs which were the direct and proximate result of such business and activities.

50.    As a direct and proximate result of said business and activities of the Defendants, the Plaintiffs were caused to suffer severe personal injuries, were caused to be disabled, were caused and will be caused great pain of body and mind, great emotional, psychological harm; have been caused to incur and will incur, great medical and hospital expenses and have suffered a loss of earning capacity.

## COUNT III

### Battery v. the Defendants

51.    The Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 46 inclusive of this Complaint, with the same force and affect as if expressly set forth hereon.

52.    In the ordinary course of its business, the Defendants undertook and supervised the Renovation.  As part of said Renovation, the Plaintiffs were exposed to fumes, toxins, chemicals, dust and other hazardous and noxious irritants and substances.

53.    The Defendants exposed the Plaintiffs to said irritants and substance knowingly and intentionally without any justification or consent of the Plaintiffs.

11

54.    As a direct and proximate result of said known and intentional acts of the Defendants, the Plaintiffs were caused to suffer severe personal injuries, were caused to be disabled, were cause and will be caused great pain of body and mind, great emotional, psychological harm; have been caused to incur and will incur, great medical and hospital expenses and have suffered a loss of earning capacity.

## COUNT IV

### Breach of Warranty - the Defendants

55.    The Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 50 inclusive of this Complaint with the same force and effect as if expressly set forth herein.

56.    The Defendants and/or its agents or subcontracts impliedly and or expressly warranted to the general public and the Plaintiffs that the Renovation including the Athletic Complex and the track and gymnasium floor in the Athletic Complex were safe and fit for the use intended.

57.    The Plaintiffs were persons whom the Defendants might have expected to use the renovated areas at University of the Holy Cross including the track and gymnasium floor in the Athletic Complex.

58.    The Defendants breached its warranties to the Plaintiffs because the renovated areas at University of the Holy Cross including the track and gymnasium floor in the Athletic Complex were unsafe, not of merchantable quality, and unfit for its intended uses and purposes.

12

59.    The Plaintiffs relied on the warranties made by the Defendants and as a direct and proximate result of said warranties and as a direct and proximate breach of said warranties by the Defendants, the Plaintiffs were caused to suffer severe personal injuries, were caused to be disabled, were caused and will be caused great pain of body and mind, great emotional, psychological harm; have been caused to incur and will incur, great medical and hospital expenses and have suffered a loss of earning capacity.

## COUNT V

### Violation of M.G.L. 93A v. the Defendants

60.    The Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 55 inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

61.    The Defendants impliedly warranted that University of the Holy Cross with the referenced Renovation was fit for habitation, occupancy and use and would be reasonably safe during the application and curing period of its toxic flooring product.

62.    The Defendants breached this warranty as University of Holy Cross Project area with the referenced Renovation was not fit for habitation, occupancy and use and was unreasonably dangerous.

63.    The Plaintiffs relied upon said warranty and had occupied and inhabited University of the Holy Cross to their detriment.  As a direct and proximate result of the breach of warranty by the Defendants, the Plaintiffs were caused to suffer sever personal injuries, were caused to be disabled, were

caused and will be caused great pain of body and mind, great emotional, psychological harm; have been caused to incur and will incur, great medical and hospital expenses and have suffered a loss of earning capacity.

## COUNT VI

### Negligent Infliction of Emotional Distress v. the Defendants

64.    The Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 59 inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

65.    The Defendants' negligent conduct caused the Plaintiffs to suffer emotional distress resulting in severe physical harm and injuries to the Plaintiff.

## COUNT VII

### Intentional Infliction of Emotional Distress v. the Defendants

66.    The Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 61 inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

67.    The Defendants engaged in extreme and outrageous conduct toward the Plaintiffs.  The Defendants intended and/or knew or should have known that its conduct was likely to result in the Plaintiffs suffering of emotional distress.

68.    The Defendants' extreme and outrageous conduct caused Plaintiffs to suffer from emotional distress of a nature that no reasonable person could be expected to endure.

14

## COUNT VIII

## FAILURE TO WARN

69.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

70.    The danger presented by the toxic flooring and application/curing in issue was not obvious to the Plaintiff and the Plaintiff was not already aware of said danger.

71.    The Defendant provided no warning as to the toxicity in issue.  The adequacy of the warning was otherwise defective because it was unduly delayed, reluctant in tone and lacking a sense of urgency.  The warning was otherwise defective because it was not comprehensible or conveyed to the average person and failed to convey a fair indication of the nature and extent of the danger to a reasonably prudent person.  The warning was not provided to all "persons who it is foreseeable will come into contact with and consequently be endangered by" the product in issue.

72.    The Defendant had a duty to warn because it knew or should have known that the product in issue was dangerous.  The risks in issue were known and/or reasonably foreseeable at the time of the sale and/or could have been discovered by way of reasonable testing prior to marketing the product.  The Defendant should be held to the standard of a manufacturer in its field and should be held to a continuing duty to warn of risks discovered following the sale of the product in issue.

15

73.    The Defendants at all times relevant hereto were engaged in the marketing, promotion, formulation, manufacture, marketing, distribution and sale of toxic gym flooring.  Said Defendants are liable in tort to the Plaintiffs for reasons including, but not limited to, the following:

a.    The toxic gym flooring is unnecessarily dangerous and is defective, unsafe and unreasonably dangerous for their intended and/or foreseeable uses.

b.    In designing the manufacturing and application/curing process, and manufacturing, testing, inspecting, applying, distributing and as otherwise alleged in this complaint a product in such an unreasonably dangerous condition that it was likely to cause harm to persons thereof when being used for its intended use.

c.    In distributing, promoting and selling the unnecessarily dangerous product not accompanied by adequate warnings of the toxicity that was known or reasonably should have been known and by violating their duty and obligation to provide adequate warnings of the dangers known or which should have reasonably been known to persons coming in proximity.

d.    The product was and continues to be unaccompanied by proper warnings regarding all known or reasonably knowable potential side affects associated with the use of the unnecessarily dangerous product and the comparative nature, extent, severity, incidence and duration of such adverse affects.

e.    The warnings given do not accurately reflect the signs, symptoms, incidence, scope or severity of the side affects, or identify appropriate testing,

16

monitoring or remedial action.

f.    The Defendants continue to negligently fail to communicate to persons coming in proximity or contracting with them information necessary for their purposes. This conduct placed and continues to place the consuming public at risk.

g.    The Defendants failed to perform and continue to refuse to perform adequate testing that would have shown that the unnecessarily dangerous product to be safe in a public location.

h.    As a result of this failure full and proper warnings were not made and continue to not be made that would accurately and fully reflect the symptoms, scope and severity of health problems the unnecessarily dangerous toxic gym flooring can cause.

i.    Each of the Defendants knew that the unnecessarily dangerous product, which was manufactured and supplied by the Defendants, would be used without further inspection and study for the defects in this product as alleged, and that given the resources of the consuming public and the University of the Holy Cross any reasonably anticipated inspection would have failed to detect the defects and they were reasonable in relying on the Defendants for same.

j.    The Defendants and each of them expected and knew that their toxic gym flooring would be implant as is. The toxic flooring was in fact received and applied without change in the condition in which it was first manufactured and sold.

17

k.    Plaintiffs were foreseeable persons of the product and used the product through their surgeons in its intended manner and suffered and will continue to suffer serious harm because of said use.

l.    The unnecessarily dangerous toxic flooring manufactured and/or supplied by the Defendants are defective due to inadequate post-marketing warnings or instructions because, after the manufacturer knew or should have known of the toxicity and related risks of injury, they failed to provide adequate warnings to persons or consumers of the product and continued to aggressively promote the unnecessarily dangerous toxic flooring.

74.    As a direct and proximate cause of the defective condition of the unnecessarily dangerous toxic flooring as manufactured and/or supplied by Defendants and as a direct and proximate cause of their negligence, carelessness, outrageous conduct and/or other wrong doings and actions as described herein, Plaintiffs suffered and will continue to suffer injury, harm and economic loss.

75.    Based upon information and belief, the Defendants knew of the toxic flooring's defective nature, but continued to fail to correct known defects, market, promote, manufacture or recall and continued to sell the unnecessarily dangerous toxic flooring so as to maximize sales and profits at the expense of the health and safety of the consuming public and conscience disregard of foreseeable harm.

76.    The Defendants as manufacturers and distributors had a duty to warn of adverse reactions of which it knew or had reason to know, are inherent in the use of its products.

77.    As a direct and proximate result of the defects of the product sold and distributed by the Defendants, Plaintiffs were caused or will be caused to seek medical attention, to undergo numerous diagnostic procedures for which they have incurred expenses and will incur expenses and damages, which expenses are capable of precise calculation.

78.    As a result of Defendants' practices, Plaintiffs have suffered actual damages in that they have paid for the unnecessarily dangerous toxic flooring and the exposure to a flooring product which is dangerous and defective that has caused and will continue to cause Plaintiffs expenses in health monitoring and/or treatment, all of which continues and will continue in the future.

WHEREFORE, as a result of the Defendants' negligent, reckless, intentional, willful or wanton conduct, the Plaintiffs suffered loss and will continue to suffer loss for the rest of their lives and demand damages to make them whole for past and future loss to the maximum extend allowed under the law.  Plaintiffs demand judgment in an amount deemed just and reasonable, together with interests and costs against each of the Defendants.

## COUNT IX

## LOSS OF CONSORTIUM

79.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

19

80.    As a result of the individual negligence of the Defendants, the Plaintiffs have suffered a loss of consortium and will continue to suffer a loss of consortium.

WHEREFORE, as a result of the Defendants' negligent, reckless, intentional, willful or wanton conduct, the Plaintiffs suffered loss and will continue to suffer loss for the rest of their lives and demand damages to make them whole for past and future loss to the maximum extend allowed under the law. Plaintiffs demand judgment in an amount deemed just and reasonable, together with interests and costs against each of the Defendants.

## COUNT X

## DEFECTIVE DESIGN/MANUFACTURING/DISTRIBUTION

81.    Plaintiffs repeat and reallege all preceding paragraphs as if fully set forth herein.

82.    When the product left the manufacturer, it was defective in that the gravity of danger posed by the product was unacceptable according to the manufacturers own specifications and minimum accepted industry standards, the likelihood of the defect was such that danger would arise, the feasibility of a safer alternative was readily available, the financial cost of an improved design was reasonable and is accepted by the Defendants, and that the adverse consequences of the product would result in harm to the Plaintiffs and that the adverse consequences could be eliminated by the Defendant.

83.    The manufacturing process used by the Defendant was defective as were the inspection, testing, cleaning, and certifying as sterile as alleged herein. The propensity of the problem as sold when compared with those the Defendants intended it to have admittedly results in the acceptance by the Defendant that the deviation from the design rendered the product defective.

84.    The unnecessarily dangerous toxic flooring manufactured and/or supplied by the Defendants were placed into the stream of commerce in a defective and unreasonably dangerous condition and was unnecessarily dangerous.

85.    The unnecessarily dangerous toxic flooring manufactured and/or supplied by the Defendants were placed into the stream of commerce in a unnecessarily dangerous condition and were unreasonably dangerous and more dangerous than an ordinary consumer would expect, and more dangerous than the Defendants admit is a minimally acceptable condition.

86.    As set forth in this complaint and otherwise, the Defendants knew or should have known of the its defective and unnecessarily dangerous condition but continued to manufacture, market, promote, sell and represent to the consuming public, and general public that the unnecessarily dangerous toxic flooring were safe. They did this for the sole purpose of maximizing sales and profits at the expense of the public health and safety in conscience disregard of the foreseeable harm caused by the unnecessarily dangerous toxic flooring.

87.    As a result of Defendants' practices, Plaintiffs have suffered actual damages in that they have purchased and had implanted the unnecessarily

dangerous toxic flooring, which are dangerous and defective and not fit for their intended purpose.

WHEREFORE, as a result of the Defendants' negligent, reckless, intentional, willful or wanton conduct, the Plaintiffs suffered loss and will continue to suffer loss for the rest of their lives and demand damages to make them whole for past and future loss to the maximum extend allowed under the law. Plaintiffs demand judgment in an amount deemed just and reasonable, together with interests and costs against each of the Defendants.

## **PRAYER FOR RELIEF**

Plaintiff demands judgment in an amount deemed just and reasonable as outlined above for their past and future loss and make demand to be made whole to the maximum extent allowed under the law together with interests, costs and punitive damages against each of the Defendants individually.

    a.    enter judgment in favor of Plaintiffs for actual damages and for all other relief, in an amount to be proved at trial, as to which they may be entitled, for interest, attorneys' fees, expert fees and costs of this suit;

    b.    award treble damages and/or punitive damages together with attorney fees and costs under 93 A;

    c.    award prejudgment and post judgment interest as provided by law; and

d.    award such further relief, as this Court deems

necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

The Plaintiffs hereby demand a jury trial as to all issues in this action.

Respectfully submitted,

Robert J. Bonsignore, Esq.
BBO No. 547880
Bonsignore & Brewer
23 Forest Street
Medford, MA  02155
(781) 391-9400

Dated:  April 30, 2004

23

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS:

SUPERIOR COURT
CIVIL ACTION NO. 04-0881 A

)
DAN, LAURA, DAN, JR. AND SUSIE )
ALLEN, )
)
*Plaintiffs,* )
)
v. )
)
MARTIN SURFACING, INC. )
FLOORING and SOUTHWEST )
RECREATIONAL INDUSTRIES, INC. )
AND DOES )
)
*Defendants.* )
)



## MOTION TO EXTEND TIME TO MAKE SERVICE
## NUNC PRO TUNC

Now come the Plaintiffs in the above-entitled matter and move this

Honorable Court to extend time within which to make service for 120 days. In

support, plaintiff states that service was attempted on the out-of-state defendant

via Certified Mail, Return Receipt Requested (see Bonsignore Affidavit, Exhibits

A, B and C) pursuant to M.G.L. 223A(6)(a)(3). Each attempt at service came

back as undeliverable. Two of the returns are presumed to have been signed for

in that the green return receipt has been torn off and is missing.

Research on the internet and otherwise informally conducted provided

plaintiffs good faith basis to attempt the aforementioned service. Subsequent

research has resulted in a finding of a complex bankruptcy which has not yet

been fully analyzed. Other complicating factors require further research. The

motion is not submitted for the purpose of delay but is made necessary by extenuating circumstances including the apparent systematic changing of names and use of the bankruptcy mechanism.

WHEREFORE, Plaintiffs request that this Court grant extend time within which to make service for 120 days.

Respectfully submitted,

DAN ALLEN et al.,
By their attorney,

Robert Bonsignore (BBO # 547880)
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
781.391.9400

Dated:  October 13, 2004

*\\Tortmeister\Shared\Cases\Tort\Allen, Dan\Complaints\motion to extend time.doc*

2

*10/20/04*

## COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS:                         SUPERIOR COURT
                                       CIVIL ACTION NO. 04-0881 A

```
                                    )
DAN, LAURA, DAN, JR. AND SUSIE      )
ALLEN,                              )
                                    )
          Plaintiffs,               )
                                    )
v.                                  )
                                    )
MARTIN SURFACING, INC.              )
FLOORING and SOUTHWEST              )
RECREATIONAL INDUSTRIES, INC.       )
AND DOES                            )
                                    )
          Defendants.               )
                                    )
```

### PLAINTIFFS' LIST OF SUBMISSIONS

Now come the Plaintiffs in the above-captioned matter and file with the Court the following documents:

1. Motion to Extend Time to Make Service Nunc Pro Tunc
2. Affidavit of Robert J. Bonsignore, Esq.

Respectfully submitted,

DAN ALLEN et al.,
By their attorney,

Robert Bonsignore (BBO # 547880)
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
781.391.9400

Dated: October 13, 2004.

\\Tortmeister\Shared\Cases\Tort\Allen, Dan\Complaints\list of submissions for motion to extend time.doc

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS:

SUPERIOR COURT
CIVIL ACTION NO.  04-0881 A

|  |  |
|---|---|
| DAN, LAURA, DAN, JR. AND SUSIE ALLEN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| MARTIN SURFACING, INC. FLOORING and SOUTHWEST RECREATIONAL INDUSTRIES, INC. AND DOES | ) ) ) ) ) ) |
| Defendants. | ) ) ) |

## AFFIDAVIT OF ROBERT J. BONSIGNORE, ESQ.

I, Robert J. Bonsignore, do hereby depose and state as follows:

1. I am an attorney certified to practice in the Commonwealth of Massachusetts and a principal at Bonsignore & Brewer.  I represent the plaintiffs in this matter.

2. Three times, I attempted service upon the out-of-state defendant via Certified Mail, Return Receipt Requsted.  All three attempts have been returned to me as undeliverable.  *See* Exhibits A-C.  I certify that the attached Exhibits are true and accurate copies of the originals.

Signed this *12* day of October, 2004, under the pains and penalties of perjury.

Robert Bonsignore (BBO # 547880)
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155
781.391.9400

Dated: October *13*, 2004.

\\Tortmeister\Shared\Cases\Tort\Allen, Dan\Complaints\affidavit in support of motion to extend time.doc

Ex.
A



U.S. POSTAGE
PAID
MEDFORD, MA
02155
AUG 24 '04
AMOUNT
**$5.34**
0006026B-25



21030



UNITED STATES
POSTAL SERVICE

9264



CERTIFIED MAIL™

7003 1680 0001 2084 0800



← Return to Sender
out of business

9-1-4
9/26

**BONSIGNORE & BREWER**

TRIAL LAWYERS
23 FOREST STREET
MEDFORD, MASSACHUSETTS 02155-3820

TO:

Southwest Recreational Industries, Inc.
16 Mt Road
Hunt Valley, MD 21030

Ex.
B



CERTIFIED MAIL

7003 1680 0001 2084 0770

UNITED STATES POSTAL SERVICE

9264

21030

U.S. POSTAGE PAID
MEDFORD, MA
02155
AUG 24, '04
AMOUNT
$5.34
0006268-25

**BONSIGNORE & BREWER**

TRIAL LAWYERS
23 FOREST STREET
MEDFORD, MASSACHUSETTS 02155-3820

TO:

Martin Surfacing Inc.
16 Aly Rd.
Hunt Valley, MD
21030

← Return to Sender
out of business









9-1-4
716

Ex.
C



TO:

BONSIGNORE & BREWER

TRIAL LAWYERS
23 FOREST STREET
MEDFORD, MASSACHUSETTS 02155-3820

Martin Surfacing Inc.

UNDELIVERABLE
AS ADDRESSED
● NO FORWARDING
ORDER ON FILE

CERTIFIED MAIL

7003 1680 0001 2084 0794

9264

21030

U.S. POSTAGE
MEDFORD, MA
02155
AUG 24 '04
AMOUNT
$5.57
00060268-25

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3. Also complete
   item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
   so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
   or on the front if space permits.

1. Article Addressed to:

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name )      C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:          ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS:                          SUPERIOR COURT
                                        CIVIL ACTION NO. 04-0881 A

12/1/04
No Action required request
under 55a not filed & entered
(Fortev, Jasket) Joanne C
Hawn
Assr CLK C

Notices Mailed 12-2-04

ATTEST

_____ )
                                         )
DAN, LAURA, DAN, JR. AND SUSIE           )
ALLEN,                                   )
                                         )
          Plaintiffs                     )
                                         )
v.                                       )
                                         )
MARTIN SURFACING, INC.                   )
FLOORING and SOUTHWEST                   )
RECREATIONAL INDUSTRIES, INC.            )
AND DOES                                 )
          Defendants                     )
_____ )

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR ASSESSMENT OF DAMAGES HEARING

NOW COME the plaintiffs in the above-entitled action and moves this

Court enter a default judgment against Martin Resurfacing, Green Tree Executive

Campus, 3001 E Lincoln Drive, Marlton, NJ 08053, Southwest Recreational

Services, Inc., d/b/a Martin Surfacing, 701 Leander Drive, Leander, TX 78641,

Martin Surfacing, Inc. 16, Alt Road, Hunt Valley, MD 21030 and Southwest

Regional Industries, Inc., 16 Alt Road, Hunt Valley, MD 21030.    In support,

Plaintiffs rely on:

     1.  The attached Affidavit (Exhibit 1);

     2.  The original returns of service are on file with this Court (Exhibit 2

copy of returns of service);

     3.  The contract dated February 5, 2001 from Martin Surfacing, 3001 E

Lincoln Drive, Marlton, NJ 08053 (Exhibit 3);

4.  Letter of Intent dated April 5, 2001 to award a contract with the work to be accomplished between May 21, 2001 and June 8, 2001 to Martin Surfacing, Greentree Executive Campus, 301-E Lincoln Drive, Marlton, NJ 08053 (Exhibit 4);

5.  Purchase Order dated April 30, 2001 and approved May 4, 2001 for work performed by Martin Surfacing, Inc. P.O. Box 1289, Hunt Valley, MD (Exhibit 5);

6.  Purchase Order dated July 25, 2002 from Martin Surfacing, P.O. Box 701 Leander Drive, Leander, TX  78641  (Exhibit 6); and

7.  Martin Sport Surfacing brochure giving addresses of Martin Surfacing, 16 Alt Road, Hunt Valley, MD  21030, Hunt Valley, MD 21030 and Southwest Recreational Industries, Inc. 701 Leander Drive, Leander, Texas 78641 (Exhibit 7).

Pursuant to Mass.R.Civ.P. Rule 12(a), each defendant has failed to serve a responsive pleading within twenty days and judgment by default should be entered.

WHEREFORE, plaintiffs pray this Court enter a default judgment and set this matter down for an assessment of damages hearing.

Respectfully submitted

Robert J. Bonsignore, Esq.
BBO No. 547880
Bonsignore & Brewer
23 Forest Street
Medford, MA  02155
(781) 391-9400

Dated:  November 23, 2004

2

## CERTIFICATE OF SERVICE

I, Robert J. Bonsignore, attorney for the plaintiff states that I served

Plaintiff's Motion for Default Judgment and Request for Assessment of Damages

Hearing, Affidavit In Support of Plaintiff's Motion for Default Judgment and

Request for Assessment of Damages Hearing and List of Documents this 23rd

day of November, 2004, by first class mail, postage prepaid upon the following:

Martin Surfacing Inc.
3001 E. Lincoln Drive
Marlton, N.J. 08053

Martin Surfacing Inc.
701 Leander Drive
Leander, TX 78641

Martin Surfacing Inc.
16 Alt Road
Hunt Valley, MD 21030

Southwest Regional Industries, Inc.
16 Alt Road
Hunt Valley, MD 21030

Allen Bell
35201 Camino Capistrano
Capistrano Beach, CA 92624

Laura Allen
2 Sawmill Drive
Westborough, MA 01581

Robert J. Bonsignore, Esquire

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS:                              SUPERIOR COURT
                                           CIVIL ACTION NO.  04-0881 A


```
_____    )
                                     )
DAN, LAURA, DAN, JR. AND SUSIE       )
ALLEN,                               )
                                     )
            Plaintiffs               )
                                     )
v.                                   )
                                     )
MARTIN SURFACING, INC.               )
FLOORING and SOUTHWEST               )
RECREATIONAL INDUSTRIES, INC.        )
AND DOES                             )
            Defendants               )
_____    )
```

## AFFIDAVIT IN SUPPORT OF PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND REQUEST FOR ASSESSMENT OF DAMAGES HEARING

I, Robert Bonsignore, under oath swear and depose the following:

1.  I am an attorney duly licensed to practice law in the Commonwealth of Massachusetts and represent the plaintiff.

2.  I caused to be placed on file (and to be served) the returns of service on defendants Martin Resurfacing, Green Tree Executive Campus, 3001 E. Lincoln Drive, Marlton, NJ  08053, Southwest Recreational Services, Inc., d/b/a Martin Surfacing, 701 Leander Drive, Leander, TX  78641, Martin Surfacing, Inc. 16 Alt Road, Hunt Valley, MD  21030 and Southwest Regional Industries, Inc., 16 Alt Road, Hunt Valley, MD  21030.

3.  The original returns of service are on file with this Court (Exhibit 2 copy of returns of service);

4

4.    The contract dated February 5, 2001 from Martin Surfacing, 3001 E Lincoln Drive, Marlton, NJ  08053 (Exhibit 3) was produced to me by the College of the Holy Cross in response to a request in a formal proceeding and represented as a true and accurate copy of a document kept in the ordinary course of business.

5.    Letter of Intent dated April 5, 2001 to award a contract with the work to be accomplished between May 21, 2001 and June 8, 2001 to Martin Surfacing, Greentree Executive Campus, 301-E Lincoln Drive, Marlton, NJ 08053 (Exhibit 4) was produced to me by the College of the Holy Cross in response to a request in a formal proceeding and represented as a true and accurate copy of a document kept in the ordinary course of business;

6.    Purchase Order dated April 30, 2001 and approved May 4, 2001 for work performed by Martin Surfacing, Inc. P.O. Box 1289, Hunt Valley, MD (Exhibit 5) was produced to me by the College of the Holy Cross in response to a request in a formal proceeding and represented as a true and accurate copy of a document kept in the ordinary course of business;

7.    Purchase Order dated July 25, 2002 from Martin Surfacing, P.O. Box 701 Leander Drive, Leander, TX  78641  (Exhibit 6) was produced to me by the College of the Holy Cross in response to a request in a formal proceeding and represented as a true and accurate copy of a document kept in the ordinary course of business; and

8.    Martin Sport Surfacing brochure giving addresses of Martin Surfacing, 16 Alt Road, Hunt Valley, MD  21030, Hunt Valley, MD 21030 and Southwest Recreational Industries, Inc. 701 Leander Drive, Leander, Texas

78641 (Exhibit 7) was produced to me by the College of the Holy Cross in response to a request in a formal proceeding and represented as a true and accurate copy of a document kept in the ordinary course of business.

   9. Each of the defendants failed to serve a responsive pleading or answer the Complaint through this date.

   Signed this 23rd day of November under the pains and penalties of perjury.

             Robert J. Bonsignore, Esquire

6

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS:                          SUPERIOR COURT
                                        CIVIL ACTION NO.  04-0881 A


```
_____
                              )
DAN, LAURA, DAN, JR. AND SUSIE)
ALLEN,                        )
                              )
          Plaintiffs          )
                              )
v.                            )
                              )
MARTIN SURFACING, INC.        )
FLOORING and SOUTHWEST        )
RECREATIONAL INDUSTRIES, INC. )
AND DOES                      )
          Defendants          )
_____)
```

## LIST OF DOCUMENTS

1.    Plaintiff's Motion for Default Judgment and Request for Assessment of
      Damages Hearing with the following attachments:

      (1) The attached Affidavit (Exhibit 1);

      (2) The original returns of service are on file with this Court (Exhibit 2 copy
      of returns of service);

      (3) The contract dated February 5, 2001 from Martin Surfacing, 3001 E
      Lincoln Drive, Marlton, NJ  08053 (Exhibit 3);

      (4) Letter of Intent dated April 5, 2001 to award a contract with the work to
      be accomplished between May 21, 2001 and June 8, 2001 to Martin
      Surfacing, Greentree Executive Campus, 301-E Lincoln Drive, Marlton, NJ
      08053 (Exhibit 4);

      (5) Purchase Order dated April 30, 2001 and approved May 4, 2001 for
      work performed by Martin Surfacing, Inc. P.O. Box 1289, Hunt Valley, MD
      (Exhibit 5);

      (6) Purchase Order dated July 25, 2002 from Martin Surfacing, P.O. Box
      701 Leander Drive, Leander, TX  78641  (Exhibit 6); and

      (7) Martin Sport Surfacing brochure giving addresses of Martin Surfacing,
      16 Alt Road, Hunt Valley, MD  21030, Hunt Valley, MD 21030 and

Southwest Recreational Industries, Inc. 701 Leander Drive, Leander, Texas 78641 (Exhibit 7).

2.      Affidavit in Support of Plaintiff's Motion for Default Judgment and Request for Assessment of Damages Hearing

Respectfully submitted

Robert J. Bonsignore, Esq.
BBO No. 547880
Bonsignore & Brewer
23 Forest Street
Medford, MA  02155
(781) 391-9400

2

Ex.
2

# BONSIGNORE & BREWER

### TRIAL LAWYERS
#### www.bandblaw.net
#### 23 FOREST STREET
#### MEDFORD, MASSACHUSETTS 02155-3820

VOICE: (781) 391-9400

FAX: (781) 391-9496

October 21, 2004

Civil Clerk's Office
Worcester County Superior Court Department
Room 21, 2 Main Street
Worcester, MA 01608

**Re:**  **Dan and Laura Allen vs. Martin Surfacing Inc., et al.**
 <u>**Worcester Superior Court, C.A. No. 04-0881 A**</u>

Dear Sir or Madam:

Enclosed for filing please find Affidavit of Service and original summons including return receipt for service of the Complaint, Summons and Tracking Order on the following Defendants in the above referenced matter.

1.    Martin Surfacing Inc. (8/27/04)
       3001 E. Lincoln Drive
       Marlton, N.J. 08053

2.    Martin Surfacing Inc. (8/27/04)
       701 Leander Drive
       Leander, TX 78641

3.    Martin Surfacing Inc. (8/26/04)
       16 Alt Road
       Hunt Valley, MD 21030

4.    Southwest Regional Industries, Inc. (8/25/04)
       16 Alt Road
       Hunt Valley, MD 21030

Civil Clerk's Office
Worcester County Superior Court Department
October 21, 2004
Page 2

        Thank you for your attention to this matter.  Please feel free to contact me
with any questions or concerns.

                                    Sincerely,

                                    Robert J. Bonsignore, Esq.

RJB/reb
Enclosures

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS:

SUPERIOR COURT
CIVIL ACTION NO. 04-0881 A

| | |
|---|---|
| DAN, LAURA, DAN, JR. AND SUSIE ALLEN, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) |
| MARTIN SURFACING, INC. FLOORING and SOUTHWEST RECREATIONAL INDUSTRIES, INC. AND DOES | ) ) ) ) |
| Defendants | ) ) ) |

## AFFIDAVIT OF SERVICE – MARTIN SURFACING INC.

I, Renee E. Benmir, depose and state as follows:

1.     I am a legal assistant with the law firm of Bonsignore & Brewer, 23 Forest Street, Medford, MA 02155, counsel for Plaintiffs;

2.     On August 24, 2004, I caused copies of the Summons, Complaint and Tracking Order in a Civil Action to be served via Certified Mail upon Defendant Martin Surfacing Inc., 3001 E. Lincoln Drive, Marlton, N.J. 08053;

3.     Attached hereto are the originals of the following:

   (a)    Summons in a Civil Case with the Return of Service Executed by me; and

   (b)    Return Receipt for United States Mail indicating service on August 26, 2004.

Signed under the pains and penalties of perjury this 21st day of October 2004.

*Renee E. Benmir*
Renee E. Benmir

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. *04-0881-A*

*Dan and Laura Allen*

**Plaintiff (s)**

v.

*Martin Surfacing Inc.,*
*et al.*

**Defendant (s)**

) ) ) ) ) ) ) ) )

**SUMMONS**

\*   To the above-named Defendant: *Martin Surfacing Inc., 3001 E. Lincoln Drive, Marlton, N.J.*

You are hereby summoned and required to serve upon *Robert J. Bassignani, Bassignani & Grover*, plaintiff's attorney, whose address is *23 Forest St., Methuen, MA 02155*, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the...........................
day of .............................................................in the year of our Lord two thousand and
.........................  .

*[signature]*

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*   NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.



CERTIFIED MAIL, RETURN RECEIPT
NO. 7003 1680 0001 2084 0763

Martin Surfacing Inc.
3001 E Lincoln Drive
Marlton, N.J. 08053

Re:    Dan Allen et al. v. Martin
       Worcester Superior Cou

Dear Sir or Madam:

Enclosed please find the followin
by long arm in the above-referenced ma

1.    Complaint;
2.    Summons; and
3.    Tracking Order

Kindly forward your answer to the Complaint in a timely fashion. Thank you for your attention to this matter.

Sincerely,

Robert J. Bonsignore, Esq.

RJB/reb
Enclosures

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS:

SUPERIOR COURT
CIVIL ACTION NO. 04-0881 A

---

DAN, LAURA, DAN, JR. AND SUSIE
ALLEN,

        Plaintiffs

v.

MARTIN SURFACING, INC.
FLOORING and SOUTHWEST
RECREATIONAL INDUSTRIES, INC.
AND DOES

        Defendants

---

## AFFIDAVIT OF SERVICE – MARTIN SURFACING INC.

I, Renee E. Benmir, depose and state as follows:

1.    I am a legal assistant with the law firm of Bonsignore & Brewer, 23 Forest Street, Medford, MA 02155, counsel for Plaintiffs;

2.    On August 24, 2004, I caused copies of the Summons, Complaint and Tracking Order in a Civil Action to be served via Certified Mail upon Defendant Martin Surfacing Inc., 701 Leander Drive, Leander, TX 78641;

3.    Attached hereto are the originals of the following:

    (a)    Summons in a Civil Case with the Return of Service Executed by me; and

    (b)    Return Receipt for United States Mail indicating service on August 27, 2004.

Signed under the pains and penalties of perjury this 21st day of October 2004.

Renee E. Benmir

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No.   04-0881 A

*Dan and Laura Allen*

Plaintiff (s)

v.

*Martin Surfacing Inc,
et al,*

Defendant (s)

SUMMONS

\* To the above-named Defendant: *Martin Surfacing Inc,
701 Leander Dr., Leander, TX 78641*
    You are hereby summoned and required to serve upon *Robert Bonsignore
Bonsignore + Brewer* plaintiff's attorney,
whose address is *23 Forest St. Medford MA 02155*
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

    Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

    Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the............................
day of .............................................................in the year of our Lord two thousand and
............................

*Francis A. Ford*

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office. Superior



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | | |
|---|---|---|
| Postage | $ | 1.29 |
| Certified Fee | | 2.30 |
| Return Reciept Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.34 |

Postmark
BOSTON MA MEDFORD 3?
MB 24 2004
USPS 92:155

Sent To: Martin Surfacing
Street, Apt. No.; or PO Box No. 701 Leander Dr.
City, State, ZIP+4 Leander TX 78641

PS Form 3800, June 2002    See Reverse for Instructions

**CERTIFIED MAIL RETURN RECEIPT R**
**NO. 7003 1680 0001 2084 0787**

Martin Surfacing Inc.
701 Leander Drive
Leander, TX 78641

Re:    **Dan Allen et al. v. Martin S**
       **Worcester Superior Court**

Dear Sir or Madam:

Enclosed please find the following documents which we are serving on you by long arm in the above-referenced matter:

1.  Complaint;
2.  Summons; and
3.  Tracking Order

Kindly forward your answer to the Complaint in a timely fashion.  Thank you for your attention to this matter.

Sincerely,

Robert J. Bonsignore, Esq.

RJB/reb
Enclosures

# COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS:

SUPERIOR COURT
CIVIL ACTION NO. 04-0881 A

|  |  |
|---|---|
| DAN, LAURA, DAN, JR. AND SUSIE ALLEN, <br><br> Plaintiffs <br><br> v. <br><br> MARTIN SURFACING, INC. FLOORING and SOUTHWEST RECREATIONAL INDUSTRIES, INC. AND DOES <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AFFIDAVIT OF SERVICE – MARTIN SURFACING INC.

I, Renee E. Benmir, depose and state as follows:

1.  I am a legal assistant with the law firm of Bonsignore & Brewer, 23 Forest Street, Medford, MA 02155, counsel for Plaintiffs;

2.  On August 24, 2004, I caused copies of the Summons, Complaint and Tracking Order in a Civil Action to be served via Certified Mail upon Defendant Martin Surfacing Inc., 16 Alt Road, Hunt Valley, MD 21030;

3.  Attached hereto are the originals of the following:

    (a)  Summons in a Civil Case with the Return of Service Executed by me; and

    (b)  Return Receipt for United States Mail indicating service on August 26, 2004.

Signed under the pains and penalties of perjury this 21st day of October 2004.

Renee E. Benmir

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. *04-0881 A*

*Dan and Laura Allen*

                                    Plaintiff (s)

v.

*Martin Surfacing Inc.,*
*et al.*                            Defendant (s)

**SUMMONS**

\* To the above-named Defendant: *Martin Surfacing Inc., 16 Alt Rd,*
*Hunt Valley, MD*

You are hereby summoned and required to serve upon *Robert J.*
*Rossignore, Rossignore & Brause,* plaintiff's attorney,
whose address is *23 Forest St, Medford, MA 02155*
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the...........................
day of ................................................................in the year of our Lord two thousand  and
........................ .

*Dwight Lamoureux*
                                                                                **Clerk**

NOTES:
1.  This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2.  When more than one defendant is involved, the names of all defendants should appear in the caption.
    If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED:  TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.

U.S. Postal Service
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only: No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

**OFFICIAL USE**

| | |
|---|---|
| Postage | $ *129* |
| Certified Fee | *230* |
| Return Receipt Fee (Endorsement Required) | *175* |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ *5.34* |

Sent To *Martin Surfacing Inc*
Street, Apt No.; or PO Box No. *16 Alt Rd*
City, State, ZIP+4 *Hunt Valley, MD 21030*

PS Form 3800, June 2002    See Reverse for Instructions

CERTIFIED MAIL™ RETURN RECEIPT

NO. 7003 1680 0001 2084 0770

Martin Surfacing Inc.
16 Alt Road
Hunt Valley, MD  21030

Re:   **Dan Allen et al. v. Martin**
      **Worcester Superior Court**

Dear Sir or Madam:

       Enclosed please find the following
by long arm in the above-referenced matter:

   1.    Complaint;
   2.    Summons; and
   3.    Tracking Order

       Kindly forward your answer to the Complaint in a timely fashion.  Thank you
for your attention to this matter.

                     Sincerely,

                     Robert J. Bonsignore, Esq.

RJB/reb
Enclosures

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS:
                                            SUPERIOR COURT
                                            CIVIL ACTION NO.  04-0881 A

---

DAN, LAURA, DAN, JR. AND SUSIE )
ALLEN,                         )
                               )
              Plaintiffs       )
                               )
v.                             )
                               )
MARTIN SURFACING, INC.         )
FLOORING and SOUTHWEST         )
RECREATIONAL INDUSTRIES, INC.  )
AND DOES                       )
              Defendants       )
                               )

---

## AFFIDAVIT OF SERVICE – SOUTHWEST REGIONAL INDUSTRIES, INC.

I, Renee E. Benmir, depose and state as follows:

1.    I am a legal assistant with the law firm of Bonsignore & Brewer, 23 Forest Street, Medford, MA 02155, counsel for Plaintiffs;

2.    On August 24, 2004, I caused copies of the Summons, Complaint and Tracking Order in a Civil Action to be served via Certified Mail upon Defendant Southwest Regional Industries, Inc., 16 Alt Road, Hunt Valley, MD 21030;

3.    Attached hereto are the originals of the following:

    (a)    Summons in a Civil Case with the Return of Service Executed by me; and

    (b)    Return Receipt for United States Mail indicating service on August 25, 2004.

Signed under the pains and penalties of perjury this 21st day of October 2004.

_Renee E. Benmir_
Renee E. Benmir

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. *04-0881A*

*Dan and Laura Allen*

Plaintiff (s)

v.

*Martin Surfacing, Inc,
et all.*

Defendant (s)

)
)
)
)
)
)
)
)
)

**SUMMONS**

\* To the above-named Defendant *Southwest Regional Industries, Inc.,
16 AH Rd; Hunt Valley, MD 21030.*

You are hereby summoned and required to serve upon *Robert J.
Bassignane*, whose address is *23 Faxber Rd., Medford, MA 02155* plaintiff's attorney,
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the...........................
day of ............................................................in the year of our Lord two thousand and
........................ .

*Clerk*

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.



16 Alt Road
Hunt Valley, MD 21030

Re:    **Dan Allen et al. v. Martin Su...**
       <u>Worcester Superior Court, C...</u>

Dear Sir or Madam:

Enclosed please find the following do...
by long arm in the above-referenced matter:

1.    Complaint;
2.    Summons; and
3.    Tracking Order

Kindly forward your answer to the Complaint in a timely fashion. Thank you
for your attention to this matter.

Sincerely,

Robert J. Bonsignore, Esq.

RJB/reb
Enclosures





**SURFACING**

Sport Surfaces

February 5, 2001

Sent via Fax (508) 793-2701



Mr. Scott Merrill
Holy Cross University
One College Street
Worcester, MA 01610-2395

RE: Holy Cross Fieldhouse

Dear Scott:

Martin Surfacing, a Division of Southwest Recreation proposes to furnish all labor and materials necessary to install VERSATURF "360" poured-in-place, urethane system in room Fieldhouse of approximately 17,000 square feet with a 1/8" average thickness for the sum of:

$53,712

FIFTY-THREE THOUSAND SEVEN HUNDRED TWELVE AND NO/100 DOLLARS

- All work will be done according to manufacturers specifications.
- Price includes all two-inch game lines and coatings as they now exist; any extra-ordinary lines, logos or letters are extra, of course.
- Quote is based upon a second quarter of the year 2001. (May 14th to June 15th)
- Exclusions are wall base, inserts, thresholds, bond premium and leveling of slab if necessary.
- Price includes removing and disposing of an average 1/16" of floor and replacing with 1/8" Versaturf "360" surface.
- A complete maintenance program to follow installation of surface.

*Scott*
*Please Confirm*
*Dates —*
*A.S.A.P*

*Ron*
*3-5-01*

Thank you again for your interest in Martin Surfacing. Please call if you have any questions.

Best Regards,

Ron Ryba
Senior Account Executive
RR/jev

Greentree Executive Campus
3001-E Lincoln Drive West
Marlton, New Jersey 08053
856.797.6777
fax: 856.797.6775
www.martinsurfacing.com
email: gymfloor@martinsurfacing.com

HolyCrossFH20501



Exhibit 2

# College of the Holy Cross
# REQUISITION/PAYMENT FORM

## REQUISITIONING (PAYING) DEPARTMENT

NAME OF DEPARTMENT __Building Services__          EVENT LOCATION __Fieldhouse__

DATE OF EVENT _____

PURPOSE OF EVENT __Fieldhouse floor  /Standard/Canter Co.__

| Quantity | Description | *Unit Price | Extension | +Account Number |
|---|---|---|---|---|
| 30 gal | Basic Coating Hydroline w/catalyst | 50804006 | CSBPO | 250229-5220 |
| 1 ea. | Basic Coating applicator refill | 50804016 | CSBPO | 250229-5240 |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

*Please enter unit price if known, and compute extension.
+Account number to be charged.

TOTAL    $ _____

_Gloria Dorrington for Jack McCann 7/28/98_
Signature of Department Head          Date

## SERVICING (PAYEE) DEPARTMENT

NAME OF DEPARTMENT _____

ACCOUNTS TO BE CREDITED:

| Account Number | Amount |
|---|---|
| | RECEIVED |
| | JUL 2 9 1998 |
| | CENTRAL STORES |
| TOTAL | $ |







## COLLEGE OF THE HOLY CROSS

*Office of Physical Plant*

April 5, 2001

Martin Surfacing
Greentree Executive Campus
301-E Lincoln Drive
Marlton, NJ 08053

Attn: Mr. Ron Ryba

Re: Fieldhouse Floor

Dear Ron:

This is a Letter of Intent to Award Martin Surfacing a contract for the accomplishment of resurfacing that portion of the Fieldhouse floor inside the circumference of the track at the College of the Holy Cross in accordance with your proposal dated February 5, 2001 at a cost of $53,712. A purchase order will be issued within the next few weeks.

The work will be accomplished between May 21, 2001 and June 8, 2001.

We look forward to working with Martin Surfacing again in resurfacing of the Fieldhouse floor.

Sincerely,

Gerard A. Zimmermann
Director of Physical Plant

SMM

Cc: Scott M. Merrill
    Lenny Raymond

Ex.
5

## Purchase Order

DRAFT

College of the Holy Cross
1 College Street
(508) 793-2441
Worcester, MA
USA 01610-2395

| Purchase Order | Date | Revision | | Buyer | Page |
|---|---|---|---|---|---|
| 0000004088 | 4/30/2001 | | | Bassan,Linda | 1 |
| Payment Terms | Freight Terms | | | Ship Via | |
| Net 27 | Destination | | | SURFACE | |

Ship To:  Maint Adm Office
1 College Street
Worcester, MA
USA 01610-2395

Vendor:   0000005030
Martin Surfacing, Inc.
P.O. Box 1269
Hunt Valley, MD
USA 21030

Bill To:
Controller's Office
1 College Street
Worcester, MA
USA 01610-2395

Tax Exempt?     Tax Exempt ID:    042103558

| Line-Schd | Item | Description | Mfg Id | Quantity | UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|---|---|
| 1- | 1 | RESURFACE FIELDHOUSE FLO | | 53,712.00 | EA | 1.00 | 53,712.00 | 4/30/200 |

Item Total     RESURFACE FIELDHOUSE FLOOR          53,712.00

FURNISH ALL LABOR, MATERIAL AND EQUIPMENT TO RESURFACE PORTION OF FIELDHOUSE FLOOR INSIDE THE
CIRCUMFERENCE OF THE TRACK PER YOUR PROPOSAL OF 2/5/01 AND OUR LETTER OF INTENT DATED 4/5/01.

WORK TO BE ACCOMPLISHED BETWEEN MAY 21, 2001 AND JUNE 8, 20

Total PO Amount          53,712.00

All shipments, shipping papers, invoices, and correspondence must be identified with our Purchase Order Number. Overshipments will not be accepted unless authorized by Buyer prior to shipment.





# PURCHASE ORDER



**College of the Holy Cross**
1 College Street
(508) 793-2441
Worcester, MA 01610-2395

| PO Number | Date | Revision | Page |
|---|---|---|---|
| 0000006596 | 07/25/2002 | | 1 |
| Pay Terms | Freight Terms | PO Type | Ship Via |
| Net 27 | Destination | GEN | SURFACE |
| Requester: | JACK MCCANN | | |
| Buyer: | Downey, Gini | | |

Vendor: 0000005030
Southwest Recreational Industries, Inc.
D/B/A Martin Surfacing
701 Leander Drive
Leander, TX 78641
Fax:    410-584-9568

Ship To: Maintenance Bld Serv
1 College Street
Worcester, MA 01610-2395

Bill To:  Controller's Office
1 College Street
Worcester, MA 01610-2395

Tax Exempt? Y    Tax Exempt ID:  042103558

| Line-Schd | Description | Quantity | UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|
| 1- 1 | Hawk Synthetic Floor Stripper | 2.00 | EA | 90.00 | 180.00 | 08/01/2002 |
| 2- 1 | SynthaSeal Synth. Floor Sealer | 10.00 | EA | 78.00 | 780.00 | 08/01/2002 |

*added $103.92 shipping*
*Charge to PO 0000006596*
*total PO $1063.92*

**Total PO Amount**      980.00

Purchase Order Number must appear on all invoices, containers, packages and correspondence.

**Authorized Signature**

*Joan E. Champagne*

Exh. B. 43





**Textures***

Smooth:
Basketball/Volleyball

Enhanced Traction:
Tennis/Jogging Track

Granule:
Competition Track

**Floor Colors***

Grey
Blue
Green
Red
Camel
Gold
Tan

**Gamelines***

White  Grey  Black  Blue

Green  Yellow  Orange  Red

* Finish coat texture and colors are representative only.





**We research and customize it...**



**We manufacture it...**

Martin Surfacing custom engineers indoor synthetic surfaces with maximum durability and reliability to meet all your athletic and multipurpose needs. Since 1974, we have manufactured and installed poured-in-place urethane athletic and multipurpose surfaces to fit a variety of requirements. We are your single source for gymnasium and large multipurpose arena flooring that is designed to fit your needs and your budget. Custom engineered flooring from Martin Surfacing offers:

- **More durability, versatility and value than hardwood flooring**

- **Greater impact protection, more reliable traction and more consistent surface than other synthetics**

- **Less maintenance than other flooring systems**

- **Extensive choice of colors and surface textures**



*Monday it's a banquet hall. Tuesday, it becomes a gymnastics arena. Wednesday and Thursday, a convention center. Friday, a volleyball court. Saturday, a sold-out basketball arena. Your facility takes on several personalities with different sets of demands. Your floor should stand up to all of them.*

**All under one roof...**
**And we install it with our own crews!**

**"25th year as the industry workhorse"**

Spray-applied pigmented coating

Gamelines

Urethane wearing layer

Chemical bond to concrete or asphalt

We know that the hardest workout a flooring system gets is not always from athletics. That's why we created Versaturf® 360. This full-depth urethane construction flooring provides peak performance and maximum durability designed specifically with bleachers, stages, tables and chairs in mind.

- **Forms a chemical bond to the subsurface to eliminate delamination**
- **Has no seams so there is no possible separation**
- **Field-applied coating enhances stain resistance and maintains its aesthetics**
- **Available in a variety of surface textures for a completely customized appearance**
- **Manufacturer installed**

**Tower Hill**

**Tower Hill, a K-12 private school, uses this two-color, two-texture gym flooring for a wide variety of sports and table and chair activities. More than 2,000 runners compete on the surface in an annual track event.**





**Flooring Systems Engineered for Lasting Performance**

*One source for design, manufacture and installation of high quality multipurpose flooring... on time and on target with your needs.*

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS:                          SUPERIOR COURT
                                        CIVIL ACTION NO.  04-0881 A

---

LAURA ALLEN INDIVIDUALLY AND          )
AS ADMINISTRATRIX OF THE ESTATE)
OF THE LATE DAN ALLEN, AND AS          )
NEXT FRIEND OF TAYLOR ALLEN            )
AND DANIELLE ALLEN;                    )
AND MARK ALLEN                         )
            Plaintiffs                 )
                                       )
v.                                     )
                                       )
MARTIN SURFACING, INC., MARTIN         )
SURFACING, A DIVISION OF               )
SOUTHWEST RECREATION,                  )
MARTIN SURFACING,                      )
RONALD  RYBA, and SOUTHWEST            )
RECREATIONAL INDUSTRIES, INC.          )
d/b/a MARTIN SURFACING                 )
AND DOES                               )
            Defendants                 )

---

## MOTION TO AMEND COMPLAINT

NOW COMES, the Plaintiffs in the above-entitled action and move this Court to allow their Motion to Amend the Complaint pursuant to Rule 15A by right.  The defendants have not yet served a responsive pleading.

Dated: January /0 , 2005

                        Respectfully submitted,


                        Robert J. Bonsignore, Esq.
                        BBO No. 547880
                        Bonsignore & Brewer
                        23 Forest Street
                        Medford, MA  02155
                        (781) 391-9400

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS:

SUPERIOR COURT
CIVIL ACTION NO. 04-0881 A

```
_____ )
LAURA ALLEN INDIVIDUALLY AND      )
AS ADMINISTRATRIX OF THE ESTATE)
OF THE LATE DAN ALLEN, AND AS     )
NEXT FRIEND OF TAYLOR ALLEN       )
AND DANIELLE ALLEN;               )
AND MARK ALLEN                    )
          Plaintiffs              )
                                  )
v.                                )
                                  )
MARTIN SURFACING, INC.; MARTIN    )
SURFACING, A DIVISION OF          )
SOUTHWEST RECREATION;             )
RONALD  RYBA; SOUTHWEST           )
RECREATIONAL INDUSTRIES, INC.     )
d/b/a MARTIN SURFACING; REED J.   )
SEATON; ROBERT N. WOLESENSKY, )
JR., DYNAMIC SPORTS               )
CONSTRUCTION, INC. AND DOES       )
          Defendants              )
_____ )
```



## FIRST AMENDED COMPLAINT AND DEMAND FOR TRIAL BY JURY

## INTRODUCTION

Plaintiffs bring this civil action against Defendants Martin Surfacing, Inc., a

corporation or business with a principal place of business at Greentree Executive

Campus, 3001-E Lincoln Drive West, Marlton, NJ 08053 and PO Box 1289, Hunt

Valley, MD  21030; Martin Surfacing, a division of Southwest Recreation, Green

Tree Executive Campus, 3001 E Lincoln Drive West, Marlton, NJ  08053; Ronald

Ryba, a resident of New Jersey individually and as officer, agent and/or servant

for <u>Southwest Recreational Industries, Inc., d/b/a Martin Surfacing</u>, 701 Leander Drive, Leander, TX 78641; <u>Reed J. Seaton</u> individually and as officer, agent servant, and/or President and Director of Southwest Recreational Industries, Inc., 701 Leander Drive, Leander, TX 78641; <u>Robert N. Wolesensky, Jr.</u> individually and as officer, agent servant, and/or Secretary and Director of Southwest Recreational Industries, Inc., 701 Leander Drive, Leander, TX 78641; and <u>Dynamic Sports Construction, Inc.</u> 301 Sonny Drive, Leander, TX 78641 (hereafter referred to jointly and severally as "Defendants") demanding damages, including punitive damages for the wrongful death of the late Dan Allen.

Each Plaintiff individually and/or in their representative role demands damages in an amount deemed just and reasonable. Demand is also made for all compensation available under the so-called Wrongful Death Statute G.L. c. 229, §1 *et seq.* including punitive damages in an amount or amounts deemed just and reasonable. Plaintiff's incorporate by reference and rely upon G.L. c. 229, §1 *et seq.*

The Defendants negligence, gross negligence and/or willful, wanton, and reckless conduct and/or breach of express and/or implied warranty (including but not limited to Article 2 of chapter 106) and/or violations of M.G.L. 93A (hereafter collectively referred to as "wrongful conduct") directly and proximately caused the Late Dan Allen to suffer related injuries, exacerbation of pre-existing injuries that were quiescent prior to Defendants conduct (hereafter "injury" or "injuries") and/or other loss including wrongful death. In turn, each Plaintiff suffered related

2

damages arising out of the illness and wrongful death of the Late Dan Allen.
Each Defendant is strictly liable in tort.

The Defendants' wrongful conduct caused the late Dan Allen to be
exposed to toxic fumes, toxins, chemicals, volatile organic compounds and other
hazardous and noxious airborne irritants and substances resulting from
Defendants' processes and/or resurfacing of the "field house" floor at the College
of the Holy Cross, Worcester Massachusetts (hereafter College of the Holy
Cross) during and/or subsequent to May of 2001.

The late Dan Allen was the former Holy Cross Head Football coach.
Other losses suffered by Plaintiff's include the value of the decedent's net
income, services, protection, care, assistance, society, companionship, comfort,
guidance, counsel and advice. The Late Dan Allen suffered extreme conscious
pain and suffering, loss of net income, a diminution in earning capacity,
exacerbation of a pre-existing condition, toxic poisoning, chronic fatigue,
chemical neuritis, neurological abnormalities, and associated psychological and
emotional distress including his eventual wrongful death. Related funeral and
burial costs were incurred.

The Decedent's spouse and children each suffered severe psychological
shock resulting from directly witnessing or experiencing the effects of
Defendants' wrongful conduct and this witnessing or experiencing followed
closely the happening of the negligent act, both in time and place.  The
Defendants engaged in gross negligence and/or willful, wanton, and reckless

3

conduct which resulted in the death of Dan Allen, and punitive damages must be assessed in an amount not less than $5,000.

## PARTIES

### PLAINTIFFS

1.    Plaintiff Laura Allen is a natural person and a resident of the Commonwealth of Massachusetts, Worcester County. She is a natural person residing at 2 Sawmill Drive, Worcester County, Westborough, Massachusetts 01581.

2.    At all times relevant to this complaint, Laura Allen was the lawful wife of the late Dan Allen and the mother of his only three children. The late Dan Allen's children Mark Stewart Allen  (DOB May 29, 1985), Taylor Benjamin Allen (DOB January 13, 1990) and Danielle Lee Allen (DOB JULY 19, 1992) were all minors during the period of his conscious pain and suffering and wrongful death.

3.    On or about December 6, 2004, Plaintiff Laura Allen, was appointed Executrix of the Estate of the late Dan Allen by the Probate Court of the County of Worcester, Commonwealth of Massachusetts, Docket No. 04 P3148EP1. (See Attachment 1)  Plaintiff Laura Allen is duly authorized to maintain this action in this regard.

4.    Laura Allen brings this action individually for her own loss and as the Executrix of the Estate the late Dan Allen.

5.    Laura Allen also acts as the next best friend of Mark Stewart Allen (DOB May 29, 1985), Taylor Benjamin Allen (DOB January 13, 1990) and Danielle Lee Allen (DOB JULY 19, 1992).  Each of these minor children of Laura

4

Allen and the decedent reside with their mother in Westborough, Worcester County, Massachusetts. Massachusetts. All demand, in addition to their share of the damages awarded to the statutory beneficiaries, to be given fair and reasonable compensation for their own individual claims for emotional distress.

6.    Mark Stewart Allen, no longer a minor, brings this action on his own behalf.

## DEFENDANTS

7.    Defendant Martin Surfacing, Inc. is a corporation or business with a last known principal place of business at Greentree Executive Campus, 3001-E Lincoln Drive West, Marlton, NJ 08053.

8.    Defendant Martin Surfacing, Inc. is a corporation or business operating on April 30, 2001, who gave no street address to the College of the Holy Cross while billing them over $55,000 but instead gave P.O. Box 1289, Hunt Valley, MD 21030 as its primary contact address.

9.    Defendant Martin Surfacing, a Division of Southwest Recreation, is a corporation or business with a principal place of business at Green Tree Executive Campus, 3001 E Lincoln Drive West, Marlton, NJ  08053.

10.    An active website lists the address of Martin Surfacing as P.O. Box 1289, Hunt Valley, Maryland.

11.    Defendant Ron Ryba, is a resident of New Jersey and was the Senior Account Executive assigned to the contract in issue.  At all times relevant herein he acted individually as well as in the usual course of his employ as

5

authorized officer, agent or servant of Martin Surfacing, Inc., 3001-E Lincoln Drive West, Marlton, NJ 08053 (and/or the other Defendants).

12.    Defendant Southwest Recreational Industries, Inc. d/b/a Martin Surfacing is a corporation with a principal place of business at 701 Leander Drive, Leander, TX 78641.

13.    Defendant Reed J. Seaton, a resident of 11009 Pencewood Ct., Austin, TX 78750-3712 acted individually to cause the plaintiff's loss and was President and Director of Southwest Recreational Industries, Inc., 701 Leander Drive, Leander, TX 78641 at all times relevant in this Complaint.

14.    Defendant Robert N. Wolesensky, Jr., a resident of 2011 Spyglass Hl, Leander, TX 78641-8850 acted individually to cause the plaintiff's loss and was Secretary and Director of Southwest Recreational Industries, Inc., 701 Leander Drive, Leander, TX 78641 at all times relevant in this Complaint.

15.    Dynamics Sports Construction, Inc. is a corporation or business with a principal place of business at 301 Sonny Drive, Leander, TX 78641

16.    The Defendants contracted with the College of the Holy Cross as evidenced by Attachments 2, 3, 4, 5 and 6.

17.    No other documents except for Attachments 2, 3, 4, 5 and 6 were exchanged between the College of the Holy Cross and the defendants as having to do with the refinishing (throughout "resurface" and/or "refinish" and/or "installation" refer to the project described in this averment) of the Holy Cross field house floor in 2001.

## **FACTUAL ALLEGATIONS**

18.    The College of the Holy Cross hired the Defendants to resurface the floor of its Field House (the "field house") during 2001.

19.    Attachment 2 is a true and accurate copy of the document dated February 5, 2001 from Martin Surfacing, a division of Southwest Recreation, 3001-E Lincoln Drive, Marlton, NJ  08053 and sent to the College of the Holy Cross.

20.    After the College of the Holy Cross and Martin Surfacing, a division of Southwest Recreation exchanged Attachment 2 they contracted with each other for the work contained therein.

21.    Attachment 3 is a true and accurate copy of the Letter of Intent dated April 5, 2001 to award a contract with the work to be accomplished between May 21, 2001 and June 8, 2001 to Martin Surfacing, Greentree Executive Campus, 301-E Lincoln Drive, Marlton, NJ 08053 exchanged by the College of the Holy Cross and Martin Surfacing.

22.    Attachment 4 is a true and accurate copy of the Purchase Order dated April 30, 2001 and approved May 4, 2001 for work to be performed by Martin Surfacing, Inc. P.O. Box 1289, Hunt Valley, MD exchanged by the College of the Holy Cross and Martin Surfacing, Inc.

23.    Attachment 5 is a true and accurate copy of the Purchase Order dated July 25, 2002 from Southwest Recreational Industries, Inc. d/b/a Martin Surfacing, P.O. Box 701 Leander Drive, Leander, TX  78641 exchanged by the College of the Holy Cross and Southwest Recreational Industries, Inc. d/b/a Martin Surfacing.

7

24.    Attachment 6 is a true and accurate copy of the Martin Surfacing brochure giving the address of Martin Surfacing as 16 Alt Road, Hunt Valley, MD 21030 and Southwest Recreational Industries, Inc. as 701 Leander Drive, Leander, Texas 78641

25.    At no time leading up to their commencement of the work referenced did the Defendants the late Dan Allen that the substances used and/or processes employed by them to resurface the field house floor may pose a danger to the health of human beings occupying the building during the resurfacing process.

26.    At no time leading up to their commencement of the work referenced did the Defendants warn the College of the Holy Cross that the substances used and/or processes employed by them to resurface the field house floor may pose a danger to the health of human beings occupying the building during the resurfacing process.

27.    At no time leading up to their commencement of the work referenced did the Defendants warn or notify the late Dan Allen to leave the building during the resurfacing process because the substances and/or processes they would be using to resurface the field house floor may pose a danger to the health of human beings occupying the building.

28.    At no time leading up to their commencement of the work referenced did the Defendants warn the College of the Holy Cross that the substances used and/or processes employed by them to resurface the field house floor may pose a danger to the health of human beings occupying the

8

building during the resurfacing process.

29.     At no time leading up to their commencement of the work referenced did the Defendants warn or notify the late Dan Allen to leave the building during the resurfacing process because the substances and/or processes they would be using to resurface the field house floor may pose a danger to the health of human beings occupying the building.

30.     At no time leading up to their commencement of the work referenced did the Defendants warn or notify the College of the Holy Cross to leave the building during the resurfacing process because the substances and/or processes they would be using to resurface the field house floor may pose a danger to the health of human beings occupying the building

31.     At no time leading up to their commencement of the work referenced did the Defendants instruct the late Dan Allen to take safety precautions during the resurfacing process because the substances and/or processes they would be using to resurface the field house floor may pose a danger to the health of human beings occupying the building.

32.     At no time leading up to their commencement of the work referenced did the Defendants instruct the College of the Holy Cross to take safety precautions during the resurfacing process because the substances and/or processes they would be using to resurface the field house floor may pose a danger to the health of human beings occupying the building.

33.     At no time prior to their commencement of the work referenced did the Defendants warn the late Dan Allen to leave the building during the

9

resurfacing process because the substances and/or processes they would be using to resurface the field house floor may pose a danger to the health of human beings occupying the building.

34.    At no time prior to their commencement of the work referenced did the Defendants warn the College of the Holy Cross to leave the building during the resurfacing process because the substances and/or processes they would be using to resurface the field house floor may pose a danger to the health of human beings occupying the building.

35.    At no time during their carrying out the work referenced did the Defendants warn the late Dan Allen that the substances and/or processes they would be using to resurface the field house floor may pose a danger to the health of human beings occupying the building during the resurfacing process.

36.    At no time during their carrying out the work referenced did the Defendants warn the College of the Holy Cross that the substances and/or processes they would be using to resurface the field house floor may pose a danger to the health of human beings occupying the building during the resurfacing process.

37.    At no time during their carrying out of the work referenced did the Defendants warn or notify the late Dan Allen to leave the building during the resurfacing process because the substances and/or processes they would be using to resurface the field house floor may pose a danger to the health of human beings occupying the building.

38.    At no time during their carrying out of the work referenced did the

Defendants warn or notify the College of the Holy Cross to leave the building during the resurfacing process because the substances and/or processes they would be using to resurface the field house floor may pose a danger to the health of human beings occupying the building.

39.    At no time during their carrying out of the work referenced did the Defendants instruct the late Dan Allen to leave the building during the resurfacing process because the substances and/or processes they would be using to resurface the field house floor may pose a danger to the health of human beings occupying the building.

40.    At no time during their carrying out of the work referenced did the Defendants instruct the College of the Holy Cross to leave the building during the resurfacing process because the substances and/or processes they would be using to resurface the field house floor may pose a danger to the health of human beings occupying the building.

41.    At no time during their carrying out of the work referenced did the Defendants warn the late Dan Allen to take any other safety precautions during the resurfacing process because the substances and/or processes they would be using to resurface the Field house floor may pose a danger to the health of human beings occupying the building.

42.    At no time during their carrying out of the work referenced did the Defendants warn the College of the Holy Cross to take any other safety precautions during the resurfacing process because the substances and/or processes they would be using to resurface the Field house floor may pose a

11

danger to the health of human beings occupying the building.

43.    At all times during their work for the College of the Holy Cross, the Defendants knew that the field house which housed the athletic office including that of the Head Football Coach, (who at the time was the late Dan Allen) would continue to be occupied.

44.    During the course of refinishing the field house floor, the Defendants failed to take adequate measures to provide an adequate clean air supply, air circulation and air ventilation for the late Dan Allen.

45.    While carrying out the refinishing work, the Defendants failed to provide adequate protective barriers between the construction and refinishing work and the late Dan Allen.

46.    While carrying out the refinishing work, the Defendants failed to warn or inform the late Dan Allen in any manner of the volatile organic chemicals and/or the other toxic, hazardous, harmful or noxious airborne irritants and substances and/or processes they caused to be present.

47.    The defective product sold and used by the Defendants was an unnecessary ultra-toxic (flooring) substance.

48.    The unnecessarily ultra-toxic (flooring) substance was applied to the gym floor during refinishing in a grossly negligent and/or willful, wanton and reckless manner.

49.    In performing the installation/refinishing of the field house floor, the Defendants used certain products containing chemical and volatile organic compounds, including Benzene and/or Isocyanates and/or Isophrone

12

Diisocyanate,

50.   The products referred to above produce clear fumes that may pose a risk of harm to humans.

51.   The late Dan Allen never knew anything about the risk referred to above.

52.   The late Dan Allen never knew anything about the fact that he was exposed to ultra-toxic chemicals until after he was exposed and became ill.

53.   While refinishing the field house floor the Defendants' employees utilized protective gear including facial masks.

54.   While refinishing the field house floor the Defendants' employees exposed the late Dan Allen to harmful gases and/or volatile chemical and/or organic compounds and/or airborne irritants and/or other harmful substances related to the refinishing project in a grossly negligent and/or willful, wanton and reckless manner to the very substances that they took extraordinary precautions to avoid without so much as a warning.

55.   The products used by the Defendants in the installation of the field house floor contain, among other volatile chemical and organic compounds, Benzene and/or Isophrone Diisocyanate.

56.   Isophrone Diisocyanate is a member of the chemical family generally known as Isocyanates.

57.   Benzene and/or Isocyanates are classified as hazardous substances and/or processes in Massachusetts

58.   They are causally associated with the development of asthma.

13

59.    They are causally associated with the development of bronchitis.

60.    They are causally associated with the development of hypersensitivity pneumonitis.

61.    They are causally associated with the development of long-term loss of lung function.

62.    They are causally associated with the development of damage to the central nervous system.

63.    They are causally associated with the development of damage to peripheral nervous system.

64.    Individuals who are exposed to Benzene may become sensitized and will exhibit reactions of such hypersensitivity upon re-exposures.

65.    Individuals who are exposed to Isocyanates may become sensitized and will exhibit reactions of such hypersensitivity upon re-exposures.

66.    Pre-existing conditions associated with degeneration of nerve cells, including but not limited to latent Amyotrophic Lateral Sclerosis (also known as ALS or Lou Gehrig's disease), can be exacerbated by the nervous system damage induced by exposures to isocyanates and other neurotoxic compounds.

67.    Each Defendant knew the volatile organic compounds contained in the flooring, sold and applied could cause benzene isocyanate sensitization.

68.    Each Defendant knew or should have known of the dangers associated with exposure to Benzene and/or Isocyanate and the other volatile organic compounds and chemicals constituting the Defendants' products and otherwise used in the application of its products.

14

69.    The Defendants regularly used such ultra hazardous products on many occasions prior to the late Dan Allen's exposure.

70.    When the late Dan Allen questioned the air quality issues associated with the Defendants refinishing work, the Defendants' agents, servants and/or employees assured him in a grossly negligent and/or willful, wanton and reckless manner that he was in no danger and was exposed to no risk.

71.    Subsequent air testing samples showed that the air at College of the Holy Cross fieldhouse contained chemical abnormalities related to the Defendants' hazardous products and refinishing application process.

72.    Air testing also established the presence of Isophrone Diisocyanate as well as Benzene and other chemicals in the air.

73.    In fact, prior to the Holy Cross field house project the Defendants failed to disclose hidden information regarding the toxicity of their products to other Massachusetts purchasers.

74.    By reason of Dan Allen's wrongful death, the Plaintiff reasonably and necessarily expended the sum of $30,000 for funeral expenses.

## DOE DEFENDANTS

75.    Unknown Defendants may have entered into a subcontract with the Defendants to perform certain aspects of the work.  The Defendants under this subcontract are presently unknown.  Also unknown are others who were included in a knowing and willful scheme in which the name of Martin Surfacing was

passed around with intent to avoid liability and reap profits.

## COUNT ONE

### WRONGFUL CONDUCT INCLUDING NEGLIGENT FAILURE TO ELIMINATE MINIMIZE OR WARN OF KNOWN HAZARD AND FAILURE TO ADEQUATELY TRAIN OR SUPERVISE

76.    The Plaintiffs repeat and reallege each and every allegation contained in the foregoing and subsequent paragraphs inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

77.    Despite their intimate knowledge regarding the dangers associated with exposure to Benzene and/or Isocyanates and/or the other volatile organic compounds and/or chemicals constituting or otherwise used in the application of their products, the Defendants used these ultra-hazardous materials in the contained field house building and failed to warn Coach Allen directly or indirectly of the danger presented to building occupants during use of these hazardous products.

78.    Thus in carrying out the refinishing of the field house floor the Defendants engaged in negligent, grossly negligent, willful, wanton and/or reckless conduct that resulted in the Plaintiff's respective losses.

79.    The Defendants knew or should have known that certain products and application processes they used in the installation of the field house floor contained Benzene and/or Isocyanates.

80.    The Defendants knew or should have known the dangers associated with exposure to Benzene and/or Isocyanates and the other ultra-hazardous volatile organic materials and/or chemicals constituting or otherwise

16

used in the application of the Defendants' products.

81.    As a direct result of the Defendants' failures to act and/or wrongful conduct, the late Dan Allen suffered severe and permanent personal injures and consciously endured great pain and suffering.

82.    The Defendants needlessly chose to use Benzene and/or Isocyanate and other volatile organic compound-containing products during their refinishing work at the College of the Holy Cross despite the fact adequate non-toxic alternatives existed.

83.    The Defendants then failed to properly warn, eliminate, minimize, or supervise the application in such a way to provide for the safety and well being of Coach Allen.  In doing so the Defendants' wrongfully chose to engage in negligent, grossly negligent, willful, wanton and/or reckless conduct.

84.    The Defendants engaged in a negligent, grossly negligent, willful, wanton and/or reckless manner by failing to institute any safety measures to prevent or minimize exposure to these products by the late Dan Allen or other College of the Holy Cross occupants.

85.    During the refinishing of the field house floor, volatile organic compounds and other harmful airborne substances originating from the Defendants migrated into the occupied area of Dan Allen's office and/or other areas he traveled within the field house.

86.    The chemical fumes; volatile organic compounds and other airborne irritants caused the late Dan Allen to suffer a variety of symptoms including nausea, headaches, fatigue and difficulty breathing.

17

87.    The Defendants, in a negligent, grossly negligent, willful, wanton and/or reckless manner failed to institute adequate safety measures to prevent or minimize exposure to these products by the late Dan Allen or other College of the Holy Cross occupants.

WHEREFORE, as a result of the Defendants' negligent, grossly negligent, reckless, intentional, willful and/or wanton conduct, the Plaintiffs each suffered loss as described and/or will continue to suffer loss for their rest of their lives and demand damages to make them whole.  Plaintiffs demand judgment in an amount deemed just and reasonable for all damages available to them under G.L. c. 229 including punitive damages for the wrongful death of the late Dan Allen, together with interests and costs against each of the Defendants jointly or severally.

## COUNT TWO

## LOSS OF CONSORTIUM AND FOR OTHER RELIEF AVAILABLE UNDER G.L. c. 229

88.    The Plaintiffs repeat and reallege each and every allegation contained in the foregoing and subsequent paragraphs inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

89.    Laura Allen resided with Dan Allen prior to his death and was dependent upon said decedent for support and maintenance. She has otherwise suffered a related loss of consortium.

90.    Mark Stewart Allen  (DOB May 29, 1985), Taylor Benjamin Allen (DOB January 13, 1990) and Danielle Lee Allen (DOB JULY 19, 1992) were also

and would be dependent upon their father's net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice.

91.    At the time of the exposure related injury that resulted in his death, Dan Allen was 45 years of age, was in good health and was employed profitably as a college football coach.

92.    Coach Allen was recognized as one of the best head football coaches in America. In fact, his peers and colleagues voted Coach Allen as the best head coach in the nation for NCAA football.

93.    Laura Allen herein acts as the next best friend of Taylor Benjamin Allen (DOB January 13, 1990) and/or Danielle Lee Allen (DOB JULY 19, 1992) and Mark Stewart Allen  (DOB May 29, 1985) acts on his own behalf in that he is no longer a minor.

94.    By reason of the Defendants' wrongful conduct, the decedent's wife and minor children, have been deprived of the decedent's net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice, in their respective share in such estate, as the decedent might have reasonably accumulated during a natural life expectancy.

95.    As a result of the individual wrongful conduct of each Defendant, the wife and children of the late Dan Allen have suffered a loss of financial support and consortium and decedent's net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice and will continue to suffer a related loss for the rest of their life due to the injuries and

19

wrongful death of the late Dan Allen.

WHEREFORE, as a result of the Defendants' negligent, grossly negligent, reckless, intentional, willful or wanton conduct, the Plaintiffs each suffered loss as described and/or will continue to suffer loss for their rest of their lives and demand damages to make them whole. Plaintiffs demand judgment in an amount deemed just and reasonable including punitive damages for the wrongful death of the late Coach Dan Allen, together with interests and costs against each of the Defendants jointly or severally.

## COUNT THREE

## CONSCIOUS PAIN AND SUFFERING

96.    The Plaintiffs repeat and reallege each and every allegation contained in the foregoing and subsequent paragraphs inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

97.    As a result of the Defendants' wrongful conduct, the decedent suffered related injury and eventually a wrongful death.

98.    As a result of injuries directly and proximately caused by Defendants willful and wanton conduct, Dan Allen endured great conscious pain and suffering for the three years leading up to his wrongful death.

WHEREFORE, as a result of the Defendants' negligent, reckless, intentional, willful or wanton conduct, the Plaintiffs each suffered loss as described and/or will continue to suffer loss for their rest of their lives and demand damages to make them whole. Plaintiffs demand judgment in an amount deemed just and reasonable including punitive damages for the

conscious pain and suffering of the late Coach Dan Allen, together with interests and costs against each of the Defendants jointly or severally.

## COUNT FOUR

### WRONGFUL DEATH CAUSED BY GROSSLY NEGLIGENT CONDUCT

99.     The Plaintiffs repeat and reallege each and every allegation contained in the foregoing and subsequent paragraphs inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

100.    The Plaintiff Laura Allen is entitled to and brings this action based upon the death of Dan Allen, pursuant to the so-called "Wrongful Death Statute," M.G.L. Ch. 229, Sec. 2 and demands all related damages contained therein as allowed by law.

101.    The actions of the Defendants that directly and proximately caused or resulted in the death of Dan Allen were grossly negligent acts and as a result of said acts, caused Dan Allen to be injured and was so wrongfully killed.

WHEREFORE, as a result of the Defendants' grossly negligent conduct, the late Dan Allen was caused to die and the Plaintiffs each suffered loss as described and/or will continue to suffer loss for their rest of their lives and demand punitive damages to make them whole.  Plaintiffs demand judgment in an amount deemed just and reasonable including punitive damages for the wrongful death of the late Coach Dan Allen, together with interests and costs against each of the Defendants jointly or severally.

## COUNT FIVE

## WRONGFUL DEATH CAUSED BY RECKLESS, WILLFUL OR WANTON CONDUCT

102.    The Plaintiffs repeat and reallege each and every allegation contained in the foregoing and subsequent paragraphs inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

103.    The Plaintiff Laura Allen is entitled to and brings this action based upon the death of Dan Allen, pursuant to the so-called "Wrongful Death Statute," M.G.L. Ch. 229, Sec. 2(3) and demands all related damages allowed by law.

104.    The actions of the Defendants that directly and proximately caused or resulted in the death of Dan Allen were willful, wanton, reckless acts and as a result of said acts, caused Dan Allen to be injured and wrongfully killed.

WHEREFORE, as a result of the Defendants' reckless, willful or wanton conduct, Dan Allen was caused to wrongfully die and Plaintiffs each suffered loss as described and/or will continue to suffer loss for their rest of their lives and otherwise demand punitive damages to make them whole.  Plaintiffs demand judgment in an amount deemed just and reasonable including punitive damages for the wrongful death of the late Coach Dan Allen, together with interests and costs against each of the Defendants jointly or severally.

## COUNT SIX

## VIOLATION OF M.G.L. c. 93A

105.    The Plaintiffs repeat and reallege each and every allegation contained in the foregoing and subsequent paragraphs inclusive of this

Complaint, with the same force and effect as if expressly set forth herein.

106.    Defendants were engaged in trade or commerce as defined by Massachusetts General Laws, Chapter 93A.

107.    The Defendants do not maintain a place of business or keep assets within the Commonwealth of Massachusetts.

108.    The Defendants knowingly and willfully sold a defective product and also defectively installed that product, and in doing so violated M.G. L. c. 93A, § 2.

109.    Plaintiffs have been injured by reason of Defendants unfair or deceptive acts or practices.

WHEREFORE, as a result of the Defendants' willful or knowing unfair and deceptive acts or practices, the Plaintiffs each suffered loss as described and/or will continue to suffer loss for their rest of their lives and demand damages to make them whole.  Plaintiffs demand judgment in an amount deemed just and reasonable, trebled plus reasonable attorney fees together with interests and costs against each of the Defendants jointly or severally.

## COUNT SEVEN

## WRONGFUL CONDUCT

110.    The Plaintiffs repeat and reallege each and every allegation contained in the foregoing and subsequent paragraphs inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

111.    The Defendants had a duty to perform their refinishing work on the Holy Cross Field house floor with due care, in a good and workmanlike manner

23

and in a manner which would not harm the late Dan Allen and/or to ensure that those using its ultra-hazardous products would not cause him harm.

112.   In carrying out their wrongful conduct, the Defendants breached their duty of due care to Plaintiffs by negligently training to perform, performing and/or supervising the refinishing work on the field house floor such that the late Dan Allen was exposed to hazardous chemical fumes, volatile organic compounds and other airborne substances from the work and was thereby caused to suffer injury and eventually wrongfully caused to die.

113.   In carrying out their wrongful conduct, the Defendants also failed to otherwise eliminate, minimize or warn of the risks posed by its toxic product and application process.

114.   The Defendants breached their duty of due care to Plaintiffs by negligently allowing their employees, agents or servants to use products containing, among other harmful volatile organic compounds or chemicals, Benzene and/or Isocyanates, in such close proximity to the late Dan Allen and in such concentrated amounts without adequate measures to provide adequate air supply, air circulation, and air ventilation.

115.   The Defendants' wrongful conduct resulted in a breach of their duty of due care to Plaintiffs. Further wrongful conduct includes a failure to provide adequate protective barriers between their work and the late Dan Allen.

116.   The Defendants further breached their duty of care to Plaintiffs because as a result of their wrongful conduct they failed to warn or instruct the late Dan Allen or any other Holy Cross official of the hazards presented to them

by exposures to Defendants' ultra-hazardous materials, volatile organic compounds and other airborne irritants during the resurfacing.

117.    The Defendants breached their duty of care by conducting their resurfacing in a poor, un-workmanlike and substandard manner.

118.    The Defendants further breached their duty of care because their wrongful conduct resulted in their failure to conduct their resurfacing work in compliance with applicable state and Occupational Safety Health Administration (OSHA) standards, industry, corporate and/or safe building laws, regulation and codes.

119.    As a direct and proximate result of the Defendants' wrongful conduct, the late Dan Allen was exposed to fumes, toxins, chemicals, volatile organic compounds and other hazardous airborne irritants and substances and/or processes and was injured and caused to die thereby.

120.    As a direct and proximate result of the Defendants' wrongful conduct, the late Dan Allen was caused to suffer severe personal injury, was caused to be disabled, was caused great pain of body and mind, was caused great emotional, psychological harm, was caused to incur great medical and hospital expenses and suffered a loss of earning capacity.

WHEREFORE, as a result of the Defendants' negligent, grossly negligent, reckless, intentional, willful or wanton conduct, the Plaintiffs each suffered loss as described and/or will continue to suffer loss for their rest of their lives and demand damages to make them whole. Plaintiffs demand judgment in an amount deemed just and reasonable, including punitive damages for the

wrongful death of the late Coach Dan Allen, together with interests and costs against each of the Defendants jointly or severally.

## COUNT EIGHT

## STRICT LIABILITY

121.    The Plaintiffs repeat and reallege each and every allegation contained in the foregoing and subsequent paragraphs of this Complaint, with the same force and effect as if expressly set forth herein.

122.    In the ordinary course of its business, the Defendants undertook and supervised the resurfacing.  As part of the resurfacing, the Defendants utilized toxic, dangerous, and ultra-hazardous materials and substances and/or processes.

123.    The Defendants' business activities related thereto:

   a) Consisted of a high degree of risk;

   b) Established a likelihood that great harm would result from said business and activity;

   c) Were not a matter of common usage;

   d) Were ultra-hazardous activities; and

   e)  Were inappropriate to conduct while the late Dan Allen was in close proximity.

124.    As such, the Defendants are strictly liable in tort for all damages and injuries to the Plaintiffs that were the direct and proximate result of such business and activities.

125.    As a direct and proximate result of said business and activities of

the Defendants, the late Dan Allen was caused to suffer severe personal injuries, was caused to be disabled, was caused and will be caused great pain of body and mind, was caused great emotional and psychological harm, was caused to incur great medical and hospital expenses and suffered a loss of earning capacity and eventually wrongfully die.

126.    The late Dan Allen's family members likewise suffered related loss.

WHEREFORE, as a result of the Defendants' negligent, grossly negligent, reckless, intentional, willful or wanton conduct, the Plaintiffs each suffered loss as described and/or will continue to suffer loss for their rest of their lives and demand damages to make them whole.  Plaintiffs demand judgment in an amount deemed just and reasonable including punitive damages for the wrongful death of the late Coach Dan Allen, together with interests and costs against each of the Defendants jointly or severally.

## COUNT NINE

## BREACH OF WARRANTY

127.    The Plaintiffs repeat and reallege each and every allegation contained in the foregoing and subsequent paragraphs of this Complaint with the same force and effect as if expressly set forth herein.

128.    The Defendants and/or their agents or subcontracts expressly warranted to Holy Cross, the general public and the late Dan Allen that the materials (and/or process) involved in the resurfacing of the Holy Cross field house were safe and fit for the use intended.

129.    The Defendants and/or their agents or subcontracts impliedly

warranted to Holy Cross, the general public and the late Dan Allen that the materials (and/or process) involved in the resurfacing of the Holy Cross field house were safe and fit for the use intended.

130.    The late Dan Allen was a person whom the Defendants might have expected to use the refinished areas at College of the Holy Cross including all areas of the field house.

131.    The Defendants breached their warranties because the resurfacing process and materials they used at College of the Holy Cross field house floor were ultra hazardous and/or unsafe and/or not of merchantable quality and/or unfit for their intended uses and purposes.

132.    The Plaintiffs and more specially, the late Dan Allen were harmed and suffered loss after they reasonably relied on the warranties made by the Defendants.

133.    As a direct and proximate result of their reasonable reliance on Defendants warranties and as a direct and proximate breach of warranties by the Defendants, the late Dan Allen was caused to suffer severe personal injury, related loss, and eventually suffer a wrongful death. He was also caused to be disabled, was caused great pain of body and mind, was caused great emotional and psychological harm, was caused to incur great medical and hospital expenses and suffered a loss of earning capacity and incur funeral expenses.

WHEREFORE, as a result of the Defendants' negligent, grossly negligent, reckless, intentional, willful or wanton conduct, the Plaintiffs each suffered loss as described and/or will continue to suffer loss for their rest of their lives and

demand damages to make them whole.  Plaintiffs demand judgment in an

amount deemed just and reasonable including punitive damages for the wrongful

death of the late Coach Dan Allen, together with interests and costs against each

of the Defendants jointly or severally.

## COUNT TEN

## FURTHER VIOLATIONS OF M.G.L. 93A

134.   The Plaintiffs repeat and reallege each and every allegation

contained in the foregoing and subsequent paragraphs of this Complaint, with the

same force and effect as if expressly set forth herein.

135.   The Defendants impliedly warranted prior to, during and following

the referenced resurfacing that College of the Holy Cross was fit for habitation,

occupancy and use and would be reasonably safe during the application and

curing period of its toxic flooring product.

136.   The Defendants expressly warranted prior to, during and following

the referenced resurfacing that College of the Holy Cross was fit for habitation,

occupancy and use and would be reasonably safe during the application and

curing period of its toxic flooring product.

137.   The Defendants knowingly and or willfully misrepresented the truth

in this regard and otherwise breached said warranties as the College of Holy

Cross field house area was not fit for habitation, occupancy and use and was

unreasonably dangerous during and following the refinishing process.

138.   The late Dan Allen relied upon said warranties and had occupied

and inhabited College of the Holy Cross field house to his detriment.

139.   As a direct and proximate result of the breach of warranty by the Defendants, the late Dan Allen was caused to suffer sever personal injury, was caused to be disabled, was caused great pain of body and mind, was caused great emotional and psychological harm, was caused to incur great medical and hospital expenses and suffered a loss of earning capacity.

WHEREFORE, as a result of the Defendants' negligent, reckless, intentional, willful or wanton conduct, the Plaintiffs each suffered loss as described and/or will continue to suffer loss for their rest of their lives and demand damages to make them whole.  Plaintiffs demand judgment in an amount deemed just and reasonable including punitive damages for the wrongful death of the late Coach Dan Allen, together with interests and costs against each of the Defendants jointly or severally.

## COUNT ELEVEN

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

140.   The Plaintiffs repeat and reallege each and every allegation contained in the foregoing and subsequent paragraphs of this Complaint, with the same force and effect as if expressly set forth herein.

141.   The late Dan Allen's spouse and children each suffered severe psychological shock resulting from directly witnessing or experiencing the effects of Defendants' wrongful conduct.

142.   This witnessing or experiencing followed closely the happening of the negligent act, both in time and place.

143.   The Defendants' negligent conduct caused the Laura Allen and the

Allen children and the late Dan Allen to suffer severe emotional distress.

WHEREFORE, as a result of the Defendants' negligent and or intentional conduct, the Plaintiffs each suffered loss as described and/or will continue to suffer loss for their rest of their lives and demand damages to make them whole. Plaintiffs demand judgment in an amount deemed just and reasonable including punitive damages for the wrongful death of the late Coach Dan Allen, together with interests and costs against each of the Defendants jointly or severally.

## COUNT TWELVE

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

144.    The Plaintiffs repeat and reallege each and every allegation contained in the foregoing and subsequent paragraphs of this Complaint, with the same force and effect as if expressly set forth herein.

145.    The Defendants engaged in extreme and outrageous conduct toward the Plaintiffs and the conduct was beyond the scope of acceptable conduct.

146.    The Defendants intended and/or knew or should have known that their extreme and outrageous conduct would likely result in the Plaintiffs' suffering of emotional distress.

147.    The Defendants' extreme and outrageous conduct caused Plaintiffs to suffer from emotional distress of a nature that no reasonable person could be expected to endure.

148.    This included the individually named Defendants' attempt to commit fraud on Plaintiffs.

31

149.  The individually named Defendants committed fraud on Plaintiffs by denying they were still in business when they retained a financial advantage in profits of the defunct companies and carried out an unfair and deceptive plan to only and wrongfully shield themselves from liability.

150.  The individually named Defendants committed fraud on Plaintiffs by representing they were in business at a time when they contracted with the College of the Holy Cross when in fact they unfairly and deceptively gone out of business for the sole purpose of misleading and deceiving others.

151.  The individually named Defendants committed fraud on Plaintiffs by misrepresenting the dates they went out of business.

152.  The individually named Defendants committed fraud on Plaintiffs by going out of business to avoid liability or to otherwise shield or fraudulently conceal assets in a wrongful "shell game" like fashion and with notable regularity with a few as yet unknown individuals who substantially profited from the regular and intentionally unfair and deceptive changing of corporate identities.

153.  The spouse and children each suffered severe psychological shock resulting from directly witnessing or experiencing the effects of Defendants' wrongful conduct and this witnessing or experiencing followed closely the happening of the negligent act, both in time and place.

154.  The Defendants' self-concealing conduct will only be fully known following discovery and the review of documents in the exclusive possession and control of the Defendants.

WHEREFORE, as a result of the Defendants' intentional, willful or wanton conduct, the Plaintiffs each suffered loss as described and/or will continue to suffer loss for their rest of their lives and demand damages to make them whole. Plaintiffs demand judgment in an amount deemed just and reasonable including punitive damages for the wrongful death of the late Coach Dan Allen, together with interests and costs against each of the Defendants jointly or severally.

## COUNT THIRTEEN

## FURTHER FAILURE TO WARN

155.    The Plaintiffs repeat and reallege each and every allegation contained in the foregoing and subsequent paragraphs inclusive of this Complaint, with the same force and effect as if expressly set forth herein.

156.    The danger presented by the toxic flooring and application/curing in issue was not obvious to the late Dan Allen and the late Dan Allen was not already aware of said danger.

157.    The Defendants provided no warning as to the toxicity in issue. The adequacy of the warning was otherwise defective because it was unduly delayed, reluctant in tone and lacking a sense of urgency.

158.    The warning was otherwise defective because it was not comprehensible or conveyed to the average person and failed to convey a fair indication of the nature and extent of the danger to a reasonably prudent person.

159.    The warning was not provided to all persons who it is foreseeable will come into contact with and consequently be endangered by the product in issue.

33

160.    The Defendants had a duty to warn because they knew or should have known that the product in issue was dangerous and/or ultra hazardous.

161.    The risks in issue were known and/or reasonably foreseeable at the time of the sale and/or could have been discovered by way of reasonable testing prior to marketing the product.

162.    The Defendants should be held to the standard of a manufacturer in its field and should be held to a continuing duty to warn of risks discovered following the sale of the product in issue.

163.    The Defendants at all times relevant hereto were engaged in the marketing, promotion, formulation, manufacture, marketing, distribution and sale of toxic gym flooring.

164.    Defendants engaged in wrongful conduct and are liable in tort to the Plaintiffs for reasons including, but not limited to, the following:

a) The toxic gym flooring is unnecessarily dangerous and is defective, unsafe and unreasonably dangerous for their intended and/or foreseeable uses.

b) In designing the manufacturing and/or application and/or curing process, and/or in manufacturing, testing, inspecting, applying, distributing and/or as otherwise alleged in this complaint they put into the stream of commerce a product in such an unreasonably dangerous condition and/or a process so filled with risk and danger that it was likely to cause harm to persons thereof when being used for its intended use.

c) In distributing, promoting and selling the unnecessarily dangerous product not accompanied by adequate warnings of the toxicity that was known or reasonably should have been known and by violating their duty and obligation to provide adequate warnings of the dangers known or which should have reasonably been known to persons coming in proximity.

d) The product was and continues to be unaccompanied by proper warnings regarding all known or reasonably knowable potential side affects associated with the use of the unnecessarily dangerous product and the comparative nature, extent, severity, incidence and duration of such adverse affects.

e) The warnings given do not accurately reflect the signs, symptoms, incidence, scope or severity of the side affects, or identify appropriate testing, monitoring or remedial action

f) The Defendants continue to negligently fail to communicate to persons coming in proximity or contracting with them information necessary for their purposes. This conduct placed and continues to place the consuming public at risk.

g) The Defendants failed to perform and continue to refuse to perform adequate testing that would have shown that the unnecessarily dangerous product to be safe in a public location.

h) As a result of this failure, full and proper warnings were not made and continue to not be made that would accurately and fully reflect

35

the symptoms, scope and severity of health problems the unnecessarily dangerous toxic gym flooring can cause.

i) Each of the Defendants knew that the unnecessarily dangerous product, which was manufactured and supplied by the Defendants, would be used without further inspection and study for such defects and that given the resources of the consuming public and the College of the Holy Cross any reasonably anticipated inspection would have failed to detect the defects and they were reasonable in relying on the Defendants for same.

j) The Defendants and each of them expected and knew that their toxic gym flooring would be used as is. The toxic flooring was in fact received and applied without change in the condition in which it was first manufactured and sold.

k) The late Dan Allen was a foreseeable person and user of the flooring product and used the product in its intended manner and suffered serious harm because of said use.

l) The unnecessarily dangerous toxic flooring manufactured and/or supplied by the Defendants are defective due to inadequate post-marketing warnings or instructions because, after the manufacturer knew or should have known of the toxicity and related risks of injury, they failed to provide adequate warnings to persons or consumers of the product and continued to aggressively promote the unnecessarily dangerous toxic flooring.

36

165.    As a direct and proximate cause of the defective condition of the unnecessarily dangerous toxic flooring as manufactured and/or supplied by Defendants and as a direct and proximate cause of their wrongful conduct, carelessness, outrageous conduct and/or other wrong doings and actions as described herein, Plaintiffs suffered and will continue to suffer injury, harm and economic loss.

166.    Based upon information and belief, the Defendants knew of the toxic flooring's defective nature, but continually failed to correct or recall known defects.

167.    Furthermore, Defendants continued to market, promote, manufacture and sell the unnecessarily dangerous toxic flooring so as to maximize sales and profits at the expense of the health and safety of the consuming public and in conscience disregard of foreseeable harm.

168.    The Defendants as manufacturers and distributors had a duty to warn of risks, hazards and/or adverse reactions of which they knew or had reason to know are inherent in the use of its products.

169.    As a direct and proximate result of the defects of the product sold and distributed by the Defendants, the late Dan Allen was caused to seek medical attention, to undergo numerous diagnostic procedures for which Plaintiffs have incurred expenses and will incur expenses and damages, which expenses are capable of precise calculation.

WHEREFORE, as a result of the Defendants' negligent, reckless, intentional, willful or wanton conduct, the Plaintiffs suffered loss and will continue

to suffer loss for the rest of their lives and demand damages to make them whole for past and future loss to the maximum extent allowed under the law. Plaintiffs demand judgment in an amount deemed just and reasonable, together with interests and costs against each of the Defendants.

## COUNT FOURTEEN

### DEFECTIVE DESIGN/MANUFACTURING/DISTRIBUTION

170.   The Plaintiffs repeat and reallege each and every allegation contained in the foregoing and subsequent paragraphs of this Complaint, with the same force and effect as if expressly set forth herein.

171.   When the product left the manufacturer, it was defective in that the gravity of danger posed by the product was unacceptable according to the manufacturers own specifications and minimum accepted industry standards, the likelihood of the defect was such that danger would arise, the feasibility of a safer alternative was readily available, the financial cost of an improved design was reasonable and is accepted by the Defendants, and that the adverse consequences of the product would result in harm to the Plaintiffs and that the adverse consequences could be eliminated by the Defendant.

172.   The manufacturing process used by the Defendant was defective as were the inspection and testing.

173.   The propensity of the problem as sold when compared with those the Defendants intended it to have admittedly results in the acceptance by the Defendant that the deviation from the design rendered the product defective.

38

174.    The toxic flooring manufactured and/or supplied by the Defendants was placed into the stream of commerce in a defective and unreasonably dangerous condition and was unnecessarily dangerous.

175.    The toxic flooring manufactured and/or supplied by the Defendants was placed into the stream of commerce in an unnecessarily dangerous condition and was unreasonably dangerous and more dangerous than an ordinary consumer would expect.

176.    The toxic flooring manufactured and/or supplied by the Defendants was placed into the stream of commerce in an unnecessarily dangerous condition and more dangerous than the Defendants admit is a minimally acceptable condition.

177.    As set forth in this Complaint and otherwise, the Defendants knew or should have known of the defective and unnecessarily dangerous condition but continued to manufacture, market, promote, sell and represent to the consuming public, and general public that the unnecessarily dangerous toxic flooring was safe.

178.    They did this for the sole purpose of maximizing sales and profits at the expense of the public health and safety in conscience disregard of the foreseeable harm caused by the unnecessarily dangerous toxic flooring.

179.    As a result of Defendants' practices, Plaintiffs have suffered actual damages in that they have purchased and had implanted the unnecessarily dangerous toxic flooring, which are dangerous and defective and not fit for their intended purpose.

WHEREFORE, as a result of the Defendants' negligent, reckless, intentional, willful or wanton conduct, the Plaintiffs suffered loss and will continue to suffer loss for the rest of their lives and demand damages to make them whole for past and future loss to the maximum extent allowed under the law. Plaintiffs demand judgment in an amount deemed just and reasonable, together with interests and costs against each of the Defendants.

### COUNT FIFTEEN

### INDIVIDUAL LIABILITY BY PIERCING CORPORATE VEIL, FRAUD, AND FURTHER INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

180.    The Plaintiffs repeat and reallege each and every allegation contained in the foregoing and subsequent paragraphs of this Complaint, with the same force and effect as if expressly set forth herein and cast the allegations individually against Defendants Ronald Ryba, Reed J. Seaton and Robert N. Wolesensky, Jr. because they acted with specific intent to commit fraud via a corporate shell game.

181.    Defendants Ronald Ryba, Reed J. Seaton and Robert N. Wolesensky, Jr., individually and as employees, officers and directors of Southwest Recreational Industries, Inc., were the controlling persons of Southwest Recreational Industries, Inc. during all times relevant in this Complaint.

182.    During the years 2001 and 2002, Defendant Seaton served as President and Director of Southwest Recreational Industries, Inc.

183.    During the years 2001 and 2002, Defendant Wolesensky served as Secretary and Director of Southwest Recreational Industries, Inc.

184.    Defendants Ronald Ryba knew of all the problems with the product and process while he contracted with the College of the Holy Cross but nevertheless acted willfully, knowingly and intentionally and acted with malicious forethought by failing to eliminate minimize or warn and sold the job by fraudulently representing the products and process as safe and with no risk and in doing so caused harm to the Plaintiffs.

185.    Defendants Reed J. Seaton and Robert N. Wolesensky, Jr. acted with malicious forethought and design by fraudulently exchanging corporate entities and in doing so caused harm to the Plaintiffs.

186.    Defendants Reed J. Seaton and Robert N. Wolesensky, Jr. both had individual knowledge of the extreme toxic potency of their product and application process as well as the risk to those exposed.

187.    Defendants Reed J. Seaton and Robert N. Wolesensky, Jr. both had individual knowledge of the negligent fashion that their employees historically demonstrated in the application of their highly toxic flooring as well as the risk to those exposed.

188.    Despite this knowledge, Defendants Reed J. Seaton and Robert N. Wolesensky, Jr. intentionally changed corporate identities rather than change the product, the process it is applied by, and/or the corporate procedures, policies and protocols to minimize eliminate and/or warn, and/or to ensure that their highly toxic flooring would not otherwise cause death or serious injury to those exposed.

189.    In unfairly and deceptively changing corporate identities with

41

regularity, Defendants Seaton and Wolesensky had the intent of committing fraud and did commit fraud that caused the Plaintiffs' loss.

190.    On or around July 23, 1999, Defendant Southwest Recreational Industries, Inc. acquired Martin Surfacing, Inc.

191.    On or around July 23, 1999, Martin Surfacing, Inc. underwent a corporate name change to DD Nitram, Inc.

192.    On or around May 23, 2000, DD Nitram, Inc. underwent a corporate name change to Nitram Liquidators, Inc.

193.    At some time between May 23, 2000 and March 11, 2004, the corporate name was again changed to Martin Surfacing, Inc. The facts surrounding this unfair and deceptive change remain within the exclusive possession and control of the defendants.

194.    In 2004, an application was submitted to use the trade name Martin Surfacing, Inc. Defendant Wolesensky was listed as President and Director of Martin Surfacing, Inc.

195.    In the years 2003 and 2004, profit corporation uniform business reports were filed for Southwest Recreational Industries, Inc. with the directors listed as Defendants Seaton and Wolesensky.

196.    On or around February 2004, Southwest Recreational Industries, Inc. filed a Chapter 11 petition for bankruptcy.

197.    On or around March 11, 2004, Martin Surfacing, Inc. underwent a name change to Dynamic Sports Construction, Inc.

198.    The current President and Director of Dynamic Sports Construction,

Inc., located in Leander, Texas, is again Defendant Robert M. Wolesensky, Jr.

199.   Dynamic Sports Construction, Inc. represents on its website:
www.martinsurfacing.com that it is the owner of Martin Surfacing, Inc. and SRI
Sports Inc., synthetic flooring.

200.   Although the corporate identities of the shell companies were
continuously and repetitively changed during the time period of 1999 through
2004, Martin Surfacing, Inc. and Southwest Recreational Industries, Inc. were
listed as the vendors and installers of the field house floor for the College of the
Holy Cross.

201.   Although the corporate identities of the shell companies were
continuously and repetitively changed during the time period of 1999 through
2004, the products used and processes employed remained constant and
Defendants Seaton and Wolesensky profit while others suffer serious and life
altering injury and/or death.

202.   Martin Surfacing, Inc. was listed as a vendor and installer of the
field house floor for the College of the Holy Cross in April 2001, although
corporate filings indicate that Martin Surfacing, Inc. was no longer a corporate
entity. (See Attachment 4).

203.   In the years 2001 and 2002, during the time period when the field
house floor of the College of the Holy Cross was contracted for and resurfaced
by Defendants, Defendants Seaton and Wolesensky intermingled two
corporations with substantial disregard of their corporate nature or corporate
entities.

204.    Defendants Seaton and Wolesensky continue to intermingle two or more corporations with substantial disregard of their corporate nature or corporate entities.

WHEREFORE, as a result of the Defendants' reckless, intentional, willful or wanton conduct, the Plaintiffs suffered loss and will continue to suffer loss for the rest of their lives and demand damages to make them whole for past and future loss to the maximum extent allowed under the law. Plaintiffs demand judgment in an amount deemed just and reasonable, together with interests and costs against each of the Defendants.

## **PRAYER FOR RELIEF**

As a direct result of the Defendants' failures to act and wrongful conduct, the late Dan Allen was caused to suffer severe and permanent personal injuries and eventually suffer a wrongful death. Each member of his family suffered other related loss including but not limited to a loss of consortium. Each Plaintiff individually and/or in their representative capacity demands judgment in an amount deemed just and reasonable as outlined above for their past and future loss. Each likewise makes demand to be made whole to the maximum extent allowed under the law together with interests, costs and punitive damages against each of the Defendants individually.

  a) As to each Plaintiff's loss of consortium, they pray that damages for the spouse's loss of consortium and for each child's loss of companionship be awarded as separate parts of a single damage award;

b) As to the loss of financial support to the presumed beneficiaries, each Plaintiff requests that they be awarded compensation for their loss as separate parts of a single damage award recovered for the benefit of all statutory beneficiaries;

c) Because Laura Allen and each child suffered emotional distress in the form of severe psychological shock resulting from directly witnessing and experiencing the effects of the Defendants' wrongful conduct over the time period from exposure through the rapid deterioration and eventual death, said suffering not simply grief and anguish attendant upon the death of a family member but much more of the late Dan Allen, each claims they be awarded their own individual damages;

d) Laura Allen and each child requests that they be awarded the fair monetary value and/or the value of the reasonably expected net income of the decedent in accordance with the statutory scheme enunciated in G.L. c. 229, §1;

e) Laura Allen and each child demands that they be awarded in a single sum damages for the conscious pain and suffering on the part of the decedent in accordance with G.L. c. 229, §6;

f) Laura Allen and each child demands that they be provided with compensatory damages for the fair monetary value of the decedent's net income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice in

45

accordance with G.L. c. 229, §1 and that these damages be held by the Executor/Administrator Plaintiff as Trustee for the statutory beneficiaries;

g) Laura Allen and each child demands that they be provided with fair and reasonable funeral burial expenses incurred on behalf of the decedent in the amount of $30,000 pursuant to G.L. c. 229, §6A;

h) Enter judgment in favor of Plaintiffs for actual damages and for all other relief, in an amount to be proved at trial, as to which they may be entitled, for interest, attorneys' fees, expert fees and costs of this suit;

i) Award treble damages and/or punitive damages together with attorney fees and costs under 93A;

j) Award prejudgment and post judgment interest as provided by law; and

k) Enjoin the Defendants from selling their product in the Commonwealth without first eliminating, minimizing and warning of the danger presented; and

l) Award such further relief, as this Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

The Plaintiffs hereby demand a jury trial as to all issues in this action.

Respectfully submitted,

Dated:  January 24, 2005

Robert J. Bonsignore, Esq.
BBO No. 547880
Bonsignore & Brewer
23 Forest Street
Medford, MA  02155
(781) 391-9400

47

## COMMONWEALTH OF MASSACHUSETTS

**WORCESTER, SS:**

**SUPERIOR COURT OF**
**CIVIL ACTION NO. 04-0881 A**

LAURA ALLEN, INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF THE
LATE DAN ALLEN, AND AS NEXT FRIEND OF
TAYLOR ALLEN AND DANIELLE ALLEN AND
MARK ALLEN,

      Plaintiffs,

v.

MARTIN SURFACING, INC.; MARTIN
SURFACING, A DIVISION OF SOUTHWEST
RECREATION; RONALD RYBA; SOUTHWEST
RECREATIONAL INDUSTRIES, INC. d/b/a
MARTIN SURFACING; REED J. SEATON;
ROBERT N. WOLESENSKY, JR., DYNAMIC
SPORTS CONSTRUCTION, INC. AND DOES,

      Defendants.



RECEIVED

MAR 1 7 2005

C. . . . . . . COURTS
WORCESTER COUNTY

### SUGGESTION OF BANKRUPTCY

      PLEASE TAKE NOTICE that on February 13, 2004, Southwest Recreational Industries,

Inc. d/b/a & a/k/a Martin Surfacing, Inc. filed a Voluntary Petition seeking relief under Chapter 11

of the United States Bankruptcy Code for the Northern District of Georgia. Please take further

notice that the automatic stay of 11 USC § 362 bars and prohibits the commencement or

continuation of litigation against these entities and/or any act or action against the assets of

these entities without the express approval and permission of the Bankruptcy Court. A true and

correct copy of the Voluntary Petition is attached hereto as Exhibit "A."

      This 3rd day of March, 2005.

MCKENNA LONG & ALDRIDGE LLP

Henry F. Sewell, Jr., Esq.
Georgia Bar No. 636265

303 Peachtree Street, NE, Suite 5300
Atlanta, GA 30308
Telephone: (404) 527-8120
Fax:  (404) 527-4198
Attorneys for Ronald L. Glass, Chapter 11 Bankruptcy Trustee
For Southwest Recreational Industries, Inc. d/b/a Martin Surfacing, Inc.

RR(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>Northern District of  Georgia | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**SOUTHWEST RECREATIONAL INDUSTRIES, INC.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names):<br><br>**See attached schedule.** | All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Soc. Sec./Tax I.D. No. (if more than one, state all):<br>**74-2315598** | Soc. Sec./Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**701 Leander Drive<br>Leander, Texas  78641** | Street Address of Joint Debtor (No. & Street, City, State, & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:  **Williamson** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>**P.O. Box 589, Leander, Texas  78646** | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above) | **CA, CO, GA, IL, KS, NJ, OH, TX and WA<br>(On a consolidated basis with its debtor affiliates)** |

**Information Regarding the Debtor (Check the Applicable Boxes)**

Venue (Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

| **Type of Debtor** (Check all boxes that apply) | | **Chapter or Section of Bankruptcy Code Under Which<br>the Petition is Filed** (Check one box) |
|---|---|---|
| ☐ Individual(s)<br>☒ Corporation<br>☐ Partnership<br>☐ Other _____ | ☐ :Railroad<br>☐ :Stockbroker<br>☐ :Commodity Broker<br>☐  Clearing Bank | ☐ Chapter 7    ☒ Chapter 11    ☐ Chapter 13<br>☐ Chapter 9    ☐ Chapter 12    ☐ Sec. 304 - Case ancillary to foreign proceeding |

| **Nature of Debts** (Check one box)<br>☐ Consumer /Non-Business    ☒    Business | **Filing Fee** (Check one box)<br>☒ Full Filing Fee attached. |
|---|---|
| **Chapter 11 Small Business** (Check all boxes that apply)<br>☐ Debtor is a small business as defined in 11 U.S.C. §101<br>☐ Debtor is and elects to be considered a small business under<br>11 U.S.C. § 1121(e) (Optional) | Filing Fee to be paid in installments (Applicable to individuals only)<br>Must attach signed application for the court's consideration<br>certifying that the debtor is unable to pay fee except in installments.<br>Rule 1006(b). See Official Form No. 3. |

| Statistical/Administrative Information (Estimates only) **On a consolidated basis as at 12/31/03** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|

☒ Debtor estimates that funds will be available for distribution to unsecured creditors.

☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available
 for distribution to unsecured creditors.

| Estimated Number of Creditors | 1 - 15<br>☐ | 16 - 49<br>☐ | 50 - 99<br>☐ | 100 - 199<br>☐ | 200 - 999<br>☐ | 1,000 – over<br>☒ |
|---|---|---|---|---|---|---|

| Estimated Assets | | | | | | |
|---|---|---|---|---|---|---|
| $0 to<br>$50,000<br>☐ | $100,001 to<br>$500,000<br>☐ | $500,001 to<br>$1 million<br>☐ | $1,000,001 to<br>$10 million<br>☐ | $10,000,001 to<br>$50 million<br>☐ | $50,000,001 to<br>$100 million<br>☐ | More than<br>$100 million<br>☒ |

| Estimated Debts | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to<br>$50,000<br>☐ | $50,001 to<br>$100,000<br>☐ | $100,001 to<br>$500,000<br>☐ | $500,001 to<br>$1 million<br>☐ | $1,000,001 to<br>$10 million<br>☐ | $10,000,001 to<br>$50 million<br>☐ | $50,000,001 to<br>$100 million<br>☒ | More than<br>$100 million<br>☐ |

EXHIBIT A

(Official Form 1) (12/03)

FORM B1, Page 2

| | Name of Debtor(s): | **Southwest Recreational Industries, Inc.** |
|---|---|---|

**Prior Bankruptcy Case Filed Within Last 6 Years** (If more than one, attach additional sheet)

| Location Where Filed: **N/A** | Case Number: | Date Filed: |
|---|---|---|

**Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet)

| Name of Debtor: | Case Number: | Date Filed: |
|---|---|---|
| District: | Relationship: | Judge: |

## Signatures

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

Date; February

**Signature of Attorney**

X  /s/ Matthew W. Levin
Signature of Attorney for Debtor(s)

Matthew W. Levin (Georgia Bar No. 448270)
Printed Name of Attorney for Debtor(s)

Alston & Bird LLP
Firm Name

One Atlantic Center, 1201 West Peachtree St., Atlanta, GA 30309
Address

404-881-7000
Telephone Number

February 13, 2004
Date

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Robert A. Hale
Signature of Authorized Individual

Robert Hale
Printed Name of Authorized Individual

Vice President
Title of Authorized Individual

February   , 2004
Date

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☒     Exhibit A is attached and made a part of this petition.

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X _____
Signature of Attorney for Debtor(s)          Date

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐     Yes, and Exhibit C is attached and made a part of this petition.
☒     No

**Signature of Non-Attorney Petition Preparer**

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number

_____
Address

_____
Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X _____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

## ATTACHMENT TO VOLUNTARY PETITION

Pending Bankruptcy Cases Filed by Affiliates of the Debtor:

On February 13,2004, each of the affiliated entities listed below, including the debtor in this Chapter 11 case (collectively, the "Debtors"), filed a petition in this court for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330. Southwest Recreational Industries, Inc. is the parent corporation of the other Debtors, which are wholly-owned subsidiaries of Southwest Recreational Industries, Inc. Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting that the Court consolidate their Chapter 11 cases for administrative purposes only.

**The Debtors are the following entities:**

Southwest Recreational Industries, Inc.
E.J. Renner & Associates, Inc. d/b/a Malott Peterson Renner, Inc.
AWS Construction, Inc.

## LIST OF TRADENAMES AND D/B/A'S

S.W. Franks Construction Co.
Malott Peterson Renner, Inc.
Martin Surfacing, Inc.
Nexturf
Surfacing Specialists
Ameritech Plastics, Inc.
Five Star Finishing, Inc.
Astroturf Manufacturing Co., Inc.
Astroturf Surfaces Canada Ltd. n/k/a SRI Sports Canada, Inc.
Astroturf Surfaces Pacific Pty Ltd n/k/a SRI Sports Pty Ltd.
Astro Truf International Barbados (dissolved)
Astroturf Europe n/k/a SRI Sports Europe
Astroturf UK (no longer in operation)
Southwest Caribe, Inc.
AstroPlay
Astroturf
SRI Sports

Form B1, Exh. A (9/97)

## Exhibit "A"

[If debtor is required to file periodic reports (*e.g.*, forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11 of the Bankruptcy Code, this Exhibit "A" shall be completed and attached to the petition.]

*[Caption as in Form 16B]*

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA

In re:  **Southwest Recreational Industries, Inc.**
                           Debtor

Case No. **04-** _____
Chapter  **11** _____

### Exhibit "A" to Voluntary Petition

1.      If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is **.N/A**

2.      The following financial data is the latest available information and refers to the debtor's condition on a consolidated basis for the Debtor and its debtor affiliates as at **December 31, 2003.**

| | | | |
|---|---|---|---|
| a. | Total assets | **$101,919,000** | |
| b. | Total debts (including debts listed in 2.c., below) | **$88,052,000** | |

Approximate number of holders

c.      Debt securities held by more than 500 holders.

secured / /      unsecured / /      subordinated / /   $_____      _____

secured / /      unsecured / /      subordinated / /   $_____      _____

secured / /      unsecured / /      subordinated / /   $_____      _____

secured / /      unsecured / /      subordinated / /   $_____      _____

secured / /      unsecured / /      subordinated / /   $_____      _____

d.      Number of shares of preferred stock      _____      _____

e.      Number of shares of common stock      _____ **1,000,000** _____      _____ **1** _____

Comments, if any:_____

3.      Brief description of debtor's business:  **Manufacture and install sports surfaces.**

4.      List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:  **American Sports Systems, Inc. (Non-Debtor)- 100%, which is owned by American Sports Products Group, Inc. (Non-Debtor) 100%.**

## CERTIFICATE OF RESOLUTIONS

The following resolutions were duly adopted at a special meeting of the Board of Directors of the Company duly held on February 12, 2004, and that said resolutions have not been modified or rescinded, and are still in full force and effect on the date hereof:

RESOLVED, that, in the judgment of the Board of Directors, it is desirable and in the best interest of the Company, their creditors, stockholders and other interested parties, that the Company commence a Chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under the provisions of Chapter 11 of Title 11, United States Code (the "Bankruptcy Code"); and

RESOLVED, that Robert A. Hale in his capacity as an officer of the Company (the "Authorized Officer") be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to execute and verify or certify a petition under Chapter 11 of the Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court") at such time as said Authorized Officer executing the same shall determine; and

RESOLVED, that the Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to execute and file all petitions, schedules, lists, and other pleadings and to take any and all action that the Authorized Officer may deem necessary, proper or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of the case; and

RESOLVED, that the law firm of Alston & Bird LLP, 1201 West Peachtree Street, Atlanta, Georgia 30309, be and hereby is employed as attorneys for the Company under a general retainer to represent the Company in its Chapter 11 case; and

RESOLVED, that the firm of Carl Marks Consulting, LLC. 135 East 57th Street, New York, New York 10022, be and hereby is employed as financial advisors for the Company under a general retainer to represent the Company in its Chapter 11 case; and

RESOLVED, that the Authorized Officer be, and hereby is, authorized and empowered on behalf of, and in the name of, the Company to retain and employ other attorneys, investment bankers, accountants, restructuring professionals, financial advisors and other professionals to assist in the Company's Chapter 11 Case on such terms as are deemed necessary, proper or desirable; and

RESOLVED, that the Authorized Officer and any or all agents (including counsel) designated by or directed by any such Authorized Officer, be, and each hereby is, authorized and empowered to cause the Company to enter into, execute, deliver, certify, file and/or record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or ruling of governmental or regulatory authorities, certificates and other documents, and to take such other actions, as in the judgment of such officer shall be or become necessary, proper and desirable to prosecute to a successful completion the Chapter 11 Case, other

obligations, organizational form and structure and ownership of the Company and any pertinent affiliate consistent with the foregoing resolutions and to carry out and put into effect the purposes of the foregoing resolutions and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and

RESOLVED, that any and all past actions heretofore taken by the Authorized Officer of the Company in the name of and on behalf of the Company in furtherance of any or all of the preceding resolutions be, and the same hereby are, ratified, approved and adopted.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| In re | ) | Chapter 11 |
| | ) | |
| Southwest Recreational Industries, Inc.,[1] | ) | Case No. 04 - ____ (___) |
| | ) | |
| Debtor. | ) | |

### DECLARATION CONCERNING THE DEBTORS' CONSOLIDATED LIST OF THE HOLDERS OF THE TWENTY LARGEST GENERAL UNSECURED CLAIMS

I, Robert A. Hale, the Vice President of Southwest Recreational Industries, Inc, a Texas corporation, have reviewed the attached Consolidated List of the Holders of the Twenty Largest General Unsecured Claims, and declare that the information contained therein is true and correct to the best of my knowledge, belief and understanding.

/s/ Robert A. Hale_____
ROBERT A. HALE

---

[1]  The Debtors are the following entities:  (i) Southwest Recreational Industries, Inc.,(ii)  E.J. Renner & Associates, Inc., d/b/a Malott Peterson Renner, Inc., and (iii) AWS Construction, Inc.

Southwest Recreational Industries, Inc., et al.

**Consolidated**
**List of Holders of 20 Largest General Unsecured Claims[2]**

| | Name and Address of Creditor | Contact | Nature of Claim | Indicate if Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Amount |
|---|---|---|---|---|---|
| 1. | Blackstone Mezzanine Partners, L.P. 345 Park Avenue, 28th Floor New York, NY 10154<br><br>Counsel:<br>Mario J. Ippolito, Esq. Paul, Hastings, Janofsky & Walker, LLP 1055 Washington Blvd. Stamford, CT 06901 Fax: 203-359-3031 | Salvatore Gentile Tel: 212-583-5300 Fax: 212-583-5482 | | | $19,637,640 |
| 2. | Martin Surfacing, Inc. c/o Armstrong World Industries, Inc. P.O. Box 3001 2500 Columbia Avenue Lancaster, PA 17604 Attn: Robert Sills, Esq. | Robert Sills Tel: 717-397-0611 717-396-6358 Fax: 717-3966146 | Seller Notes | Disputed | $ 6,309,755 |

---

[2] On a consolidated basis with Southwest Recreational Industries, Inc and its debtor affiliates as of February 6, 2004

| | Name and Address of Creditor | Contact | Nature of Claim | Indicate if Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Amount |
|---|---|---|---|---|---|
| 3. | General Electric Capital Corporation<br><br>Counsel:<br>J. Douglas Bacon, Esq.<br>Latham & Watkins LLP<br>Sears Tower, Suite 5800<br>233 South Wacker Drive<br>Chicago, IL 60606<br>Phone: 312-876-7700<br>Facsimile: 312-993-9767 | Counsel:<br>J. Douglas Bacon<br>Tel: 312-876-7700<br>Fax: 312-993-9767 | | | $ 3,272,940 |
| 4. | Nexcel Synthetics<br>P.O. Box 714730<br>Columbus, OH 43271-4730 | Tel: 205-655-8817<br>Fax: 256-825-6812 | | | $  531,810 |
| 5. | BASF Nederland<br>Postbus 1019<br>6801 MC Arnhem<br>Netherlands | Tel: 263 717171<br>Fax: 112 637 17524 | | | $  489,150 |
| 6. | Bank One Commercial<br>Card Services<br>P.O. Box 73661<br>Chicago, IL 60673-7661 | Tel: 800-316-6056<br>Fax: 866-282-3011 | | | $  364,506 |

| | Name and Address of Creditor | Contact | Nature of Claim | Indicate if Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Amount |
|---|---|---|---|---|---|
| 7. | Specialized Construction, Inc.<br>711 Harvard Avenue<br>Cuyahoga Hts., OH 44105 | Tel: 216-271-3363<br>Fax: 216-271-5310 | | | $ 290,988 |
| 8. | Zurich U.S.<br>1031 Paysphere Circle<br>Chicago, IL 60674-8745 | Tel: 214-866-1316<br>Fax: 214-866-1329 | | | $ 268,958 |
| 9. | Eker Brothers, Inc.<br>2865 Rufina Street<br>Santa Fe, NM 87507 | Tel: 505-473-9815<br>Fax: 505-473-9728 | | | $ 222,188 |
| 10. | Huntsman Corporation<br>P.O. Box 371263<br>Pittsburgh, PA 15251-7263 | Tel: 713-235-6073<br>Fax: 713-235-6881 | | | $ 221,653 |
| 11. | Les Installations Sportives<br>De Fargo<br>2249 rue Brunelle<br>Carignan, QU J3L 3P9 | Attn: Sylvain Leclair<br>Tel: 514-990-1182<br>Fax: 450-447-9095 | | | $ 205,901 |
| 12. | Whitfield County Tax<br>Commissioner<br>100 W. Walnut Avenue<br>Suite 140<br>Dalton, GA 30720-8424 | Attn: Danny W. Sane<br>Tel: 706-275-7510<br>Fax: 706-275-7524 | | | $ 203,909 |

| | Name and Address of Creditor | Contact | Nature of Claim | Indicate if Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Amount |
|---|---|---|---|---|---|
| 13. | Westar Construction, Inc. 5720 Ranch Road 2338 Georgetown, TX 78628 | Tel: 512-930-0580 Fax: 512-930-0590 | | | $ 192,814 |
| 14. | ACT Technologies P.O. Box 279 Dalton, GA 30722-0279 | Tel: 706-226-6038 Fax: 706-217-2805 | | | $ 180,978 |
| 15. | Dryco Construction 5275 Central Avenue Fremont, CA 94536 | Tel: 510-713-6500 Fax: 510-713-6510 | | | $ 166,219 |
| 16. | Lano Carpets PB 200 Harlebeke, ZZ  B-8530 | Tel: 325-673-7311 Fax: 325-673-7419 | | | $ 156,285 |
| 17. | Solutia, Inc. c/o Wachovia Bank P.O. Box 75098 Charlotte, NC 28275-5098 | Tel: 314-997-8625 Fax: 314-674-7098 | | | $ 151,616 |
| 18. | AmSouth Bank P.O. Box 830859 A.H.P.4 Birmingham, AL  35283-0859 | Tel: 800-267-6884 | | | $ 139,804 |
| 19.. | McGraw Hill Construction 7625 Collection Center Drive Chicago, IL  60693-0076 | Tel: 800-393-6343 | | | $ 131,156 |

| | Name and Address of Creditor | Contact | Nature of Claim | Indicate if Claim is Contingent, Unliquidated, Disputed or Subject to Setoff | Amount |
|---|---|---|---|---|---|
| 20. | United Rental - National Account<br>525 Julie Rivers Drive - Suite 200<br>Sugarland, TX 77487 | Beverly Parr<br>Tel: 281-340-4800<br>Fax: 281-240-3905 | | | $ 131,056 |
| 21. | BayOne Urethane Systems LLC<br>Dept. CH 14124<br>Palatine, IL 60055-4124 | | | | $ 125,772 |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day filed a true and correct copy of *Suggestion of Bankruptcy* upon all parties to this matter via U.S. Mail, postage prepaid, to ensure delivery as follows:

> Robert J. Bonsignore, Esq.
> Bonsignore & Brewer
> 23 Forest Street
> Medford, MA  02155

This ___ day of March, 2005.

McKenna Long & Aldridge LLP

Henry F. Sewell, Jr.
Ga. Bar No. 636265

303 Peachtree St., NE
Suite 5300
Atlanta, GA 30308

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

SUPERIOR COURT
CIVIL ACTION NO:  04-0881-A

|  |  |
|---|---|
| LAURA ALLEN INDIVIDUALLY AND LAURA ALLEN INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF THE LATE DAN ALLEN, AND AS NEXT FRIEND OF TAYLOR ALLEN AND DANIELLE ALLEN; AND MARK ALLEN       Plaintiffs, | ) ) ) ) ) ) ) ) |
| v. | ) ) ) |
| MARTIN SURFACING, INC.; MARTIN SURFACING A DIVISION OF SOUTHWEST RECREATION; RONALD RYBA; SOUTHWEST RECREATIONAL INDUSTRIES, INC. d/b/a MARTIN SURFACING;  REED J. SEATON; ROBERT N. WOLESENSKY,  JR.; DYNAMIC SPORTS CONSTRUCTION, INC.  AND DOES       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## ANSWER FOR DEFENDANT, DYNAMIC SPORTS CONSTRUCTION, INC., TO PLAINTIFFS' FIRST AMENDED COMPLAINT

Comes now Defendant, Dynamic Sports Construction, Inc. ("Dynamic"), by counsel, and for its Answer to Plaintiffs' First Amended Complaint herein, makes the following admissions, denials, statements and defenses.

### FIRST DEFENSE

The First Amended Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The narrative diatribe labeled "Introduction" in the First Amended Complaint does not set forth distinct and separate allegations and, therefore, no response to that section is necessary. However, to the extent that section does contain allegations of a legal or factual nature, Dynamic denies them in their entirety.

## THIRD DEFENSE

The defendant, Dynamic, responds to the allegations in the Plaintiffs' First Amended Complaint as follows:

1-11.  Dynamic is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 and, therefore, denies the same.

12.  Dynamic denies the allegations contained in Paragraph 12.

13.  Dynamic is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraph 13 and, therefore, denies the same.

14.  Dynamic denies the allegations contained in Paragraph 14.

15.  Dynamic admits the allegations contained in Paragraph 15.

16-18. Dynamic denies the allegations contained in Paragraphs 16, 17 and 18.

19-42. Dynamic is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41 and 42 and, therefore, denies the same.

43.  Dynamic denies the allegations contained in Paragraph 43.

44-46. Dynamic is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraphs 44, 45 and 46 and, therefore, denies the same.

47.    Dynamic denies the allegations contained in Paragraph 47.

48.    Dynamic is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraph 48 and, therefore, denies the same.

49-50. Dynamic denies the allegations contained in Paragraphs 49 and 50.

51-52. Dynamic is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraphs 51 and 52 and, therefore, denies the same.

53-55. Dynamic denies the allegations in Paragraphs 53, 54 and 55.

56.    Dynamic admits the allegations contained in Paragraph 56.

57.    Dynamic is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraph 57 and, therefore, denies the same.

58-66. Dynamic denies the allegations contained in Paragraphs 58, 59, 60, 61, 62, 63, 64, 65, and 66.

67-68. Dynamic is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraphs 67 and 68.

69-75. Dynamic denies the allegations in Paragraphs 69, 70, 71, 72, 73, 74, and 75 and, therefore, denies the same.

76.    Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 76.

3

77-87. Dynamic denies the allegations contained in Paragraphs 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, and 87.

88.    Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 88.

89-93. Dynamic is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraphs 89, 90, 91, 92, and 93 and, therefore, denies the same.

94-95. Dynamic denies the allegations contained in Paragraphs 94 and 95.

96.    Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 96.

97-98. Dynamic denies the allegations contained in Paragraphs 97 and 98.

99.    Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 99.

100-101.    Dynamic denies the allegations contained in Paragraphs 100 and 101.

102.    Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 102.

103-104.    Dynamic denies the allegations contained in Paragraphs 103 and 104.

4

105.   Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 105.

106.   Dynamic denies the allegations contained in Paragraph 106.

107.   Dynamic is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraph 107 and, therefore, denies the same.

108-109.   Dynamic denies the allegations contained in Paragraphs 108 and 109.

110.   Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 110.

111-120.   Dynamic denies the allegations contained in Paragraphs 111, 112, 113, 114, 115, 116, 117, 118, 119, and 120.

121.   Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 121.

122-126.   Dynamic denies the allegations contained in Paragraphs 122, 123, 124, 125, and 126.

127.   Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 127.

128-133.   Dynamic denies the allegations contained in Paragraphs 128, 129, 130, 131, 132, and 133.

134.   Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 134.

135-139.    Dynamic denies the allegations contained in Paragraphs 135, 136, 137, 138, and 139.

140.   Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 140.

141-143.    Dynamic denies the allegations contained in Paragraphs 141, 142, and 143.

144.   Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 144.

145-154.    Dynamic denies the allegations contained in Paragraphs 145, 146, 147, 148, 149, 150, 151, 152, 153, and 154.

155.   Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 155.

156-169.    Dynamic denies the allegations contained in Paragraphs 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, and 169.

170.   Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 170.

171-179.    Dynamic denies the allegations contained in Paragraphs 171, 172, 173, 174, 175, 176, 177, 178 and 179.

180.    Dynamic incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 180.

181-189.    Dynamic is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraphs 181, 182, 183, 184, 185, 186, 187, 188 and 189 and, therefore, denies the same.

190.    In regards to the allegations contained in Paragraph 190, Dynamic admits that Southwest Recreational Industries, Inc. acquired only certain assets from Martin Surfacing, Inc. around July 23, 1999.  However, Dynamic denies the balance of the allegations contained in Paragraph 190.

191-192.    Dynamic admits the allegations contained in Paragraphs 191 and 192.

193.    Dynamic denies the allegations contained in Paragraph 193.

194-196.    Dynamic admits the allegations contained in Paragraphs 194, 195, and 196.

197.    In respect to the allegations contained in Paragraph 197, Dynamic admits that due to the Southwest bankruptcy in February 2004, the newly formed Martin Surfacing, Inc. underwent a corporate name change to Dynamic Sports Construction, Inc.

198.    Dynamic admits the allegations contained in Paragraph 198.

7

199.   In respect to the allegations contained in Paragraph 199, Dynamic admits the company website, located at www.martinsurfacing.com, asserts that Dynamic is the owner of the former ProTurf, Martin Surfacing, Inc. and SRI Sports Indoor lines of synthetic flooring. However, Dynamic denies the balance of the allegations contained in Paragraph 199.

200-201.   Dynamic denies the allegations contained in Paragraphs 200 and 201.

202.   Dynamic is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraph 202 and, therefore, denies the same.

203-204.   Dynamic denies the allegations contained in Paragraphs 203 and 204.

Dynamic denies all allegations in the First Amended Complaint not specifically admitted to be true herein, denies all allegations and claims for relief in the WHEREFORE paragraphs of the First Amended Complaint and denies that Plaintiffs are entitled to any relief requested in their Prayer for Relief or anywhere else in the First Amended Complaint.

## AFFIRMATIVE DEFENSES

### FOURTH DEFENSE

Plaintiffs' claims against Dynamic are barred, in whole or in part, by operation of the applicable statutes of limitations.

### FIFTH DEFENSE

Plaintiffs' claims against Dynamic are barred, in whole or in part, by Plaintiffs' failure to timely pursue said claims and the First Amended Complaint should be dismissed pursuant to the doctrine of laches.

8

## SIXTH DEFENSE

Plaintiffs' claims against Dynamic are barred, in whole or in part, by a lack of personal jurisdiction over Dynamic.

## SEVENTH DEFENSE

By way of affirmative defense, the Defendant, Dynamic, states that it was not willful, wanton and reckless.

## EIGHTH DEFENSE

Plaintiffs' claims against Dynamic are barred, in whole or in part, by the acts or omissions on the part of other parties or non-parties over whom Dynamic had no responsibility or control.

## NINTH DEFENSE

Plaintiffs' claims against Dynamic are barred, in whole or in part, by the operation of an intervening and/or superseding cause on the part of other parties over which Dynamic had no responsibility or control.

## TENTH DEFENSE

By way of affirmative defense, the Defendant, Dynamic, states that if the Plaintiffs are entitled to recover from the Defendant for the alleged wrongful death of the Plaintiffs' decedent, the Plaintiff may recover no more than $4,000, pursuant to M.G.L. c. 229, §1.

## ELEVENTH DEFENSE

Plaintiffs' claims against Dynamic for punitive damages are barred, in whole or in part, by the applicable provisions of the U.S. Constitution and the Massachusetts Constitution regarding due process of law and the imposition of excessive fines.

9

## TWELFTH DEFENSE

The Defendant, Dynamic, states that the Plaintiff, the decedent and/or the decedent's survivors, may not recover any damages for pain and suffering, including mental suffering, associated with their alleged injuries, under M.G.L., c.231, §6D.

## THIRTEENTH DEFENSE

The Defendant, Dynamic, states that the Plaintiffs are not entitled to any recovery pursuant to M.G.L. c. 93A because the Defendant did not commit an unfair or deceptive trade practice.

## FOURTEENTH DEFENSE

The Defendant, Dynamic, states that the Plaintiffs' claims are preempted by federal statutes and regulations concerning the product which is the subject of this matter.

## FIFTEENTH DEFENSE

The Defendant, Dynamic, states that the Plaintiffs are barred from recovery because they cannot be established that the product at issue was not safe and merchantable at the time of supply

## SIXTEENTH DEFENSE

The Defendant, Dynamic, states that the Plaintiffs' injuries and damages were caused by an unforeseeable misuse of the product described in the Plaintiffs' First Amended Complaint.

## SEVENTEENTH DEFENSE

The Defendant, Dynamic, states that it did not sell or lease the product in question.

10

## EIGHTEENTH DEFENSE

The Defendant, Dynamic, states that any alleged failure to warn was not causally related to the Plaintiffs' claimed damages.

## NINETEENTH DEFENSE

The Defendant, Dynamic, states that it claims all defenses as identified in Correia v. Firestone Tire & Rubber Company, 388 Mass. 342 (1983).

## TWENTIETH DEFENSE

The Defendant, Dynamic, states that Plaintiffs' claims are barred because the Plaintiffs knew of the alleged hazard involved and proceeded to use the product at issue in this case.

## TWENTY-FIRST DEFENSE

The Defendant, Dynamic, states that the alleged warranties in the Plaintiffs' Complaint were not made or were disclaimed.

## TWENTY-SECOND DEFENSE

The Defendant, Dynamic, states that the Plaintiffs are not entitled to any recovery pursuant to M.G.L. c. 93A because the Plaintiffs did not comply with the conditions precedent to the bringing of this action, as required by M.G.L. c. 93A, §9(3).

WHEREFORE, Dynamic demands judgment dismissing Plaintiffs' First Amended Complaint with prejudice together with the costs and disbursements of this action.

11

## JURY CLAIM

The defendant, Dynamic Sports Construction, Inc., demands a trial by jury on all issues.

Respectfully submitted,
The defendant,
DYNAMIC SPORTS CONSTRUCTION, INC.
By its attorneys,

Lee Stephen MacPhee
Gareth W. Notis
MORRISON MAHONEY, LLP
250 Summer Street
Boston, Massachusetts  02210
(617) 439-7500

AND

P. Douglas Barr
Lindsey W. Ingram III
Alison Lundergan
STOLL, KEENON & PARK, LLP[1]
300 West Vine Street
Suite 2100
Lexington, Kentucky  40507
(859) 231-3000

---

[1] The named attorneys of Stoll, Keenon & Park, LLP will tender appropriate *pro hac vice* papers in the near future.

12

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing has been served, via U.S. Mail, this _7_ day of March, 2005, upon the following:

Robert J. Bonsignore, Esq.
Bonsignore & Brewer
23 Forest Street
Medford, MA 02155

_____
Lee Stephen MacPhee

X:\LITIGATE\Dynamic Sports Construction - Inc - 106038\Allen - 120077\Answer Dynamic.doc

13

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

SUPERIOR COURT
CIVIL ACTION NO: 04-0881-A

LAURA ALLEN INDIVIDUALLY AND LAURA
ALLEN INDIVIDUALLY AND AS
ADMINISTRATRIX OF THE ESTATE OF
THE LATE DAN ALLEN, AND AS NEXT
FRIEND OF TAYLOR ALLEN AND
DANIELLE ALLEN; AND MARK ALLEN
          Plaintiffs,

v.

MARTIN SURFACING, INC.; MARTIN
SURFACING A DIVISION OF SOUTHWEST
RECREATION; RONALD RYBA;
SOUTHWEST RECREATIONAL
INDUSTRIES, INC. d/b/a MARTIN
SURFACING; REED J. SEATON; ROBERT
N. WOLESENSKY, JR.; DYNAMIC
SPORTS CONSTRUCTION, INC. AND
DOES
          Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## ANSWER FOR DEFENDANT, ROBERT M. WOLESENSKY, JR., TO PLAINTIFFS' FIRST AMENDED COMPLAINT

     Comes now Defendant, Robert M. Wolesensky, Jr., incorrectly identified in the

First Amendment Complaint as Robert N. Wolesensky, by counsel, and for his Answer

to Plaintiffs' First Amended Complaint herein, makes the following admissions, denials,

statements and defenses.

### FIRST DEFENSE

     The First Amended Complaint fails to state a claim upon which relief can be

granted.

### SECOND DEFENSE

The narrative diatribe labeled "Introduction" in the First Amended Complaint does not set forth distinct and separate allegations and, therefore, no response to that section is necessary. However, to the extent that section does contain allegations of a legal or factual nature, Robert M. Wolesensky, Jr. denies them in their entirety.

### THIRD DEFENSE

The defendant, Robert M. Wolesensky, Jr. ("Mr. Wolesensky"), responds to the allegations in the Plaintiffs' First Amended Complaint as follows:

1-11. Mr. Wolesensky is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraphs 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11 and, therefore, denies the same.

12-14. Mr. Wolesensky denies the allegations contained in Paragraphs 12, 13 and 14.

15.    Mr. Wolesensky admits the allegations contained in Paragraph 15.

16-18. Mr. Wolesensky denies the allegations contained in Paragraphs 16, 17 and 18.

19-42. Mr. Wolesensky is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraphs 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41 and 42.

43.    Mr. Wolesensky denies the allegations contained in Paragraph 43.

44-46. Mr. Wolesensky is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraphs 44, 45 and 46 and, therefore, denies the same.

47-50. Mr. Wolesensky denies the allegations contained in Paragraphs 47, 48, 49 and 50.

2

51-52. Mr. Wolesensky is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraphs 51 and 52 and, therefore, denies the same.

53-55. Mr. Wolesensky denies the allegations in Paragraphs 53, 54 and 55.

56.    Mr. Wolesensky admits the allegations in Paragraph 56.

57.    Mr. Wolesensky is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraph 57 and, therefore, denies the same.

58-66. Mr. Wolesensky denies the allegations contained in Paragraphs 58, 59, 60, 61, 62, 63, 64, 65 and 66.

67.68. Mr. Wolesensky is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraphs 67 and 68 and, therefore, denies the same.

69-75. Mr. Wolesensky denies the allegations contained in Paragraphs 69, 70, 71, 72, 73, 74 and 75.

76.    Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 76.

77-87. Mr. Wolesensky denies the allegations contained in Paragraphs 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, and 87.

88.    Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 88.

89-93. Mr. Wolesensky is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraphs 89, 90, 91, 92, and 93 and, therefore, denies the same.

94-95. Mr. Wolesensky denies the allegations contained in Paragraphs 94 and 95.

96.    Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 96.

97-98. Mr. Wolesensky denies the allegations contained in Paragraphs 97 and 98.

99.    Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 99.

100-101.    Mr. Wolesensky denies the allegations contained in Paragraphs 100 and 101.

102.    Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 102.

103-104.    Mr. Wolesensky denies the allegations contained in Paragraphs 103 and 104.

105.    Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 105.

4

106.    Mr. Wolesensky denies the allegations contained in Paragraph 106.

107.    Mr. Wolesensky is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraph 107 and, therefore, denies the same.

108-109.    Mr. Wolesensky denies the allegations contained in Paragraphs 108 and 109.

110.    Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 110.

111-120.    Mr. Wolesensky denies the allegations contained in Paragraphs 111, 112, 113, 114, 115, 116, 117, 118, 119, and 120.

121.    Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 121.

122-126.    Mr. Wolesensky denies the allegations contained in Paragraphs 122, 123, 124, 125 and 126.

127.    Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 127.

128-133.    Mr. Wolesensky denies the allegations contained in Paragraphs 128, 129 and 130, 131, 132, and 133.

134.   Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 134.

135-139.    Mr. Wolesensky denies the allegations contained in Paragraphs 135, 136, 137, 138 and 139.

140.   Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 140.

141-143.    Mr. Wolesensky denies the allegations contained in Paragraphs 141, 142, and 143.

144.   Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 144.

145-154.    Mr. Wolesensky denies the allegations contained in Paragraphs 145, 146, 147, 148, 149, 150, 151, 152, 153 and 154.

155.   Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 155.

156-169.    Mr. Wolesensky denies the allegations contained in Paragraphs 156, 157, 158, 159, 160, 161, 162, 163, 164, 165, 166, 167, 168, and 169.

170.   Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 170.

171-179.    Mr. Wolesensky denies the allegations contained in Paragraphs 171, 172, 173, 174, 175, 176, 177, 178, and 179.

180.    Mr. Wolesensky incorporates all admissions, denials, statements and defenses set forth herein in respect to the allegations so repeated and re-alleged in Paragraph 180.

181.    Mr. Wolesensky denies the allegations contained in Paragraph 181.

182-183.    Mr. Wolesensky admits the allegations contained in Paragraphs 182 and 183.

184-189.    Mr. Wolesensky denies the allegations contained in Paragraphs 184, 185, 186, 187, 188, and 189.

190.    In respect to the allegations in Paragraph 190, Mr. Wolesensky admits that Southwest Recreational Industries, Inc. acquired only certain assets from Martin Surfacing, Inc. around July 23, 1999. However, Mr. Wolesensky denies the balance of the allegations in Paragraph 190.

191-192.    Mr. Wolesensky admits the allegations contained in Paragraphs 191 and 192.

193.    Mr. Wolesensky denies the allegations contained in Paragraph 193.

194-196.    Mr. Wolesensky admits the allegations contained in Paragraphs 194, 195, and 196.

197.    In respect to the allegations contained in Paragraph 197, Mr. Wolesensky admits that due to the Southwest bankruptcy in February 2004, the newly formed Martin Surfacing, Inc. underwent a corporate name change to Dynamic Sports Construction, Inc.

7

198.    Mr. Wolesensky admits the allegations contained in Paragraph 198.

199.    In respect to the allegations contained in Paragraph 199, Mr. Wolesensky admits the company website for Dynamic Sports Construction, Inc., located at www.martinsurfacing.com, asserts that Dynamic is the owner of the former ProTurf, Martin Surfacing, Inc. and SRI Sports Indoor lines of synthetic flooring. However, Mr. Wolesensky denies the balance of the allegations in Paragraph 199.

200-201.    Mr. Wolesensky denies the allegations contained in Paragraphs 200 and 201.

202.    Mr. Wolesensky is without information or knowledge sufficient to form a belief as to truth of the allegations contained in Paragraph 202 and, therefore, denies the same.

203-204.    Mr. Wolesensky denies the allegations in Paragraphs 203 and 204.

Mr. Wolesensky denies all allegations in the First Amended Complaint not specifically admitted to be true herein, denies all allegations and claims for relief in the WHEREFORE paragraphs of the First Amended Complaint and denies that Plaintiffs are entitled to any relief requested in their Prayer for Relief or anywhere else in the First Amended Complaint

## **AFFIRMATIVE DEFENSES**

### FOURTH DEFENSE

Plaintiffs' claims against Mr. Wolesensky are barred, in whole or in part, by operation of the applicable statutes of limitations.

## FIFTH DEFENSE

Plaintiffs' claims against Mr. Wolesensky are barred, in whole or in part, by Plaintiffs' failure to timely pursue said claims and the First Amended Complaint should be dismissed pursuant to the doctrine of laches.

## SIXTH DEFENSE

Plaintiffs' claims against Mr. Wolesensky are barred, in whole or in part, by a lack of personal jurisdiction over Mr. Wolesensky.

## SEVENTH DEFENSE

By way of affirmative defense, the Defendant, Mr. Wolesensky, states that he was not willful, wanton and reckless.

## EIGHTH DEFENSE

Plaintiffs' claims against Mr. Wolesensky are barred, in whole or in part, by the acts or omissions on the part of other parties or non-parties over whom Mr. Wolesensky had no responsibility or control.

## NINTH DEFENSE

Plaintiffs' claims against Mr. Wolesensky are barred, in whole or in part, by the operation of an intervening and/or superseding cause on the part of other parties over which Mr. Wolesensky had no responsibility or control.

## TENTH DEFENSE

By way of affirmative defense, the Defendant, Mr. Wolesensky, states that if the Plaintiffs are entitled to recover from the Defendant for the alleged wrongful death of the Plaintiffs' decedent, the Plaintiff may recover no more than $4,000, pursuant to M.G.L. c. 229, §1.

## ELEVENTH DEFENSE

Plaintiffs' claims against Mr. Wolesensky for punitive damages are barred, in whole or in part, by the applicable provisions of the U.S. Constitution and the Massachusetts Constitution regarding due process of law and the imposition of excessive fines.

## TWELFTH DEFENSE

The Defendant, Mr. Wolesensky, states that the Plaintiff, the decedent and/or the decedent's survivors, may not recover any damages for pain and suffering, including mental suffering, associated with their alleged injuries, under M.G.L., c.231, §6D.

## THIRTEENTH DEFENSE

Plaintiffs' claims against Mr. Wolesensky are barred, in whole or in part, because Mr. Wolesensky cannot be held individually liable, under the facts or circumstances set forth in the Amended Complaint, for the alleged acts or omissions of any corporate entity, pursuant to "piercing the corporate veil" or any other legal theory.

## FOURTEENTH DEFENSE

The Defendant, Mr. Wolesensky, states that the Plaintiffs' claims are preempted by federal statutes and regulations concerning the product which is the subject of this matter.

## FIFTEENTH DEFENSE

The Defendant, Mr. Wolesensky, states that the Plaintiffs are barred from recovery because they cannot be established that the product at issue was not safe and merchantable at the time of supply

## SIXTEENTH DEFENSE

The Defendant, Mr. Wolesensky, states that the Plaintiffs' injuries and damages were caused by an unforeseeable misuse of the product described in the Plaintiffs' First Amended Complaint.

## SEVENTEENTH DEFENSE

The Defendant, Mr. Wolesensky, states that he did not sell or lease the product in question.

## EIGHTEENTH DEFENSE

The Defendant, Mr. Wolesensky, states that any alleged failure to warn was not causally related to the Plaintiffs' claimed damages.

## NINETEENTH DEFENSE

The Defendant, Mr. Wolesensky, states that it claims all defenses as identified in Correia v. Firestone Tire & Rubber Company, 388 Mass. 342 (1983).

## TWENTIETH DEFENSE

The Defendant, Mr. Wolesensky, states that Plaintiffs' claims are barred because the Plaintiffs knew of the alleged hazard involved and proceeded to use the product at issue in this case.

## TWENTY-FIRST DEFENSE

The Defendant, Mr. Wolesensky, states that the alleged warranties in the Plaintiffs' Complaint were not made or were disclaimed.

## TWENTY-SECOND DEFENSE

The Defendant, Mr. Wolesensky, states that the Plaintiffs are not entitled to any recovery pursuant to M.G.L. c. 93A because the Plaintiffs did not comply with the conditions precedent to the bringing of this action, as required by M.G.L. c. 93A, §9(3).

## TWENTY-THIRD DEFENSE

The Defendant, Mr. Wolesensky, states that the Plaintiffs are not entitled to any recovery pursuant to M.G.L. c. 93A because the Defendant did not commit an unfair or deceptive trade practice.

WHEREFORE, Mr. Wolesensky demands judgment dismissing Plaintiffs' First Amended Complaint with prejudice together with the costs and disbursements of this action.

## JURY CLAIM

The Defendant, Robert M. Wolesensky, Jr., requests a trial by jury as to all issues so triable.

Respectfully submitted,
The Defendant,
Robert M. Wolesensky, Jr.
By His Attorneys,

Lee Stephen MacPhee, BBO # 312400
Gareth W. Notis, BBO # 637814
MORRISON MAHONEY, LLP
250 Summer Street
Boston, Massachusetts  02210
(617) 439-7500

AND

P. Douglas Barr    (6wN 3/7/05)
Lindsey W. Ingram III
Alison Lundergan
STOLL, KEENON & PARK, LLP[1]
300 West Vine Street
Suite 2100
Lexington, Kentucky  40507
(859) 231-3000

---

[1] The named attorneys of Stoll, Keenon & Park, LLP will tender appropriate *pro hac vice* papers in the near future.

13

## CERTIFICATE OF SERVICE

This is to certify that a true and accurate copy of the foregoing has been served, via U.S. Mail, this 7th day of March, 2005, upon the following:

Robert J. Bonsignore, Esq.
Bonsignore & Brewer
23 Forest Street
Medford, MA 02155

Lee Stephen MacPhee

X:\LITIGATE\Dynamic Sports Construction - Inc - 106038\Allen - 120077\Answer Wolesensky.doc

14

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss.                                    SUPERIOR COURT
                                                  CIVIL ACTION NO. 04-0881 A

LAURA ALLEN, INDIVIDUALLY AND AS        )
ADMINISTRATRIX OF THE ESTATE OF         )
DAN ALLEN, AND AS NEXT FRIEND OF        )
TAYLOR ALLEN AND DANIELLE ALLEN,        )
and MARK ALLEN,                         )
              Plaintiffs                )
                                        )
v.                                      )
                                        )
                                        )
MARTIN SURFACING, INC.; MARTIN          )
SURFACING, A DIVISION OF SOUTHWEST      )
RECREATION; RONALD RYBA;                )
SOUTHWEST RECREATIONAL                  )
INDUSTRIES, INC., d/b/a MARTIN          )
SURFACING; REED J. SEATON; ROBERT N.    )
WOLESENSKY, JR.; DYNAMIC SPORTS         )
CONSTRUCTION, INC. AND DOES,            )
              Defendants                )

## NOTICE OF APPEARANCE

TO THE CLERK OF THE ABOVE NAMED COURT:

    Kindly enter our appearance as attorneys for the defendant, Reed J. Seaton, in the above-captioned matter.

REED J. SEATON

By his attorneys,

Joseph M. Noone (BBO #559644)
James T. Sullivan (BBO #565700)
AVERY, DOOLEY, POST & AVERY, LLP
90 Concord Avenue
Belmont, MA  02478
(617) 489-5300

Dated:  March 10, 2005

## CERTIFICATE OF SERVICE

I, Joseph M. Noone, Esquire, hereby certify that I have this 10th day of March, 2005, forwarded the within *Notice of Appearance* to all counsel of record by delivering same, first class mail, postage prepaid, to:

Robert J. Bonsignore, Esquire
BONSIGNORE & BREWER
23 Forest Street
Medford, MA 02155

Lee Stephen MacPhee, Esquire
MORRISON, MAHONEY & MILLER, LLP
250 Summer Street
Boston, MA 02210

Joseph M. Noone (BBO #559644)
James T. Sullivan (BBO #565700)
AVERY, DOOLEY, POST & AVERY, LLP
90 Concord Avenue
Belmont, MA 02478
(617) 489-5300

-2-

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No.

LAURA ALLEN INDIVIDUALLY AND
AS ADMINISTRATRIX OF THE ESTATE
OF THE LATE DAN ALLEN, AND AS
NEXT FRIEND OF TAYLOR ALLEN
AND DANIELLE ALLEN; AND MARK
ALLEN

                                   Plaintiff (s)

Reed J. Seaton                              v.
Southwest Recreational Industries,
Inc.
701 Leander Drive
Leander, TX 78641

                                   Defendant (s)

**SUMMONS**

Robert J. Bonsignore
Bonsignore & Brewer
23 Forest Street
Medford, MA 02155

\*      To the above-named Defendant:

        You are hereby summoned and required to serve upon ......................................................................

........................................................................................................................................, plaintiff's attorney,

whose address is ............................................................................................................................

an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

        Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

        Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the.............................
day of ...........................................................................................in the year of our Lord two thousand and



                                                            **Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

        PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
        CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*      NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
        if you claim to have a defense, either you or your attorney must serve a copy of your written
        answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
        Court, Room 21.

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...................................................................................................................................................
20............, I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

..........................................................................................................................................................................................................

..........................................................................................................................................................................................................

..........................................................................................................................................................................................................

Dated: ........................................., 20...................... .

## N.B. TO PROCESS SERVER:

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| , 20 |

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No.

............ Plaintiff

v.

............ Defendant

SUMMONS

(Mass. R. Civ. P. 4)

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action**

No.

LAURA ALLEN INDIVIDUALLY AND
AS ADMINISTRATRIX OF THE ESTATE
OF THE LATE DAN ALLEN, AND AS
NEXT FRIEND OF TAYLOR ALLEN
AND DANIELLE ALLEN; AND MARK
ALLEN

**Plaintiff (s)**

**SUMMONS**

Robert N. Wolesensky, Jr.                    v.
Southwest Recreational Industries,
Inc.
701 Leander Drive
Leander, TX  78641

**Defendant (s)**

Robert J. Bonsignore
Bonsignore & Brewer
23 Forest Street
Medford, MA  02155

\*     To the above-named Defendant:

You are hereby summoned and required to serve upon .....................................................................................

whose address is ............................................................................................., plaintiff's attorney,
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the.................................
day of ......................................................in the year of our Lord two thousand  and
........................ .



**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED:  TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*

NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
Court, Room 21.

# PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...........................................................................................

20............, I served a copy of the within summons, together with a copy of the complaint in this action,

upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

..........................................................................................................................................................

..........................................................................................................................................................

..........................................................................................................................................................

Dated: ..................................................... 20...................... .

**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.



, 20

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No.

Plaintiff

v.

Defendant

SUMMONS

(Mass. R. Civ. P. 4)

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

**Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action**

No.

LAURA ALLEN INDIVIDUALLY AND
AS ADMINISTRATRIX OF THE ESTATE
OF THE LATE DAN ALLEN, AND AS
NEXT FRIEND OF TAYLOR ALLEN
AND DANIELLE ALLEN; AND MARK
ALLEN

)
)
)
**Plaintiff (s)** )
)
v. )
)
Dynamic Sports Construction, Inc. )
301 Sonny Drive )
Leander, TX 78641 )
**Defendant (s)**

# SUMMONS

Robert J. Bonsignore
Bonsignore & Brewer
23 Forest Street
Medford, MA 02155

✱    To the above-named Defendant:

You are hereby summoned and required to serve upon,
.............................................................................................., plaintiff's attorney,
whose address is ...................................................................................................
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the..............................
day of ..................................................................in the year of our Lord two thousand and
..........................  .



**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

✱    NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
     if you claim to have a defense, either you or your attorney must serve a copy of your written
     answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior
     Court, Room 21.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ...............................................................................................................
20............., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P 4(d) (1-5):

...............................................................................................................................................................

...............................................................................................................................................................

...............................................................................................................................................................

Dated: ......................................................, 20....................... .


**N.B. TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

, 20

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Civil Action

No.

Plaintiff

Defendant

SUMMONS

(Mass. R. Civ. P. 4)

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. *04-0881A*

*Dan and Laura Allen*

Plaintiff (s)

v.

*Martin Surfacing, Inc,
et all.*

Defendant (s)

)
)
)
)
)
)
)
)
)

**SUMMONS**

* To the above-named Defendant *Southwest Regional Industries, Inc.,
16 AH Rd; Hurt Valley, MD 40 30.*

You are hereby summoned and required to serve upon *Robert J. Busignani Lagasi gasies to Brauer* plaintiff's attorney, whose address is *23 Lantal ..., Medford, MA 0155* an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the..........................
day of ...............................................................in the year of our Lord two thousand  and
...................... .

*Louigh Lumourey*

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No.  *04- 08#1 A*

*Dan and Laura Allen*

              **Plaintiff (s)**

v.

*Martin Surfacing Inc,
et al.*

              **Defendant (s)**

**SUMMONS**

\*   To the above-named Defendant: *Martin Surfacing Inc., 16 Alt Rd, Hunt Valley, MD*

You are hereby summoned and required to serve upon *Robert J. Roosignare, Roosignare & Brophy*, plaintiff's attorney, whose address is *23 Main St, Medford MA 01155*, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the...........................
day of .................................................................in the year of our Lord two thousand and
...................... .

*Louis J. Lamoureux*

              **Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

\*   NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office Superior Court, Room 21.

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No.    04-0881 A

*Dan and Laura Allen*

Plaintiff (s)

v.

*Martin Surfacing Inc.,
et al*

Defendant (s)

SUMMONS

* To the above-named Defendant: *Martin Surfacing Inc,
701 Leander Dr., Leander, TX 08647*

You are hereby summoned and required to serve upon *Robert Bonsignore
Bonsignore + Brewer* plaintiff's attorney,
whose address is *23 Forest St., Medford, MA 02155*
an answer to the complaint which is herewith served upon you, within 20 days after
service of this summons upon you, exclusive of the day of service. If you fail to do so,
judgement by default will be taken against you for the relief demanded in the complaint.
You are also required to file your answer to the complaint in the SUPERIOR COURT
Department of the Trial Court at WORCESTER either before service upon plaintiff's
attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-
claim any claim which you may have against the plaintiff which arises out of the
transaction of occurrence that is the subject matter of the plaintiff's claim or you will
thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the..........................
day of ...............................................................in the year of our Lord two thousand and
..........................

*Francis A. Ford*

Clerk

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to that particular defendant.

*

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT —
CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but
if you claim to have a defense, either you or your attorney must serve a copy of your written
answer within 20 days as specified herein AND also file the original in the Clerk's Office. Superior

# COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Department of the Trial Court
of the Commonwealth
Civil Action

No. *04-0881-A*

*Dan and Laura Allen*

Plaintiff (s)

v.

*Martin Surfacing Inc.*
*et al.*

Defendant (s)

**SUMMONS**

)
)
)
)
)
)
)
)
)

* To the above-named Defendant: *Martin Surfacing Inc., 3001 E. Lincoln Drive, Marlton, N.J.*

You are hereby summoned and required to serve upon *Robert J. Bonsignore, Bonsignore & Brewer,* whose address is *23 Forest St., Medford, MA 02155* plaintiff's attorney, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT Department of the Trial Court at WORCESTER either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counter-claim any claim which you may have against the plaintiff which arises out of the transaction of occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, SUZANNE V. DEL VECCHIO, Esquire, at Worcester, the...........................
day of ..................................................................in the year of our Lord two thousand and
........................ .

*Dwight Lamoureux*

**Clerk**

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to that particular defendant.

PLEASE CIRCLE TYPE OF ACTION INVOLVED: TORT — MOTOR VEHICLE TORT — CONTRACT EQUITABLE RELIEF — CH. 93A — MEDICAL MALPRACTICE — OTHER.

* NOTICE TO DEFENDANT: You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein AND also file the original in the Clerk's Office, Superior Court, Room 21.

JS 44 (Rev. 11/04)

**05-40048**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

See attached sheet

**DEFENDANTS**

See attached sheet

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

See attached sheet

Attorneys (If Known)

See attached sheet

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **28 U.S.C. Section 1332**

Brief description of cause: **wrongful death**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE  3/16/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**1. (a) Plaintiffs**
LAURA ALLEN INDIVIDUALLY AND
AS ADMINISTRATRIX OF THE ESTATE
OF THE LATE DAN ALLEN, AND AS
NEXT FRIEND OF TAYLOR ALLEN
AND DANIELLE ALLEN;
AND MARK ALLEN

**Defendants**
MARTIN SURFACING, INC.; MARTIN
SURFACING, A DIVISION OF
SOUTHWEST RECREATION;
RONALD RYBA; SOUTHWEST
RECREATIONAL INDUSTRIES, INC.
d/b/a MARTIN SURFACING; REED J.
SEATON; ROBERT M. WOLESENSKY,
JR., DYNAMIC SPORTS
CONSTRUCTION, INC. AND DOES

**1. (c) Plaintiffs' Attorney's firm name, address and telephone number**
Robert J. Bonsignore
Bonsignore & Brewer
23 Forest Street
Medford, Massachusetts  02155
(781) 391-9400

**Defendants' Attorneys**
Lee Stephen MacPhee
Gareth W. Notis
MORRISON MAHONEY, LLP
250 Summer Street
Boston, Massachusetts  02210
(617) 439-7500

and

P. Douglas Barr
Lindsey W. Ingram III
Alison Lundergan
STOLL, KEENON & PARK, LLP
300 West Vine Street
Suite 2100
Lexington, Kentucky  40507
(859) 231-3000

# 05-40048

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)    **Laura Allen v. Martin Surfacing, Inc.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

   [ ]  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [ ]  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   [X]  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   [ ]  IV.   220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   [ ]  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [X]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division [ ]    Central Division [X]    Western Division [ ]

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division [ ]    Central Division [ ]    Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [X]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   **Lee Stephen MacPhee and Gareth W. Notis**
ADDRESS  **Morrison Mahoney, LLP, 250 Summer St., Boston, MA 02210**
TELEPHONE NO.  **617-439-7500**

(CategoryForm.wpd - 2/15/05)