UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LAURA ALLEN, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF DAN ALLEN, AND AS NEXT FRIEND OF TAYLOR ALLEN AND DANIELLE ALLEN, and MARK ALLEN, Plaintiffs | ) ) ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 05-40048-FDS |
| MARTIN SURFACING, INC.; MARTIN SURFACING, A DIVISION OF SOUTHWEST RECREATION; RONALD RYBA; SOUTHWEST RECREATIONAL INDUSTRIES, INC., d/b/a MARTIN SURFACING; REED J. SEATON; ROBERT N. WOLESENSKY, JR.; DYNAMIC SPORTS CONSTRUCTION, INC. AND DOES, Defendants | ) ) ) ) ) ) ) ) ) ) | |

## ANSWER AND JURY CLAIM OF DEFENDANT, REED J. SEATON

NOW, comes the defendant, Reed J. Seaton, and in response to plaintiffs' First Amended Complaint, says as follows:

### INTRODUCTION

To the extent the introduction to Plaintiffs' First Amended Complaint is deemed to raise any allegations as against this defendant regarding purported wrongdoing, negligence, gross negligence, breach of warranties, violation of any statute and/or any other cause or causes of action, the same are denied. Further, this defendant denies that he caused any injury or damage to plaintiffs. It is further denied that the plaintiffs sustained any harm and/or damage as alleged or, if the plaintiffs did sustain any harm and/or damage, it is denied that the same resulted proximately from any act and/or omission on the part of this defendant.

## PARTIES

## PLAINTIFFS

1.      To the extent the averments in this paragraph are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made.

2.      To the extent the averments in this paragraph are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made.

3.      To the extent the averments in this paragraph are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made.

4.      To the extent the averments in this paragraph are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made.

5.      To the extent the averments in this paragraph are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made.

6.      To the extent the averments in this paragraph are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the allegations made.

## DEFENDANTS

7.      The allegations in this paragraph are directed to a party other than this defendant and, as such, no response is required.  To the extent a response may be required and to the extent the averments in this paragraph are directed to this defendant, the same are denied.

8.    The allegations in this paragraph are directed to a party other than this defendant and, as such, no response is required.  To the extent a response may be required and to the extent the averments in this paragraph are directed to this defendant, the same are denied.

9.    The allegations in this paragraph are directed to a party other than this defendant and, as such, no response is required.  To the extent a response may be required and to the extent the averments in this paragraph are directed to this defendant, the same are denied.

10.    The allegations in this paragraph are directed to a party other than this defendant and, as such, no response is required.  To the extent a response may be required and to the extent the averments in this paragraph are directed to this defendant, the same are denied.

11.    The allegations in this paragraph are directed to a party other than this defendant and, as such, no response is required.  To the extent a response may be required and to the extent the averments in this paragraph are directed to this defendant, the same are denied.

12.    The allegations in this paragraph are directed to a party other than this defendant and, as such, no response is required.  To the extent a response may be required and to the extent the averments in this paragraph are directed to this defendant, the same are denied.

13.    The allegations in paragraph 13 of the First Amended Complaint are admitted in part and denied in part. The allegations are admitted only insofar as to this defendant's address. The remaining averments are denied.

14.    The allegations in this paragraph are directed to a party other than this defendant and, as such, no response is required.  To the extent that a response may be required, the averments contained in this paragraph are denied.

15.    The allegations in this paragraph are directed to a party other than this defendant and, as such, no response is required.  To the extent that a response may be required, the averments in this paragraph are admitted.

16.    The allegations in this paragraph are directed to a party other than this defendant and, as such, no response is required.  To the extent that a response may be required, the averments in this paragraph are denied and no "attachments" are attached to the Complaint.

17.    The allegations in this paragraph are directed to a party other than this defendant and, as such, no response is required.  To the extent that a response may be required, the averments in this paragraph are denied and no "attachments" are attached to the Complaint.

## FACTUAL ALLEGATIONS

18.    To the extent that the allegations in paragraph 18 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

19.    To the extent that the allegations in paragraph 19 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

20.    To the extent that the allegations in paragraph 20 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

21.    To the extent that the allegations in paragraph 21 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

22.    To the extent that the allegations in paragraph 22 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

23.    To the extent that the allegations in paragraph 23 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

24.    To the extent that the allegations in paragraph 24 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

25.    To the extent that the allegations in paragraph 25 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

26.    To the extent that the allegations in paragraph 26 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

27.    To the extent that the allegations in paragraph 27 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

28.    To the extent that the allegations in paragraph 28 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

29.   To the extent that the allegations in paragraph 29 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

30.   To the extent that the allegations in paragraph 30 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

31.   To the extent that the allegations in paragraph 31 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

32.   To the extent that the allegations in paragraph 32 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

33.   To the extent that the allegations in paragraph 33 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

34.   To the extent that the allegations in paragraph 34 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

35.   To the extent that the allegations in paragraph 35 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

36.   To the extent that the allegations in paragraph 36 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

37.     To the extent that the allegations in paragraph 37 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

38.     To the extent that the allegations in paragraph 38 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

39.     To the extent that the allegations in paragraph 39 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

40.     To the extent that the allegations in paragraph 40 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

41.     To the extent that the allegations in paragraph 41 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

42.     To the extent that the allegations in paragraph 42 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

43.     To the extent that the allegations in paragraph 43 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

44.     To the extent that the allegations in paragraph 44 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

45.    To the extent that the allegations in paragraph 45 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

46.    To the extent that the allegations in paragraph 46 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

47.    To the extent that the allegations in paragraph 47 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

48.    To the extent that the allegations in paragraph 48 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

49.    To the extent that the allegations in paragraph 49 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

50.    To the extent that the allegations in paragraph 50 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

51.    To the extent that the allegations in paragraph 51 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

52.    To the extent that the allegations in paragraph 52 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

53.    To the extent that the allegations in paragraph 53 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

54.    To the extent that the allegations in paragraph 54 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

55.    To the extent that the allegations in paragraph 55 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

56.    To the extent that the allegations in paragraph 56 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

57.    To the extent that the allegations in paragraph 57 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

58.    To the extent that the allegations in paragraph 58 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

59.    To the extent that the allegations in paragraph 59 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

60.    To the extent that the allegations in paragraph 60 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

-9-

61.     To the extent that the allegations in paragraph 61 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

62.     To the extent that the allegations in paragraph 62 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

63.     To the extent that the allegations in paragraph 63 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

64.     To the extent that the allegations in paragraph 64 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

65.     To the extent that the allegations in paragraph 65 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

66.     To the extent that the allegations in paragraph 66 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

67.     To the extent that the allegations in paragraph 67 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

68.     To the extent that the allegations in paragraph 68 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

69.    To the extent that the allegations in paragraph 69 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

70.    To the extent that the allegations in paragraph 70 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

71.    To the extent that the allegations in paragraph 71 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

72.    To the extent that the allegations in paragraph 72 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

73.    To the extent that the allegations in paragraph 73 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

74.    To the extent that the allegations in paragraph 74 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

DOE DEFENDANTS

75.    To the extent that the allegations in paragraph 75 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

## COUNT I

### WRONGFUL CONDUCT INCLUDING NEGLIGENT FAILURE TO ELIMINATE, MINIMIZE OR WARN OF KNOWN HAZARD AND FAILURE TO ADEQUATELY TRAIN OR SUPERVISE

76.     This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-75, above.

77.     To the extent that the allegations in paragraph 77 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

78.     To the extent that the allegations in paragraph 78 of the First Amended Complaint are directed to this defendant, the same are denied.

79.     To the extent that the allegations in paragraph 79 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

80.     The allegations in this paragraph are directed to a party or parties other than this defendant and, as such, no response is required.

81.     To the extent that the allegations in paragraph 81 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

82.     To the extent that the allegations in paragraph 82 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

83.     To the extent that the allegations in paragraph 83 of the First Amended Complaint are directed to this defendant, the same are denied.

84.     To the extent that the allegations in paragraph 84 of the First Amended Complaint are directed to this defendant, the same are denied.

85.    To the extent that the allegations in paragraph 85 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

86.    To the extent that the allegations in paragraph 86 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

87.    To the extent that the allegations in paragraph 87 of the First Amended Complaint are directed to this defendant, the same are denied.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

## COUNT II

### LOSS OF CONSORTIUM AND FOR OTHER
### RELIEF AVAILABLE UNDER G.L. C.229

88.    This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-87, above.

89.    To the extent that the allegations in paragraph 89 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

90.    To the extent that the allegations in paragraph 90 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

91.    To the extent that the allegations in paragraph 91 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

92.     To the extent that the allegations in paragraph 92 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

93.     To the extent that the allegations in paragraph 93 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

94.     To the extent that the allegations in paragraph 94 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

95.     To the extent that the allegations in paragraph 95 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

## COUNT III

## CONSCIOUS PAIN AND SUFFERING

96.     This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-95, above.

97.     To the extent that the allegations in paragraph 97 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

98.     To the extent that the allegations in paragraph 98 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

## COUNT IV

### WRONGFUL DEATH CAUSED BY
### GROSSLY NEGLIGENT CONDUCT

99.     This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-98, above.

100.    To the extent that the allegations in paragraph 100 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

101.    To the extent that the allegations in paragraph 101 of the First Amended Complaint are directed to this defendant, the same are denied.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

## COUNT V

### WRONGFUL DEATH CAUSED BY RECKLESS,
### WILLFUL OR WANTON CONDUCT

102.    This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-101, above.

103.    To the extent that the allegations in paragraph 103 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

104.    To the extent that the allegations in paragraph 104 of the First Amended Complaint are directed to this defendant, the same are denied.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

COUNT VI

VIOLATION OF M.G.L. c.93A

105.    This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-104, above.

106.    To the extent that the allegations in paragraph 106 of the First Amended Complaint are directed to this defendant, the same are denied.

107.    To the extent that the allegations in paragraph 107 of the First Amended Complaint are directed to this defendant, the same are admitted.

108.    To the extent that the allegations in paragraph 108 of the First Amended Complaint are directed to this defendant, the same are denied.

109.    To the extent that the allegations in paragraph 109 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

COUNT VII

WRONGFUL CONDUCT

110.    This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-109, above.

111.    To the extent that the allegations in paragraph 111 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

112.    To the extent that the allegations in paragraph 112 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

113.    To the extent that the allegations in paragraph 113 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

114.    To the extent that the allegations in paragraph 114 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

115.    To the extent that the allegations in paragraph 115 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

116.    To the extent that the allegations in paragraph 116 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

117.    To the extent that the allegations in paragraph 117 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

118.    To the extent that the allegations in paragraph 118 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

119.    To the extent that the allegations in paragraph 119 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

120.    To the extent that the allegations in paragraph 120 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

## COUNT VIII

## STRICT LIABILITY

121.    This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-120, above.

122.    To the extent that the allegations in paragraph 122 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

123.    To the extent that the allegations in paragraph 123 of the First Amended Complaint are directed to this defendant, the same are denied.

124.    To the extent that the allegations in paragraph 124 of the First Amended Complaint are directed to this defendant, the same are denied.

125.    To the extent that the allegations in paragraph 125 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

126.    To the extent that the allegations in paragraph 126 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

COUNT IX

BREACH OF WARRANTY

127.    This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-126, above.

128.    To the extent that the allegations in paragraph 128 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

129.    To the extent that the allegations in paragraph 129 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

130.    To the extent that the allegations in paragraph 130 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

131.    To the extent that the allegations in paragraph 131 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

132.    To the extent that the allegations in paragraph 132 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

133.    To the extent that the allegations in paragraph 133 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

COUNT X

FURTHER VIOLATIONS OF M.G.L. 93A

134.    This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-133, above.

135.    To the extent that the allegations in paragraph 135 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

136.    To the extent that the allegations in paragraph 136 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

137.    To the extent that the allegations in paragraph 137 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

138.    To the extent that the allegations in paragraph 138 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

139.    To the extent that the allegations in paragraph 139 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

COUNT XI

NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

140.    This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-139, above.

141.    To the extent that the allegations in paragraph 141 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

142.    To the extent that the allegations in paragraph 142 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

143.    To the extent that the allegations in paragraph 143 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

COUNT XII

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

144.    This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-143, above.

-21-

145.    To the extent that the allegations in paragraph 145 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

146.    To the extent that the allegations in paragraph 146 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

147.    To the extent that the allegations in paragraph 147 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

148.    To the extent that the allegations in paragraph 148 of the First Amended Complaint are directed to this defendant, the same are denied.

149.    To the extent that the allegations in paragraph 149 of the First Amended Complaint are directed to this defendant, the same are denied.

150.    To the extent that the allegations in paragraph 150 of the First Amended Complaint are directed to this defendant, the same are denied.

151.    To the extent that the allegations in paragraph 151 of the First Amended Complaint are directed to this defendant, the same are denied.

152.    To the extent that the allegations in paragraph 152 of the First Amended Complaint are directed to this defendant, the same are denied.

153.    To the extent that the allegations in paragraph 153 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

154.    To the extent that the allegations in paragraph 154 of the First Amended Complaint are directed to this defendant, the same are denied.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

COUNT XIII

FURTHER FAILURE TO WARN

155.    This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-154, above.

156.    To the extent that the allegations in paragraph 156 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

157.    To the extent that the allegations in paragraph 157 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

158.    To the extent that the allegations in paragraph 158 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

159.    To the extent that the allegations in paragraph 159 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

160.    To the extent that the allegations in paragraph 160 of the First Amended Complaint are directed to this defendant, the same are denied.

161.    To the extent that the allegations in paragraph 161 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

162.    To the extent that the allegations in paragraph 162 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

163.    To the extent that the allegations in paragraph 163 of the First Amended Complaint are directed to this defendant, the same are denied.

164.    To the extent that the allegations in paragraph 164 of the First Amended Complaint are directed to this defendant, the same are denied.

(a)–(l)  To the extent that the allegations in subparagraphs (a) through (l) of paragraph 164 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

165.    To the extent that the allegations in paragraph 165 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

166.    To the extent that the allegations in paragraph 166 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

167.    To the extent that the allegations in paragraph 167 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

168.    To the extent that the allegations in paragraph 168 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

169.    To the extent that the allegations in paragraph 169 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

## COUNT XIV

## DEFECTIVE DESIGN/MANUFACTURING/DISTRIBUTION

170.    This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-169, above.

171.    To the extent that the allegations in paragraph 171 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

172.    To the extent that the allegations in paragraph 172 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

173.    To the extent that the allegations in paragraph 173 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

174.    To the extent that the allegations in paragraph 174 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

175.    To the extent that the allegations in paragraph 175 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

176.    To the extent that the allegations in paragraph 176 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

177.    To the extent that the allegations in paragraph 177 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

178.    To the extent that the allegations in paragraph 178 of the First Amended Complaint are directed to this defendant, the same are denied.

179.    To the extent that the allegations in paragraph 179 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

## COUNT XV

## INDIVIDUAL LIABILITY BY PIERCING CORPORATE VEIL, FRAUD, AND FURTHER INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

180.    This defendant repeats, realleges and incorporates by reference herein, as if set forth at length, paragraphs 1-179, above.

181.    To the extent that the allegations in paragraph 181 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same, and as this averment makes a legal conclusion.

182.    To the extent that the allegations in paragraph 182 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

183.    To the extent that the allegations in paragraph 183 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

184.    To the extent that the allegations in paragraph 184 of the First Amended Complaint are directed to this defendant, the same are denied.

185.    To the extent that the allegations in paragraph 185 of the First Amended Complaint are directed to this defendant, the same are denied.

186.    To the extent that the allegations in paragraph 186 of the First Amended Complaint are directed to this defendant, the same are denied.

187.    To the extent that the allegations in paragraph 187 of the First Amended Complaint are directed to this defendant, the same are denied.

188.    To the extent that the allegations in paragraph 188 of the First Amended Complaint are directed to this defendant, the same are denied.

189.    To the extent that the allegations in paragraph 189 of the First Amended Complaint are directed to this defendant, the same are denied.

190.    To the extent that the allegations in paragraph 190 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

191.    To the extent that the allegations in paragraph 191 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

192.    To the extent that the allegations in paragraph 192 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

193.    The allegations in paragraph 193 of the First Amended Complaint are admitted in part and denied in part. The allegations are admitted insofar as the name of the corporation referred to was changed back to Martin Surfacing, Inc. The remaining averments are denied.

194.    To the extent that the allegations in paragraph 194 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

195.    To the extent that the allegations in paragraph 195 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

196.    To the extent that the allegations in paragraph 196 of the First Amended Complaint are directed to this defendant, the same are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

197.    The allegations in paragraph 197 of the First Amended Complaint are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

198.    The allegations in paragraph 198 of the First Amended Complaint are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

199.    The allegations in paragraph 199 of the First Amended Complaint are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

200.    The allegations in paragraph 200 of the First Amended Complaint are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same.

201.    To the extent that the allegations in paragraph 201 of the First Amended Complaint are directed to this defendant, the same are denied.

202.    The allegations in paragraph 202 of the First Amended Complaint are denied, as this defendant is without sufficient information or knowledge to form a belief as to the truth or falsity of the same, and as no "Attachment 4" was, in fact, attached to the First Amended Complaint.

203.    To the extent that the allegations in paragraph 203 of the First Amended Complaint are directed to this defendant, the same are denied.

204.    To the extent that the allegations in paragraph 204 of the First Amended Complaint are directed to this defendant, the same are denied.

WHEREFORE, this defendant, Reed J. Seaton, denies any and all liability herein and demands judgment in his favor, together with costs, interest, attorneys fees, and such other relief as the Court deems fair and reasonable.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this litigation.

### SECOND DEFENSE

The Court lacks jurisdiction over the person of this defendant, Reed J. Seaton.

### THIRD DEFENSE

The venue is improper.

### FOURTH DEFENSE

There has been an insufficiency of process.

-29-

## FIFTH DEFENSE

There has been an insufficiency of the service of process.

## SIXTH DEFENSE

The plaintiffs' First Amended Complaint, and/or each denominated count of the same, fails to state a claim upon which relief may be granted.

## SEVENTH DEFENSE

The respective claims of the plaintiffs are barred, in whole or in part, by the applicable statutes of limitations.

## EIGHTH DEFENSE

The alleged injuries and/or damages for which the plaintiffs seek recovery herein were the proximate result of a *force majeur* or Act of God.

## NINTH DEFENSE

The alleged injuries and/or damages for which the plaintiffs seek recovery herein were the proximate result of the negligence of the plaintiffs' decedent and/or his agents, servants and/or employees. As such, any recovery of the plaintiffs herein should be barred or limited by plaintiffs' decedent's degree of comparative negligence and/or the negligence of his agents, servants and/or employees herein.

## TENTH DEFENSE

The alleged injuries and/or damages for which the plaintiffs seek recovery herein were the proximate result of the negligence of a party or parties for whose acts and/or omissions this defendant is not and was not responsible, legally or otherwise.

## ELEVENTH DEFENSE

This defendant denies making any warranties, express or implied, to plaintiffs.

## TWELFTH DEFENSE

This defendant owed the plaintiffs no duty, as is alleged.

## THIRTEENTH DEFENSE

There was no privity of contract between the plaintiffs' decedent and this defendant.

## FOURTEENTH DEFENSE

If any agent, servant, employee and/or other representative of this defendant made any warranties as is alleged (which allegations are denied), then such agents, servants, employees and/or other representatives did so without authority, express or implied.

## FIFTEENTH DEFENSE

Plaintiffs' claims under M.G.L. c. 93A are barred or otherwise limited by the failure of the plaintiffs to provide proper and sufficient notice pursuant to §9 of the same.

## SIXTEENTH DEFENSE

The plaintiffs' decedent was not, at any time relevant hereto, engaged in the conduct of any trade or commerce.

## SEVENTEENTH DEFENSE

This defendant says that the plaintiffs' sole remedy for any alleged injuries or damages claimed herein was and is to be found under the provisions of c. 152 of the Massachusetts General Laws (The Worker's Compensation Act).

## EIGHTEENTH DEFENSE

This defendant says that plaintiffs' causes of action are barred and/or limited under the provisions of c. 152 of the Massachusetts General Laws, including, but not limited to injury by a fellow servant.

## NINETEENTH DEFENSE

The material or materials installed at the request of the College of the Holy Cross were not unreasonably dangerous, nor was the installation of the same a dangerous or hazardous activity.

## TWENTIETH DEFENSE

The alleged injuries and/or damages allegedly sustained by the plaintiffs were not the result of the materials installed at the College of the Holy Cross, but were the proximate result of other and/or unknown causes.

## TWENTY-FIRST DEFENSE

Recovery by the plaintiffs herein is barred or otherwise limited under the doctrine of unclean hands.

## TWENTY-SECOND DEFENSE

Recovery by the plaintiffs herein is barred or otherwise limited under the doctrine of laches.

## TWENTY-THIRD DEFENSE

Recovery by the plaintiffs herein is barred or otherwise limited under the doctrine of collateral estoppel or issue preclusion.

## TWENTY-FOURTH DEFENSE

Recovery by the plaintiffs herein is barred or otherwise limited under the Doctrine Res Judicata or claim preclusion.

## TWENTY-FIFTH DEFENSE

Recovery by the plaintiffs herein is barred or otherwise limited by the plaintiffs' spoliation of evidence herein, which resulted in prejudice to this defendant.

## TWENTY-SIXTH DEFENSE

Strict liability is not a cognizable cause of action in the Commonwealth of Massachusetts and any claims therefor are of no effect.

## TWENTY-SEVENTH DEFENSE

Plaintiffs' claims for punitive damages herein are barred and/or limited because the standard for determining liability for punitive damages under Massachusetts law and/or procedure is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim. Therefore, any award of punitive damages would violate this defendant's due process rights under the Constitutions of the United States and of the Commonwealth of Massachusetts.

## TWENTY-EIGHTH DEFENSE

Plaintiffs' claims for damages pursuant to M.G.L. c. 93A herein are barred and/or limited because the standard for determining liability for damages under Massachusetts law and/or procedure is vague and arbitrary and does not define with sufficient clarity the conduct or mental state which gives rise to such a claim or sufficiently define what conduct is "unfair" and/or "deceptive." Therefore, any award of damages under c. 93A would violate this defendant's due process rights under the Constitutions of the United States and of the Commonwealth of Massachusetts.

## TWENTY-NINTH DEFENSE

Plaintiffs' claims for punitive damages are barred and/or limited because there are no meaningful standards for determining the amount of any punitive damage award under Massachusetts law, and because Massachusetts law does not identify or state with sufficient clarity the consequences of conduct giving rise to a claim for punitive damages. As such, any

award of punitive damages would violate this defendant's due process rights under the Constitutions of the United States and of the Commonwealth of Massachusetts.

### THIRTIETH DEFENSE

Plaintiffs' claims for punitive damages are barred and/or limited because an award of punitive damages under Massachusetts law, without proof of each and every element beyond a reasonable doubt, would violate this defendant's rights under Amendments IV, V and VI of the Constitution of the United States and related provisions under the Massachusetts Declaration of Rights.

### THIRTY-FIRST DEFENSE

Plaintiffs' claims for punitive damages are barred and/or limited because an award of punitive damages under Massachusetts law, without proof of each and every element by clear and convincing proof, would violate this defendant's rights under Amendments IV, V and VI of the Constitution of the United States and related provisions under the Massachusetts Declaration of Rights.

### THIRTY-SECOND DEFENSE

Plaintiffs' decedent was not an individual whom this defendant could reasonably have been expected to use, consume, or be affected by any product provided by this defendant, under Massachusetts law (c. 106, §§2-318).

### THIRTY-THIRD DEFENSE

Plaintiffs' claims herein are barred and/or limited inasmuch as the comparative negligence of the plaintiffs' decedent was equal to or greater than the alleged negligence of this defendant or any alleged total negligence of all the defendants.

### THIRTY-FOURTH DEFENSE

Plaintiffs' claims herein are barred and/or limited by plaintiffs' failure to comport with the pleading requirements of Massachusetts Rule of Civil Procedure, Rule 9(b).

### THIRTY-FIFTH DEFENSE

Plaintiffs' claims herein are barred and/or limited by plaintiffs' decedent's assumption of the risk of the happening of the incident and/or damages complained of.

### THIRTY-SIXTH DEFENSE

Plaintiffs' claims herein are barred and/or limited by plaintiffs' decedent's contributory negligence in the happening of the incident and/or damages complained of.

### THIRTY-SEVENTH DEFENSE

Plaintiffs' claims herein are barred and/or limited because there has been an accord and satisfaction.

### THIRTY-EIGHTH DEFENSE

Plaintiffs' claims herein are barred and/or limited under the doctrine of waiver.

### THIRTY-NINTH DEFENSE

Plaintiffs' claims herein are barred and/or limited under the doctrine of estoppel.

### FORTIETH DEFENSE

Plaintiffs' claims herein are barred and/or limited because the alleged injuries and damages sustained by the plaintiffs were the proximate result of superseding and/or intervening negligence or other acts and/or omissions of third persons or entities.

### FORTY-FIRST DEFENSE

If this defendant, his agent, servants, employees and/or other representatives made any warranties as alleged (which allegations are denied), plaintiffs' decedent did not rely upon the

said warranties, and further, there was no such reliance by any person or entity authorized to represent the plaintiffs' decedent.

### FORTY-SECOND DEFENSE

This defendant says that plaintiffs failed to provide notice of the alleged breach or breaches of warranty within a reasonable time, as is required by statute and, therefore, that the plaintiffs' claims herein are barred and/or limited.

### FORTY-THIRD DEFENSE

This defendant says that plaintiffs' failure to provide this defendant the required statutory notice of the alleged breaches of warranty resulted in delay and prejudice to this defendant, and therefore the plaintiffs' claims are barred and/or limited.

### FORTY-FOURTH DEFENSE

This defendant says that no sale of goods occurred within the meaning of Article 2 of the Uniform Commercial Code.

### FORTY-FIFTH DEFENSE

Under Massachusetts law, the indicia warranting piercing the corporate veil are lacking.

### FORTY-SIXTH DEFENSE

There is no evidence herein of fraud or misrepresentation, which would warrant piercing the corporate veil.

### FORTY-SEVENTH DEFENSE

There is no evidence herein of confusion of identity between Martin Surfacing, Inc. and Southwest Recreational Industries, Inc., which would warrant piercing the corporate veil.

### FORTY-EIGHTH DEFENSE

At all times pertinent hereto, Martin Surfacing, Inc. and Southwest Recreational Industries, Inc. have been incorporated in separate states.

FORTY-NINTH DEFENSE

At all times pertinent hereto, Martin Surfacing, Inc. and Southwest Recreational

Industries, Inc. have been wholly separate and distinct entities.

## **JURY CLAIM**

The defendant, Reed J. Seaton, demands a trial by jury on all issues.

REED J. SEATON

By his attorneys,

Joseph M. Noone (BBO #559644)
James T. Sullivan (BBO #565700)
AVERY, DOOLEY, POST & AVERY, LLP
90 Concord Avenue
Belmont, MA  02478
(617) 489-5300

Dated:  April 4, 2005

-37-

## CERTIFICATE OF SERVICE

I, James T. Sullivan, hereby certify that I have this 4th day of April, 2005, forwarded the within *Answer and Jury Claim of Defendant, Reed J. Seaton* to all counsel of record by delivering same, first class mail, postage prepaid, to:

Robert J. Bonsignore, Esquire
BONSIGNORE & BREWER
23 Forest Street
Medford, MA  02155

Lee Stephen MacPhee, Esquire
Gareth W. Notis, Esquire
MORRISON MAHONEY LLP
250 Summer Street
Boston, MA  02210

P. Douglas Barr, Esquire
STOLL, KEENON & PARK, LLP
300 West Vine Street, Suite 2100
Lexington, KY  40507-1801


Joseph M. Noone (BBO #559644)
James T. Sullivan (BBO #565700)
AVERY, DOOLEY, POST & AVERY, LLP
90 Concord Avenue
Belmont, MA  02478
(617) 489-5300