UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA ALLEN, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF DAN ALLEN, AND AS NEXT FRIEND OF TAYLOR ALLEN AND DANIELLE ALLEN, and MARK ALLEN, Plaintiffs | ) ) ) ) ) ) ) |
| v. | ) ) |
| MARTIN SURFACING, INC.; MARTIN SURFACING, A DIVISION OF SOUTHWEST RECREATION; RONALD RYBA; SOUTHWEST RECREATIONAL INDUSTRIES, INC., d/b/a MARTIN SURFACING; REED J. SEATON; ROBERT N. WOLESENSKY, JR.; DYNAMIC SPORTS CONSTRUCTION, INC. AND DOES, Defendants | ) ) ) ) ) ) ) ) ) |

CIVIL ACTION
NO. 05-40048-FDS

**STATEMENT OF THE DEFENDANTS, REED J. SEATON, ROBERT M.
WOLESENSKY, JR. AND DYNAMIC SPORTS CONSTRUCTION, INC.
PURSUANT TO LOCAL RULE 16.1 (D)(1) AND (D)(2)**

The defendants, Reed J. Seaton, Robert M. Wolesensky, Jr. and Dynamic Sports

Construction, Inc., hereby submit the following joint statement containing a proposed pretrial

schedule:

1.     **Automatic Disclosures**

The defendants have commenced the process of complying with the automatic discovery

requirements of Local Rule 26.2(A). The defendants agree that automatic discovery rules

require the production of certain documents without the need for formal document requests.

The defendants intend to fully comply with all automatic discovery requirements. The parties

will produce no later than November 1, 2005 documents identified in disclosures made

pursuant to Local Rule 26.2(A) and 26.1(B) and witness disclosure. Should written document

requests be required, the parties request that documents be produced thirty (30) days after said request, unless otherwise agreed.

2. **Joint Discovery Plan (Agreed Upon) Pursuant to Local Rule 16.1(D)**

<u>November 1, 2006</u> **-** All written discovery/fact depositions completed.

<u>January 1, 2007</u> **-** Plaintiff's expert disclosure.

<u>March 1, 2007</u> – Defendants' expert disclosure.

<u>July 1, 2007</u> **-** All expert discovery and depositions completed.

<u>December 1, 2007</u> **-** All dispositive motions filed.

<u>January 2, 2008</u> **-** All oppositions to dispositive motions filed.

<u>January 15, 2008</u> **-** Final pretrial conference.

<u>March 1, 2008</u> **-** Trial.

The defendants each anticipate serving no more than fifty (50) interrogatories and no more than one primary and one follow-up request for production of documents.

The defendants anticipate taking the depositions of all the plaintiffs, as well as the fifteen (15) individuals identified in the plaintiffs' Automatic Disclosure Statement.

The defendants reserve the right to request additional discovery if the scope of the case broadens, new parties/claims are added, and/or for other good cause shown. In addition, the parties reserve the right to depose any expert witnesses designated pursuant to Fed. R. Civ. P. 26(a)(2). Because of the number of third-party witnesses involved, the parties may not be able to limit the number of depositions to a total of ten (10) as provided by Fed. R. Civ. P. 30(a)(2)(A).

3.    **Certifications of Counsel and Client**

The defendants have conferred with their clients and have executed certifications consistent with the requirements of Local Rule 16.1(d)(3), which will be filed separately with the Court.

4.    **Agenda of Matters to be Discussed at Pretrial Conference – Rule 16.1(B)**

(a)    The plaintiffs:  The scheduling of discovery and trial.;

(b)    The defendants:  The scheduling of discovery and trial;

(c)    timing of motions to dismiss or for summary judgment, including those with respect to piercing the corporate veil;

(d)    dismissal of Dynamic Sports Construction, Inc. and Robert M. Wolesensky, Jr. (see below); and

(e)    status of motion(s) for relief from Automatic Stay in Bankruptcy as to defendants, Martin Surfacing, Inc. and Southwest Recreational Industries, Inc.

Dynamic Sports Construction, Inc. ("Dynamic") reports to the Court that it is an improper defendant in this action and was improperly named as a defendant because of apparent name confusion.  To explain, an entity named Martin Surfacing, Inc. was formed in early 2004 for the purpose of negotiating the acquisition of certain assets of Southwest Recreational Industries, Inc. ("Southwest") and, when those negotiations did not bear fruit and Southwest went into bankruptcy in February, 2004, Martin Surfacing changed its name to Dynamic Sports Construction, Inc.  Thus, Dynamic was not in existence when the events described in the Amended Complaint occurred. Moreover, Dynamic acquired certain assets of Southwest, including the trade name, "Martin Surfacing," pursuant to an auction and Order in the Southwest bankruptcy.  The Bankruptcy Court's April 1, 2004 Order shows that Dynamic acquired only certain assets – not the liabilities – associated with Southwest's flooring business. In light of this, there is no plausible argument that Dynamic could be liable for the events

described in the Amended Complaint and Dynamic should be dismissed.  Counsel for Dynamic has repeatedly informed counsel for Plaintiffs of this situation, but counsel for Plaintiffs has refused to respond in any fashion.  To the extent that Plaintiffs seek to confirm the above through discovery that is limited to this issue, Dynamic will cooperate, but Dynamic should not be forced to spend the resources associated with full discovery.  Therefore, to the extent Dynamic is not dismissed, it respectfully requests a short period of limited discovery on this issue before Plaintiffs are permitted to engage in full discovery.

As for Defendant Wolesensky, he is an officer of Dynamic and former officer of Southwest.  However, there is no basis for piercing the corporate veil in respect to him.  Therefore, Defendant Wolesensky respectfully requests a short period of limited discovery on that issue before Plaintiffs are permitted to engage in full discovery.

Defendant Seaton does not have access to the corporate documents of either Southwest or Martin Surfacing, Inc. at this time.  Nonetheless, Defendant Seaton does not believe there is any legitimate basis for piercing the corporate veil as to him.  He therefore joins in Defendant Wolesensky's request for a short period of limited discovery on such issue before Plaintiffs are permitted to engage in full discovery.

5.    **Trial by Magistrate**

Pursuant to Local Rule 16.1(B)(3), the parties have considered whether they will consent to trial by magistrate judge.  At the present time, the defendants are not in a position to determine whether or not it will consent to a trial by Magistrate.  Thus, at the present time, the defendants do not intend to waive their right to a jury trial.

6.    **Written Offer of Settlement**

The Defendants have not been presented with a demand.  Defendants have not been

provided with any medical or wage loss documentation upon which to base an offer of

settlement.

REED J. SEATON                                          ROBERT M. WOLESENSKY, JR. and
By his attorneys,                                          DYNAMIC SPORTS CONSTRUCTION, INC.
                                                                 By their attorneys,


/s/ Joseph M. Noone                                    /s/Lee Stephen MacPhee
Joseph M. Noone (BBO #559644)              Lee Stephen MacPhee, Esquire (BBO #312400)
James T. Sullivan (BBO #565700)              Gareth W. Notis, Esquire (BBO #637814)
AVERY, DOOLEY, POST & AVERY, LLP       MORRISON, MAHONEY, LLP
90 Concord Avenue                                   250 Summer Street
Belmont, MA  02478                                   Boston, MA  02210
(617) 489-5300                                           (617) 439-7500


                                                                 /s/ P. Douglas Barr
                                                                 P. Douglas Barr (pro hac admitted)
                                                                 STOLL, KEENON & PARK, LLP
                                                                 300 West Vine Street
                                                                 Suite 2100
                                                                 Lexington, Kentucky  40507
                                                                 (859) 231-3000



Dated:  August 23, 2005