UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LAURA ALLEN, INDIVIDUALLY AND AS )
ADMINISTRATRIX OF THE ESTATE OF )
DAN ALLEN, AND AS NEXT FRIEND OF )
TAYLOR ALLEN AND DANIELLE ALLEN, )
and MARK ALLEN, )
        Plaintiffs )
  )
v. )    CIVIL ACTION
  )    NO. 05-40048-FDS
MARTIN SURFACING, INC.; MARTIN )
SURFACING, A DIVISION OF SOUTHWEST )
RECREATION; RONALD RYBA; )
SOUTHWEST RECREATIONAL )
INDUSTRIES, INC., d/b/a MARTIN )
SURFACING; REED J. SEATON; ROBERT N. )
WOLESENSKY, JR.; DYNAMIC SPORTS )
CONSTRUCTION, INC. AND DOES, )
        Defendants )

## DEFENDANT, REED J. SEATON'S MOTION FOR PROTECTIVE ORDER AS TO PLAINTIFF'S INTERROGATORIES DIRECTED TO DEFENDANT, REED J. SEATON

NOW comes the defendant, Reed J. Seaton, and files the within Motion for Protective

Order, as follows:

    1.    Plaintiff has served upon this defendant what has been styled "Plaintiff, Laura

Allen's First Set of Interrogatories to All Defendants." A copy of the same is attached hereto as

Exhibit "A."

    2.    In addition, plaintiff has also served upon this defendant "Plaintiff, Laura Allen's

Second Set of Interrogatories to Reed J. Seaton." A copy of the same is attached hereto as

Exhibit "B."

    3.    Pursuant to Rule 33(a) of the Federal Rules of Civil Procedure, a party may

serve upon another ". . . written interrogatories, not exceeding 25 in number including all

discrete parts." A party may apply to the Court to file additional interrogatories.

4.    Exhibit "A" hereto contains thirteen (13) interrogatories; one interrogatory of the same includes seven (7) subparts.

5.    Exhibit "B" hereto contains another twenty-seven (27) interrogatories. All but seven (7) of the same include multiple subparts. Indeed, more than sixty (60) subparts are included in Exhibit "B."

6.    The interrogatories served upon this defendant, therefore, far exceed the permissible number of twenty-five, which the defendant is required to answer under the rule.

7.    While defendant is willing to answer interrogatories propounded by the plaintiffs, it is respectfully submitted that, in their current form, plaintiff's interrogatories are unduly burdensome and clearly in excess of the amount permitted by the rule.

8.    In light of the above, this defendant seeks a protective order to absolve him from any requirement to respond to the interrogatories in their present form.

9.    This defendant also requests that the Court instruct the plaintiff to designate which twenty-five (25) interrogatories (including subparts) they desire defendant to answer.

WHEREFORE, defendant, Reed J. Seaton, requests that his within motion be allowed.

DEFENDANT, REED J. SEATON

By his attorneys,

Joseph M. Noone (BBO #559644)
James T. Sullivan (BBO #565700)
AVERY, DOOLEY, POST & AVERY, LLP
90 Concord Avenue
Belmont, MA 02478
(617) 489-5300

Dated: December 29, 2005

-2-

## CERTIFICATE OF SERVICE

I, James T. Sullivan, hereby certify that I have this 29th day of December, 2005, forwarded the within **Defendant, Reed J. Seaton's Motion for Protective Order as to Plaintiff's Interrogatories Directed to Defendant, Reed J. Seaton** to all counsel of record by delivering a copy of same, first class mail, postage prepaid, to:

Robert J. Bonsignore, Esquire
BONSIGNORE & BREWER
23 Forest Street
Medford, MA  02155

Lee Stephen MacPhee, Esquire
Gareth W. Notis, Esquire
MORRISON, MAHONEY, LLP
250 Summer Street
Boston, MA  02210

P. Douglas Barr, Esquire
STOLL, KEENON & PARK, LLP
300 West Vine Street, Suite 2100
Lexington, KY  40507-1801

Joseph M. Noone (BBO #559644)
James T. Sullivan (BBO #565700)
AVERY, DOOLEY, POST & AVERY, LLP
90 Concord Avenue
Belmont, MA  02478
(617) 489-5300

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA ALLEN INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF THE LATE DAN ALLEN, AND AS NEXT FRIEND OF TAYLOR ALLEN AND DANIELLE ALLEN; AND MARK ALLEN <br> Plaintiffs <br><br> v. <br><br> MARTIN SURFACING, INC.; MARTIN SURFACING, A DIVISION OF SOUTHWEST RECREATION; RONALD RYBA; SOUTHWEST RECREATIONAL INDUSTRIES, INC. d/b/a MARTIN SURFACING; REED J. SEATON; ROBERT N. WOLESENSKY, JR., DYNAMIC SPORTS CONSTRUCTION, INC. AND DOES <br> Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> CIVIL ACTION <br> No. 05-40048-FDS |

**PLAINTIFF LAURA ALLEN'S**
**FIRST SET OF INTERROGATORIES TO ALL DEFENDANTS**

NOW COMES Plaintiff, Laura Allen, Individually and as Administratrix of the

Estate of the late Daniel Allen, by and through her counsel of record, and pursuant to

Rules 26 and 33 of the Federal Rules of Civil Procedure, propounds the following

Interrogatories to the Defendants Martin Surfacing, Inc., Martin Surfacing, a Division of

Southwest Recreation, Ronald Ryba, Southwest Recreational Industries, Inc. d/b/a Martin

Surfacing, Reed J. Seaton, Robert N. Wolesensky, Jr., Dynamic Sports Construction, Inc.

and Does, to be answered in writing under oath, within the time and manner prescribed

by law according to any and all knowledge and information available to each Defendant, Defendant's attorneys or other representatives.

Each Interrogatory, or subpart thereto, is to be answered separately, and objections, if any, should be separately made as to each interrogatory or subpart, if applicable.

In answering these Interrogatories, even though the questions will be directed to "you," furnish all information which is available to you, including, but not limited to, information in the possession of your attorneys, consultants, agents, partners, and accountants, and not merely such information of your own knowledge. If you cannot answer the following Interrogatories in full, after exercising due diligence to secure the information, clearly state so and answer to the extent possible. Specify your inability to answer the remainder.

You are required by Rule 26(e) of the Federal Rules of Civil Procedure to contemporaneously serve upon Plaintiff supplementary answers to these Interrogatories upon receipt of such information, which would contain the known identity and location of persons having knowledge of discoverable matters, the identity and location of each person expected to be called to testify as an expert witness, the subject matter on which the expert will testify and the substance of testimony. You are also required by Rule 26(e) to seasonably amend all responses that were incorrect when made or if the facts stated in the Interrogatories are no longer true. Please prepare a privilege log detailing all requests for admissions for which you claim a privilege.

## DEFINITIONS

In addition to the Uniform Definitions in Discovery Requests set forth in Local Rule 26.5, the following definitions apply to these Interrogatories:

1.     "All" and "any" shall mean "each and every" and "including" shall mean "including without limitation."

2.     "And" and "or" are terms of inclusion and not exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request any document or response that might otherwise be construed to be outside of its scope.

3.     "Any" shall mean, without limitation, "each and every."

4.     "College of the Holy Cross Gymnasium Project" refers to the full scope of your involvement referred to in the complaint from the bidding process through completion and final profit and distribution.

5.     "Communication" shall have the meaning set forth in Local Rule 26.5.

6.     "Complaint" shall mean the First Amended complaint filed on January 24, 2005, in *Allen, et al. v. Martin Surfacing, Inc., et al.*, C.A. No. 05-40048-FDS.

7.     "Concerning" shall have the meaning set forth in Local Rule 26.5.

8.     "Defendant(s)" shall mean, without limitation, Martin Surfacing, Inc., Martin Surfacing, a Division of Southwest Recreation, Ronald Ryba, Southwest Recreational Industries, Inc. d/b/a Martin Surfacing, Reed J. Seaton, Robert N. Wolesensky, Jr., Dynamic Sports Construction, Inc. and Does and any of their predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person acting or purporting to act on its behalf.

9.     "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and Local Rule 26.5, and includes all forms of writings as

defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped or in computer, digital or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located. "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, telecopies, facsimile reproductions, or "faxes," factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledger, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions. This definition shall apply to all Documents in the possession, custody or control of the Defendants herein, or that of their attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared or signed the Documents.

10.    "Identify" shall mean to state:

(a)    in the case of a person, other than a natural person, its name, the address of its principle place of business, its telephone number, and the name of its chief executive officers;

(b)    in the case of a natural person, his or her name, address of primary residence, state of citizenship, and telephone number;

(c)    in the case document, the bates number of this document, the title of the document, the date of the document, the general subject matter of the document, each addressee, all individuals designated on the document to receive a copy, the names of its author(s), its present location and the identity of the custodian of the original and each copy (if such document was, but is no longer in existence, state precisely whether it is lost, has been destroyed, or had been transferred);

(d)    in the case of an oral statement or communication, who made the statement, who you contend heard the statement, when the statement was made, where the statement was made and the contents of the statement, in words or in substance.

11.    "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

12.    "Meeting" shall mean, without limitation, any encounter between two or more persons during which a communication of any kind occurred and includes, but is not limited to, formal gatherings, telephone calls, conversations and video/audio conferences.

13.    "Person" or "Persons" shall mean any individual, corporation, organization, association, partnership, limited partnership, firm, joint venture, trustee, governmental body, agency, governing board, department of division, or any other entity.

14.    "Plaintiff" shall mean, without limitation, Laura Allen individually and as Administratrix of the Estate of the Late Dan Allen, and as Next Friend of Taylor Allen and Danielle Allen and Mark Allen, and her agents, servants or employees.

15.    "Relating to", "referring to", "regarding" or "with respect to" shall mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

16.    "Relevant Period" shall mean January 2001 through December 2002.

17.    "Relevant Dates" shall mean May 21, 2001 through June 8, 2001.

18.    "You", "your", or "your company", without limitation, the responding defendant, its predecessors, successors, subsidiaries, departments, divisions and/or affiliates, including without limitation any organization or entity which the responding defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the responding defendant.

## INSTRUCTIONS

1.    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the following Interrogatories are required to be answered in detail by you under oath or, if you are a corporation, partnership, association, or governmental agency, by any officer or agent who is competent and authorized by you to answer in your behalf, and who knows, or has access to the information about which inquiry is made.

2.    In answering these Interrogatories, you are required to furnish all information which is available to you, and you are required to make such inquiry of your witnesses, agents, servants and employees or any other person as will enable you to ascertain all of the facts necessary to fully answer each request for information.

3.     Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Interrogatories are continuing in nature so that if after answering you acquire additional responsive knowledge or information, Plaintiff directs that you seasonably serve supplemental answers upon her after acquiring such additional knowledge or information.

4.     If at any time after answering these Interrogatories you determine that an answer you provided was false, you must immediately notify Plaintiff's counsel and provide amended answers as soon as reasonably possible.

5.     To the extent any Interrogatory is objected to, set forth all reasons for the objection. If you object in part to any Interrogatory, answer the remainder completely.

6.     If you claim privilege as a ground for not answering any Interrogatory in whole or in part, state the nature of the privilege claimed and set forth the following information:

(a)     for documents: (1) the type of document; (2) the authors of the document; (3) the addressees of the document; (4) all persons who received copies of the document; (5) the date of the document; and (6) the general subject matter of the document; and

(b)     for oral communications: (1) the name of the person making the communication and the names of the persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (2) the date and place of communication; and (3) the general subject matter of the communication.

7.     Unless otherwise noted, these Interrogatories require responses for the time period from January 1, 2001 through the date of these Interrogatories.

8.    In preparing your responses to the Interrogatories set forth herein, the above-mentioned definitions should control unless indicated otherwise by the context.

## INTERROGATORIES

As to interrogatories one through four please refer to the September 12, 2005 your lawyer P. Douglas Barr sent the correspondence attached hereto as Exhibit A. In the correspondence, Mr. Barr states "as I have stated previously, the fundamentally flawed premise of your amended complaint is that Southwest Recreational Industries, Inc. somehow acquired the stock of the former Martin Surfacing, Inc. in 1999. I have advised you twice now that Southwest merely acquired certain assets of Martin Surfacing, Inc., including the right to use the name Martin Surfacing."

## INTERROGATORY NO. 1

Did you have any interest in the Martin Surfacing, Inc. that was in existence in 2001? If your answer is in the affirmative, please state with specificity the nature and extent of your interest.

## INTERROGATORY NO. 2

To the best of your knowledge, was Martin Surfacing, Inc. in business on all dates inclusive running from January 1, 2001 through June 8, 2001. Please set forth with specificity all facts upon which you base your answer.

## INTERROGATORY NO. 3

Please state the date that the entity referred to as "the former Martin Surfacing Inc." in the second paragraph of your counsel's September 12, 2005 letter ceased to exist and the date and manner that you understand describes when and how it ceased to exist.

Please further provide with specificity all details that you were aware of relating to how it

ceased to exist and whether any portion of it continued on in business.

## INTERROGATORY NO. 4

Please state the date that Armstrong World Industries changed the name of Martin

Surfacing, Inc. to Nitram.

## INTERROGATORY NO. 5

Exhibit B is a letter dated March 5, 2001 and addressed to Mr. Scott Merrill as a

representative of Holy Cross and appears on Martin Surfacing stationery. To the best of

your knowledge, did Armstrong World Industries Inc. have any interests in the Martin

Surfacing company that issued this March 5, 2001 letter.

## INTERROGATORY NO. 6

Please set forth the date of birth, social security number and last known address of

(a)     Ron Ryba;

(b)     The President and/or CEO of the entity referred to as Martin Surfacing on
        Exhibit B, (the February 5, 2001 bid);

(c)     The Registered Agent for service in the Commonwealth of Massachusetts;

(d)     The person most knowledgeable as to the date the business began, the
        form of the business, whether it still exists in any form, in whole or in part,
        and the date  and manner that it ceased to exist;

(e)     The person most knowledgeable as to the last date it occupied space in the
        Greentree Executive campus, 3001-East Lincoln Drive West, Marlton,
        New Jersey 08053.

(f)     The person most knowledgeable to all facts and circumstances leading to
        the number appearing on the February 5, 2001 bid of Martin Surfacing for
        the Holy Cross Gymnasium Project (Exhibit B) being forwarded as of
        November 23, 2001 directly to Dynamic Sports.

(g)     The person most knowledgeable as to inter-
        relationship/relationship/connection of the entity who issued the February

5, 2001 bid on Martin Surfacing stationery and the Dynamic Sports entity that is receiving phone calls directed at the number listed on the February 5, 2001 Martin stationery.

## INTERROGATORY NO. 7

What is the inter-relationship/relationship/connection of the entity who issued the February 5, 2001 bid on Martin Surfacing stationery and the Dynamic Sports entity that is receiving phone calls directed at the number listed on the February 5, 2001 Martin stationery?

## INTERROGATORY NO. 8

Please set forth the name, date of birth, social security number and last known address and phone number for each person who either worked on the Holy Cross Gymnasium Project (please reference Exhibit B), or otherwise participated by contributing to the thought process or preparation of the bid and/or who otherwise participated in any other way, including without limitation, the supervising, monitoring, or review of any aspect of the job from the original bid through to the confirmation of the final payment.

## INTERROGATORY NO. 9

Please identify each person who received a copy of Exhibit C the letter of intent to award Martin Surfacing a contract dated April 5, 2001.

## INTERROGATORY NO. 10

Please confirm or deny that the entity identified as Martin Surfacing, Inc., P.O. Box 1289, Hunt Valley, Maryland 21030 (Exhibit D Purchase Order dated 4/30/01) is the same entity that issued the February 5, 2001 bid. (Exhibit B)

## INTERROGATORY NO. 11

With regard to the scope of work described in Exhibit D, please identify by name, last known address, telephone number and if applicable, date of birth and social security number, each sub-contractor or sub-contracting entity that performed any task during the Holy Cross Gymnasium Project.

## INTERROGATORY NO. 12

Please confirm or deny that the entity identified as Martin Surfacing, Inc., P.O. Box 1289, Hunt Valley, Maryland 21030 (Exhibit E Purchase Order dated 7/25/02) is the same entity that issued the February 5, 2001 bid. (Exhibit B)

## INTERROGATORY NO. 13

If you are otherwise aware of the name, business status, present address, or any other information whatsoever relating to the existence or ceasing to exist of the entity that issued Exhibit B, and/or is referenced in Exhibits C through E, please set forth your full extent of related information, together with the source of that information, if you are able to recall it, either generally or specifically.


DATED:  November 23, 2005            Laura Allen,

                                     By her Attorney



                                     Robert J. Bonsignore (BBO #547880)
                                     Bonsignore & Brewer
                                     23 Forest Street
                                     Medford, MA  02155
                                     781/391-9400

# EXHIBIT A

# STOLL | KEENON | & | PARK | LLP

300 WEST VINE STREET | SUITE 2100 | LEXINGTON, KENTUCKY 40507-1801

(859) 231-3000 PHONE | (859) 253-1093 FAX | WWW.SKP.COM

P. DOUGLAS BARR
859-231-3046
douglas.barr@skp.com

September 12, 2005

**VIA FEDERAL EXPRESS**
Robert J. Bonsignore, Esq.
Bonsignore & Brewer
23 Forest Street
Medford, MA 02155

Re:   *Laura Allen, et al. v. Martin Surfacing, Inc., et al.*
      USDC Civil Action No. 4:05-CV-40048-FDS

Dear Mr. Bonsignore:

Enclosed please find the Rule 26 initial disclosures of defendants Dynamic Sports Construction, Inc. and Robert Wolesensky. I direct your attention to the documents that we have enclosed as part of our disclosures. Those documents demonstrate that Dynamic and Mr. Wolesensky are not proper defendants in this case. As I have on two separate occasions so far, I ask again that you voluntarily dismiss Dynamic and Mr. Wolesensky from this action.

As I have stated previously, the fundamentally flawed premise of your Amended Complaint is that Southwest Recreational Industries, Inc., somehow acquired the stock of the former Martin Surfacing, Inc., in 1999. I have advised you twice now that Southwest merely acquired certain *assets* of Martin Surfacing, Inc., including the right to use the name "Martin Surfacing." The shares of stock in the original Martin Surfacing were retained by Armstrong World Industries. Attached in our Rule 26 disclosures is a copy of the Asset Purchase Agreement between Southwest and Armstrong, dated June 22, 1999, which confirms all this. As I have mentioned previously, after the asset purchase, Armstrong changed the name of its "Martin Surfacing, Inc." to "Nitram" (Martin spelled backward) because it had sold to Southwest the right to use the Martin name.

Likewise, I have enclosed certified copies of records from the Texas Secretary of State's office showing that the second "Martin Surfacing, Inc." was formed on January

Robert J. Bonsignore, Esq.
September 12, 2005
Page 2

13, 2004 – long after the wrongdoing alleged in your Amended Complaint – and that it subsequently changed its name to Dynamic. These documents prove that the defendant, Dynamic, did not even exist until 2004 – again, long after the events described in the Amended Complaint.

I do not have any understanding as to why you would not respond to my earlier correspondence. Gareth Notis has informed me that this sort of treatment is not standard practice in Massachusetts and, in fact, other counsel in this case have endured similar unresponsiveness from you. I hope there is some reasonable explanation for this and that we will be able to discuss this matter some time before our hearing on Friday. In any event, Mr. Notis, Mr. Wolesensky and I will see you, we hope, in Court on Friday.

I look forward to hearing from you.

Very truly yours,

STOLL, KEENON & PARK, LLP

P. Douglas Barr

cc:    Gareth W. Notis, Esq.
       Robert M. Wolesensky

# EXHIBIT B

APR-14-2004  01:50PM    FROM-General Counsel                5087933828              T-206   P.005/008   F-494

Sport Surfaces

**MARTIN**
SURFACING

(2001)

Sent via Fax (508) 793-2701

February 5, 2001

FAXED 2-5-01

Mr. Scott Merrill
Holy Cross University
One College Street
Worcester, MA 01610-2395

RE: Holy Cross Fieldhouse

Dear Scott:

Martin Surfacing, a Division of Southwest Recreation proposes to furnish all labor and materials necessary to install VERSATURF "360" poured-in-place, urethane system in room Fieldhouse of approximately 17,000 square feet with a 1/8" average thickness for the sum of:

$53,712

FIFTY-THREE THOUSAND SEVEN HUNDRED TWELVE AND NO/100
DOLLARS

- All work will be done according to manufacturers specifications.
- Price includes all two-inch game lines and coatings as they now exist; any extra-ordinary lines, logos or letters are extra, of course.
- Quote is based upon a second quarter of the year 2001. (May 14th to June 15th)
- Exclusions are wall base, inserts, thresholds, bond premium and leveling of slab if necessary.
- Price includes removing and disposing of an average 1/16" of floor and replacing with 1/8" Versaturf "360" surface.
- A complete maintenance program to follow installation of surface.

Thank you again for your interest in Martin Surfacing. Please call if you have any questions.

Best Regards,

Ron Ryba
Senior Account Executive
RR/jev

*Scott*
*Please Confirm*
*Dates —*
*A.S.A.P*

*Ron*
*3-5-01*

Greentree Executive Campus
3001-E Lincoln Drive West
Marlton, New Jersey 08053
856.797.8777
fax 856.797.8716
www.martinsurfacing.com
email: gymfloor@martinsurfacing.com

HolyCrossFH20501



# EXHIBIT C

APR-14-2004 01:50PM    FROM-Genera    pnsel                    5087933628             T-206  P.006/008  F-494



## COLLEGE OF THE HOLY CROSS

*Office of Physical Plant*

April 5, 2001

Martin Surfacing
Greentree Executive Campus
301-E Lincoln Drive
Marlton, NJ 08053

Attn:  Mr. Ron Ryba

Re:  Fieldhouse Floor

Dear Ron:

This is a Letter of Intent to Award Martin Surfacing  a contract for the accomplishment of resurfacing that portion of the Fieldhouse floor inside the circumference of the track at the College of the Holy Cross in accordance with your proposal dated February 5, 2001 at a cost of $53,712.    A purchase order will be issued within the next few weeks.

The work will be accomplished between May 21, 2001 and June 8, 2001.

We look forward to working with Martin Surfacing again in resurfacing of the Fieldhouse floor.

Sincerely,

Gerard A. Zimmermann
Director of Physical Plant

SMM

Cc: Scott M. Merrill
      Lenny Raymond

One College Street   Worcester, MA 01610-2395   508 793-2438   Fax 508 793-2701

# EXHIBIT D

APR-14-2004 01:50PM    FROM-Genera    unsal    5087933628    T-206  P.007/008  F-494

## Purchase Order

DRAFT

College of the Holy Cross
1 College Street
(508) 793-2441
Worcester, MA
USA 01610-2395

| Purchase Order | Date | Revision | Buyer | Page |
|---|---|---|---|---|
| 0000004088 | 4/30/200 | | Basaan,Linda | 1 |
| Payment Terms | Freight Terms | | Ship Via | |
| Net 27 | Destination | | SURFACE | |

Ship To:  Maint Adm Offica
1 College Street
Worcester, MA
USA 01610-2395

Vendor:    0000005030
Martin Surfacing, Inc.
P.O. Box 1259
Hunt Valley, MD
USA 21030

Bill To:

Controller's Office
1 College Street
Worcester, MA
USA 01610-2395

Tax Exempt?    Tax Exempt ID:    042103558

| Line-Sch | Item | Description | Tag Id | Quantity | UOM | PO Price | Extended Price | Due Date |
|---|---|---|---|---|---|---|---|---|
| 1- | 1 | RESURFACE FIELDHOUSE FLO | | 53,712.00 | EA | 1.00 | 53,712.00 | 4/30/200 |

Item Total    **RESURFACE FIELDHOUSE FLOOR**    53,712.00

FURNISH ALL LABOR, MATERIAL AND EQUIPMENT TO RESURFACE PORTION OF FIELDHOUSE FLOOR INSIDE THE
CIRCUMFERENCE OF THE TRACK PER YOUR PROPOSAL OF 2/5/01 AND OUR LETTER OF INTENT DATED 4/6/01.

WORK TO BE ACCOMPLISHED BETWEEN MAY 21, 2001 AND JUNE 8, 20

**Total PO Amount**    53,712.00

# EXHIBIT E

APR-14-2004  01:51PM   FROM-Gener    ounsel                    5087933826    |         T-206   P.008/008   F-494

# PURCHASE ORDER





## College of the Holy Cross
1 College Street
(508) 793-2441
Worcester, MA 01610-2395

| PO Number | Date | | Revision | Page |
|---|---|---|---|---|
| 0000006596 | 07/25/2002 | | | 1 |
| Pay Terms | Freight Terms | PO Type | Ship Via | |
| Net 27 | Destination | GEN | SURFACE | |
| Requester: | JACK MCCANN | | | |
| Buyer: | Downey,Gini | | | |

Vendor: 0000005030
Southwest Recreational Industries, Inc.
D/B/A Martin Surfacing
701 Leander Drive
Leander, TX 78641
Fax:    410-584-8568

Ship To: Maintenance Bld Serv
1 College Street
Worcester, MA 01610-2395

Bill To: Controller's Office
1 College Street
Worcester, MA 01610-2395

Tax Exempt? Y    Tax Exempt ID:  042103558

| Line-Schd | Description | Quantity | UOM | PO Price | Extended Amt | Due Date |
|---|---|---|---|---|---|---|
| 1- 1 | Hawk Synthetic Floor Stripper | 2.00 | EA | 90.00 | 180.00 | 08/01/2002 |
| 2- 1 | SynthaSeal Synth. Floor Sealer | 10.00 | EA | 78.00 | 780.00 | 08/01/2002 |

*Added #103.92 shipping*
*harge to PO 0000006596*
*total PO#106392*

Total PO Amount

Purchase Order Number must appear on all invoices, containers, packages and correspondence.

Authorized Signature

*Joan E. Champagne*

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| LAURA ALLEN INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF THE LATE DAN ALLEN, AND AS NEXT FRIEND OF TAYLOR ALLEN AND DANIELLE ALLEN; AND MARK ALLEN  Plaintiffs  v.  MARTIN SURFACING, INC.; MARTIN SURFACING, A DIVISION OF SOUTHWEST RECREATION; RONALD RYBA; SOUTHWEST RECREATIONAL INDUSTRIES, INC. d/b/a MARTIN SURFACING; REED J. SEATON; ROBERT N. WOLESENSKY, JR., DYNAMIC SPORTS CONSTRUCTION, INC. AND DOES  Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION No. 05-40048-FDS |

**PLAINTIFF LAURA ALLEN'S**
**SECOND SET OF INTERROGATORIES TO REED J. SEATON**

NOW COMES Plaintiff, Laura Allen, Individually and as Administratrix of the

Estate of the late Daniel Allen, by and through her counsel of record, and pursuant to

Rules 26 and 33 of the Federal Rules of Civil Procedure, propounds the following

Interrogatories to the Defendants Martin Surfacing, Inc., Martin Surfacing, a Division of

Southwest Recreation, Ronald Ryba, Southwest Recreational Industries, Inc. d/b/a Martin

Surfacing, Reed J. Seaton, Robert N. Wolesensky, Jr., Dynamic Sports Construction, Inc.

and Does, to be answered in writing under oath, within the time and manner prescribed

by law according to any and all knowledge and information available to each Defendant, Defendant's attorneys or other representatives.

Each Interrogatory, or subpart thereto, is to be answered separately, and objections, if any, should be separately made as to each interrogatory or subpart, if applicable.

In answering these Interrogatories, even though the questions will be directed to "you," furnish all information which is available to you, including, but not limited to, information in the possession of your attorneys, consultants, agents, partners, and accountants, and not merely such information of your own knowledge. If you cannot answer the following Interrogatories in full, after exercising due diligence to secure the information, clearly state so and answer to the extent possible. Specify your inability to answer the remainder.

You are required by Rule 26(e) of the Federal Rules of Civil Procedure to contemporaneously serve upon Plaintiff supplementary answers to these Interrogatories upon receipt of such information, which would contain the known identity and location of persons having knowledge of discoverable matters, the identity and location of each person expected to be called to testify as an expert witness, the subject matter on which the expert will testify and the substance of testimony. You are also required by Rule 26(e) to seasonally amend all responses that were incorrect when made or if the facts stated in the Interrogatories are no longer true. Please prepare a privilege log detailing all requests for admissions for which you claim a privilege.

## DEFINITIONS

In addition to the Uniform Definitions in Discovery Requests set forth in Local Rule 26.5, the following definitions apply to these Interrogatories:

1.    "All" and "any" shall mean "each and every" and "including" shall mean "including without limitation."

2.    "And" and "or" are terms of inclusion and not exclusion, and shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a request any document or response that might otherwise be construed to be outside of its scope.

3.    "Any" shall mean, without limitation, "each and every."

4.    "College of the Holy Cross Gymnasium Project" refers to the full scope of your involvement referred to in the complaint from the bidding process through completion and final profit and distribution.

5.    "Communication" shall have the meaning set forth in Local Rule 26.5.

6.    "Complaint" shall mean the First Amended complaint filed on January 24, 2005, in *Allen, et al. v. Martin Surfacing, Inc., et al.*, C.A. No. 05-40048-FDS.

7.    "Concerning" shall have the meaning set forth in Local Rule 26.5.

8.    "Defendant(s)" shall mean, without limitation, Martin Surfacing, Inc., Martin Surfacing, a Division of Southwest Recreation, Ronald Ryba, Southwest Recreational Industries, Inc. d/b/a Martin Surfacing, Reed J. Seaton, Robert N. Wolesensky, Jr., Dynamic Sports Construction, Inc. and Does and any of their predecessors or successors in interest, divisions, offices, subsidiaries, affiliates, and any present or former directors, officers, executives, trustees, employees, agents, attorneys, representatives and any other Person acting or purporting to act on its behalf.

9.    "Document" shall have the meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, and Local Rule 26.5, and includes all forms of writings as

defined in Rule 1001(1) of the Federal Rules of Evidence, and includes any reduction to tangible form, whether written, recorded, taped, filmed, videotaped or in computer, digital or magnetic memory or storage, of communication, information, or data, including any graphic matter of any kind or nature, however produced or reproduced, and also includes originals, drafts, and non-identical copies, wherever located. "Document" shall include, but not be limited to, books, contracts, agreements, correspondence, electronic mail (email), computer tapes, discs, magnetic memory, printouts and keypunch cards, memoranda, diaries, notes reports, bulletins, printed forms, telegraphic communications, pleadings and other legal papers, notes, telexes, telegrams, telecopies, facsimile reproductions, or "faxes," factual compilations, data compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys, sketches, art work, graphics, checks, ledger, catalogues, brochures, pamphlets, press releases, advertisements, invoices, minutes, photographs, microfilms, microfiche, films, personnel files, quotes, stenographic notes, computer disks, telephone records, schedules, bids, voice recordings, and transcriptions. This definition shall apply to all Documents in the possession, custody or control of the Defendants herein, or that of their attorneys, agents, employees, officers, directors, or representatives, irrespective of who generated, prepared or signed the Documents.

10.    "Identify" shall mean to state:

(a)    in the case of a person, other than a natural person, its name, the address of its principle place of business, its telephone number, and the name of its chief executive officers;

(b)    in the case of a natural person, his or her name, address of primary residence, state of citizenship, and telephone number;

(c)    in the case document, the bates number of this document, the title of the document, the date of the document, the general subject matter of the document, each addressee, all individuals designated on the document to receive a copy, the names of its author(s), its present location and the identity of the custodian of the original and each copy (if such document was, but is no longer in existence, state precisely whether it is lost, has been destroyed, or had been transferred);

(d)    in the case of an oral statement or communication, who made the statement, who you contend heard the statement, when the statement was made, where the statement was made and the contents of the statement, in words or in substance.

11.    "Including" is used to emphasize certain types of documents requested and should not be construed as limiting the request in any way.

12.    "Meeting" shall mean, without limitation, any encounter between two or more persons during which a communication of any kind occurred and includes, but is not limited to, formal gatherings, telephone calls, conversations and video/audio conferences.

13.    "Person" or "Persons" shall mean any individual, corporation, organization, association, partnership, limited partnership, firm, joint venture, trustee, governmental body, agency, governing board, department of division, or any other entity.

14.    "Plaintiff" shall mean, without limitation, Laura Allen individually and as Administratrix of the Estate of the Late Dan Allen, and as Next Friend of Taylor Allen and Danielle Allen and Mark Allen, and her agents, servants or employees.

15.    "Relating to", "referring to", "regarding" or "with respect to" shall mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting or otherwise involving, in whole or in part.

16.    "Relevant Period" shall mean January 2001 through December 2002.

17.    "Relevant Dates" shall mean May 21, 2001 through June 8, 2001.

18.    "You", "your", or "your company", without limitation, the responding defendant, its predecessors, successors, subsidiaries, departments, divisions and/or affiliates, including without limitation any organization or entity which the responding defendant manages or controls, together with all present and former directors, officers, employees, agents, representatives, or any persons acting or purporting to act on behalf of the responding defendant.

## INSTRUCTIONS

1.    Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the following Interrogatories are required to be answered in detail by you under oath or, if you are a corporation, partnership, association, or governmental agency, by any officer or agent who is competent and authorized by you to answer in your behalf, and who knows, or has access to the information about which inquiry is made.

2.    In answering these Interrogatories, you are required to furnish all information which is available to you, and you are required to make such inquiry of your witnesses, agents, servants and employees or any other person as will enable you to ascertain all of the facts necessary to fully answer each request for information.

3.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, these Interrogatories are continuing in nature so that if after answering you acquire additional responsive knowledge or information, Plaintiff directs that you seasonably serve supplemental answers upon her after acquiring such additional knowledge or information.

4.    If at any time after answering these Interrogatories you determine that an answer you provided was false, you must immediately notify Plaintiff's counsel and provide amended answers as soon as reasonably possible.

5.    To the extent any Interrogatory is objected to, set forth all reasons for the objection. If you object in part to any Interrogatory, answer the remainder completely.

6.    If you claim privilege as a ground for not answering any Interrogatory in whole or in part, state the nature of the privilege claimed and set forth the following information:

(a)    for documents: (1) the type of document; (2) the authors of the document; (3) the addressees of the document; (4) all persons who received copies of the document; (5) the date of the document; and (6) the general subject matter of the document; and

(b)    for oral communications: (1) the name of the person making the communication and the names of the persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (2) the date and place of communication; and (3) the general subject matter of the communication.

7.    Unless otherwise noted, these Interrogatories require responses for the time period from January 1, 2001 through the date of these Interrogatories.

8.    In preparing your responses to the Interrogatories set forth herein, the

above-mentioned definitions should control unless indicated otherwise by the context.

## INTERROGATORIES

### INTERROGATORY NO. 1

State whether you have ever been a party to a bankruptcy proceeding or

purchased assets or liabilities from a bankruptcy proceeding, and, if so, for each action,

please identify the caption, docket number, the inclusive dates of your bankruptcy, the

name, address, phone and fax numbers of the court in which the action was instituted, and

if applicable the dates that you  are claiming bankruptcy protection as to incidents

occuring:

1)    on all relevant dates (May 21, 2001 – June 15, 2001);

2)    during the relevant time period (January 1, 2001 – December 1, 2001; and

3)    as to all dates between January 1, 2001 and this date).

### INTERROGATORY NO. 2

State your exact legal name, registered agent for service of process, officers, and

directors:

1)    on all relevant dates (May 21, 2001 – June 15, 2001);

2)    during the relevant time period (January 1, 2001 – December 1, 2001; and

3)    as to all dates between January 1, 2001 and this date).

### INTERROGATORY NO. 3

Describe the relationship of the following persons and entities to the defendant

Martin Surfacing, Inc.:

(a)    Martin Surfacing, a Division of Southwest Recreation;

(b)    Ronald Ryba;

(c)    Southwest Recreational Industries, Inc. d/b/a Martin Surfacing;

(d)    Reed J. Seaton;

(e)    Robert N. Wolesensky, Jr.,

(f)    Dynamic Sports Construction, Inc., and

(g)    The College of the Holy Cross as of May 21, 2001.

with particularity as to:

1)    all relevant dates (May 21, 2001 – June 15, 2001);

2)    the relevant time period (January 1, 2001 – December 1, 2001; and

3)    all dates between January 1, 2001 and this date).

## INTERROGATORY NO. 4

Describe the relationship of the following persons and entities to the defendant Martin Surfacing, a Division of Southwest Recreation:

(a)    Martin Surfacing, Inc.;

(b)    Ronald Ryba;

(c)    Southwest Recreational Industries, Inc. d/b/a Martin Surfacing;

(d)    Reed J. Seaton;

(e)    Robert N. Wolesensky, Jr.;

(f)    Dynamic Sports Construction, Inc.; and

(g)    The College of the Holy Cross as of May 21, 2001.

with particularity as to:

1)    all relevant dates (May 21, 2001 – June 15, 2001);

    2)      the relevant time period (January 1, 2001 – December 1, 2001; and

    3)      dates between January 1, 2001 and this date).

## INTERROGATORY NO. 5

Describe the relationship of the following persons and entities to the defendant

Southwest Recreational Industries, Inc. d/b/a Martin Surfacing:

    (a)     Martin Surfacing, Inc.;

    (b)     Martin Surfacing, a Division of Southwest Recreation:

    (c)     Ronald Ryba;

    (d)     Reed J. Seaton;

    (e)     Robert N. Wolesensky, Jr.;

    (f)     Dynamic Sports Construction, Inc.;

    (g)     The College of the Holy Cross as of May 21, 2001.

with particularity as to:

    1)      all relevant dates (May 21, 2001 – June 15, 2001);

    2)      the relevant time period (January 1, 2001 – December 1, 2001; and

    3)      all dates between January 1, 2001 and this date).

## INTERROGATORY NO. 6

Describe the relationship of the following persons and entities to the defendant

Dynamic Sports Construction, Inc.:

    (a)     Martin Surfacing, Inc.;

    (b)     Martin Surfacing, a Division of Southwest Recreation:

    (c)     Ronald Ryba;

    (d)     Reed J. Seaton;

    (e)     Robert N. Wolesensky, Jr.;

    (f)     Southwest Recreational Industries, Inc. d/b/a Martin Surfacing, and

    (g)     The College of the Holy Cross as of May 21, 2001.

with particularity as to:

    1)     relevant dates (May 21, 2001 – June 15, 2001);

    2)     the relevant time period (January 1, 2001 – December 1, 2001; and

    3)     all dates between January 1, 2001 and this date).

## INTERROGATORY NO. 7

Provide the name(s), title(s) and address(es) of each officer and director of your company through the present and list any position, titles and directorships which these persons held in your company, including any subsidiaries, merged companies or successors, with particularity as to:

    a)     relevant dates (May 21, 2001 – June 15, 2001);

    b)     the relevant time period (January 1, 2001 – December 1, 2001; and

    c)     all dates between January 1, 2001 and this date).

## INTERROGATORY NO. 8

Set forth the full legal name of each person or entity who owned or had an interest in your company

    (a)     during the relevant period; and

    (b)     on the relevant dates.

**INTERROGATORY NO. 9**

As to each person or entity identified in your answer to the foregoing

interrogatory, please identify each such person or entity as a corporation, partnership,

sole proprietorship, or other.

**INTERROGATORY NO. 10**

As to each corporation identified in your answer to Interrogatory No. 7, please

further set forth:

> (a)  the date and place of incorporation;
>
> (b)  the principal place of business of each such corporation;
>
> (c)  the name, business and residence address, and telephone number of
> the individual or entity designated as the agent for service of
> process of each such corporation, if any;
>
> (d)  the name, and business and residence address, and telephone
> number of each director of said corporation, at the time of the
> subject incident and at the present; and
>
> (e)  the name, and business and residence address of each officer of
> said corporation, both at the time of the subject incident and at the
> present.

**INTERROGATORY NO. 11**

As to each partnership or sole proprietorship identified in your answer to

Interrogatory No. 8, please further set forth:

> (a)  the name, business and residence address, and telephone number of
> each such owner or partner;
>
> (b)  the percentage of ownership interest of each owner and/or partner;
>
> (c)  whether there existed a written partnership agreement; and
>
> (d)  identify by name, business and residence address, and telephone
> number the present custodian of each such partnership agreement.

## INTERROGATORY NO. 12

As to any person or entity identified in your answer to Interrogatory No 8, please state whether such person or entity conducted business under a fictitious name as of January 1, 2001 or any time thereafter, and further state:

      (a)    The county, township, or other political subdivision in which any fictitious name statement or certificate was filed;

      (b)    The date such certificate was filed.

## INTERROGATORY NO. 13

State whether any person or entity identified in your answer to Interrogatory No. 8 is or was affiliated with regard to any business or financial interests with any other person or entity, whether by partnership, joint venture, parent/subsidiary, or otherwise during the relevant period.

## INTERROGATORY NO. 14

If your answer to the foregoing interrogatory was in the affirmative, please further set forth:

      (a)    the identity of each such person or affiliated entity;

      (b)    the legal nature of each such affiliation;

      (c)    an identification, with such particularity as you would require in a motion to produce, of any and all writings which pertain or relate in any manner whatsoever to such affiliation; and

      (d)    the name, business and residence address, and telephone number of the present custodian of each such writing identified in your answer to the foregoing subpart of this interrogatory.

## INTERROGATORY NO. 15

State whether you have ever been a party to a lawsuit in state or federal court and,

if so, for each lawsuit, please identify the caption, docket number and name of the court in which the action was instituted.

## INTERROGATORY NO. 16

State whether you, at any time from January 1, 2001 to the present, ever had offices, agents, employees or property in Massachusetts, or was qualified, authorized, or licensed to do business in Massachusetts, and if so, please identify and describe in detail each such contact with Massachusetts.

## INTERROGATORY NO. 17

Describe in detail and identify all documents evidencing, concerning or otherwise relating to your involvement and/or authority with respect to:

  (a) the business, operation of, or management of Martin Surfacing, Inc.;

  (b) the business, operation of, or management of Martin Surfacing, a Division of Southwest Recreation;

  (c) the business, operation of, or management of Southwest Recreational Industries, Inc. d/b/a Martin Surfacing; and

  (d) the business, operation of, or management of Dynamic Sports Construction, Inc.

with particularity:

  1) on all relevant dates (May 21, 2001 – June 15, 2001);

  2) during the relevant time period (January 1, 2001 – December 1, 2001; and

  3) as to all dates between January 1, 2001 and this date).

## INTERROGATORY NO. 18

State whether you, at any time from January 1, 2001 to the present, entered into a contract with any person or entity residing or having a place of business in

Massachusetts, and if so, identify each such person or entity and please state the date and nature of each such contract.

## INTERROGATORY NO. 19

Identify each and every (a) person (by name, date of birth, social security number); or (b) entity that performed any services for you of any nature in Massachusetts at any time during the relevant time period.

For each such person or entity, state the dates(s) of each service and describe in detail each such service (including, but not limited to, the purpose and reason underlying each such service).

## INTERROGATORY NO. 20

Have you ever done work for any other defendant.  If so, for each period of employment, set forth all dates that you worked for the defendant, and the scope of work.

## INTERROGATORY NO. 21

If you have ever had an ownership interest, share of or, equity interest in any other defendant, please set forth the dates, amount and nature of said interest on shares, together with the corresponding name of each defendant:

        (a)    during the relevant period; and

        (b)    on the relevant dates.

## INTERROGATORY NO. 22

Identify any business or professional licenses or certificates authorizing you to do business, or otherwise used or relied upon the operation of the business entailed in The College of the Holy Cross Gymnasium Project.

     (a)     state the license or certificate number and the persons named on each license or certificate;

     (b)     state whether the license or certificate was posted at the place of business.

## INTERROGATORY NO. 23

Describe any communications, agreements, or understanding by which Martin Surfacing, Inc., Martin Surfacing, a Division of Southwest Recreation, Southwest Recreational Industries, Inc. d/b/a Martin Surfacing, or Dynamic Sports Construction, Inc. authorized you to carry on defendant's business.

     (a)     Describe your duties and responsibilities in carrying on defendant's business;

     (b)     Describe the manner in which the proceeds derived from your acts were applied or distributed.

## INTERROGATORY NO. 24

Identify all persons who provided any information used to answer any of these Interrogatories.

## INTERROGATORY NO. 25

As to each and every person who worked or participated at the College of the of the Holy Cross Gymnasium Project, identify them by name, date of birth, social security number, and job title (a) while at the College of the Holy Cross, and (b) during all other dates of employment with you, if ever employed, directly or indirectly.

## INTERROGATORY NO. 26

Identify all entities that supplied the component substances for any product and

on the College of the Holy Cross Gymnasium Project.

**INTERROGATORY NO. 27**

List each payment you received directly or indirectly as a result of income generated by the College of the Holy Cross Gymnasium Project.

Laura Allen,

By her Attorney

Robert J. Bonsignore (BBO #547880)
Bonsignore & Brewer
23 Forest Street
Medford, MA 02155
781/391-9400

Dated: November ℳ, 2005