UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA ALLEN, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF DAN ALLEN, AND AS NEXT FRIEND TAYLOR ALLEN AND DANIELLE ALLEN; AND MARK ALLEN<br>            Plaintiffs,<br><br>v.<br><br>MARTIN SURFACING, INC.; MARTIN SURFACING A DIVISION OF SOUTHWEST RECREATION; RONALD RYBA; SOUTHWEST RECREATIONAL INDUSTRIES, INC., d/b/a MARTIN SURFACING; REED J. SEATON; ROBERT N. WOLESENSKY, JR.; DYNAMIC SPORTS CONSTRUCTION, INC.; AND DOES<br>            Defendants. | CIVIL ACTION NO. 05-40048-FDS |

## DEFENDANTS ROBERT M. WOLESENSKY, JR. AND DYNAMIC SPORTS CONSTRUCTION, INC.'S MOTION FOR A PROTECTIVE ORDER AS TO PLAINTIFFS' NOTICE OF TAKING DEPOSITIONS

Come now Defendants, Robert M. Wolesensky, Jr. ("Mr. Wolesensky"), incorrectly identified in the First Amended Complaint as Robert N. Wolesensky, and Dynamic Sports Construction, Inc. ("Dynamic") by counsel, and files the following Motion for a Protective Order as to Plaintiffs' Notice of Taking Depositions.

1. The Plaintiffs served a "Notice of Deposition" on Mr. Wolesensky and Dynamic on December 21, 2005. The depositions for Mr. Wolesensky and Dynamic are

purportedly scheduled for Friday, January 27, 2006 at 10:00 a.m. and 3:00 p.m. respectively.

2. On September 19, 2005, the Court issued a Scheduling Order, which set forth among other things, certain deadlines for the completion of Phase One discovery. Specifically, the Order stated, "…all depositions, other than expert depositions, must be completed by December 23, 2005." (*emphasis added*)

3. Thus, according to the Court's Order, the contemplated depositions of Mr. Wolesensky and Dynamic were to be completed by December 23, 2005. Plaintiffs had ample opportunity to schedule Mr. Wolesensky and Dynamic's depositions on or prior to December 23, 2005, but Plaintiffs made no attempt to do so. Likewise, the Plaintiffs have never moved the Court to extend the deadlines set forth in the September 19, 2005 Scheduling Order and there are no grounds for extending the deadlines. Rather, Plaintiffs' counsel made no effort to conduct discovery until the deadlines were about to expire and, with the late deposition notices, seeks simply to violate the Scheduling Order.

4. On December 30, 2005, Defendants Mr. Wolesensky and Dynamic informed Plaintiffs' counsel of the objection to the depositions. (*See Attachment A*). In that correspondence, Defendants Mr. Wolesensky and Dynamic requested that Plaintiffs withdraw the abovementioned depositions. To date, Plaintiffs have failed to do so. In fact, although the December 30, 2005 letter specifically asked Plaintiffs' counsel for the simple professional courtesy of a telephone call, Plaintiffs' counsel has not responded at all.

5. Therefore, in light of the foregoing, Defendants Mr. Wolesensky and Dynamic respectfully request the issuance of a protective order absolving them from the obligation to appear at the above depositions.

6. Additionally, should this Court be inclined to deny this motion, Defendants note that they are residents of the state of Texas and Plaintiffs have noticed the depositions to occur at the Plaintiffs' office in Medford, Massachusetts. Therefore, under the circumstances, the said depositions are overly burdensome on Defendants Mr. Wolesensky and Dynamic. Accordingly, Defendants Mr. Wolesensky and Dynamic request that Plaintiffs reimburse them for their travel and incidental expenses in traveling to Massachusetts to attend the proposed deposition, or, in the alternative, that the same be taken in Texas, or, in the alternative, that the same be taken via electronic means, such that the Defendants may remain in Texas for the same.

Wherefore, Defendants Mr. Wolesensky and Dynamic request this Court grant their Motion for Protective Order.

Respectfully submitted,
**Robert M. Wolesensky, Jr. and**
**Dynamic Sports Construction, Inc.**
By their attorneys,

*/s/ Gareth W. Notis*
Lee Stephen MacPhee
Gareth W. Notis
MORRISON MAHONEY, LLP
250 Summer Street
Boston, Massachusetts 02210
(617) 439-7500

/s/ P. Douglas Barr
P. Douglas Barr
Lindsey W. Ingram III
STOLL KEENON OGDEN PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky 40507
(859) 231-3000

**Certificate of Service**

I certify that this document has been served upon all counsel of records in compliance with the F.R.C.P. this __18th__ day of __January__, 2006.

/s/ Gareth W. Notis
Gareth W. Notis

4

# STOLL | KEENON | & | PARK | LLP

300 WEST VINE STREET | SUITE 2100 | LEXINGTON, KENTUCKY 40507-1801
(859) 231-3000 PHONE | (859) 253-1093 FAX | WWW.SKP.COM

P. DOUGLAS BARR
859-231-3046
douglas.barr@skp.com

December 30, 2005

**VIA FACSIMILE & U.S. MAIL**
Robert J. Bonsignore, Esq.
Bonsignore & Brewer
23 Forest Street
Medford, MA 02155

Re: *Laura Allen, et al. v. Martin Surfacing, Inc., et al.*
USDC Civil Action No. 4:05-CV-40048-FDS

Dear Mr. Bonsignore:

I recently received several deposition notices from you, including notices scheduling the depositions of my clients, Robert M. Wolesensky, Jr. and Dynamic Sports Construction, Inc. These notices are defective and improper, for several reasons.

First, while the notices bear a state court caption, we will treat them as if they bear the federal court caption. (As you recall, this case was removed to federal court long ago). I remind you that, Judge Saylor's September 19, 2005 Order specifically stated that "all depositions ... are to be completed by December 23, 2005." Since the date of that Order, I have heard nothing from you, much less any contact seeking to schedule my clients' depositions. There is no reason that you could not have attempted to schedule depositions in compliance with the Court's Order. Instead, for whatever reason, you unilaterally picked dates and scheduled depositions, in violation of the Court's Order. For this reason alone, we will not comply with the Notices. Please let me know as soon as possible whether you will withdraw the Notices. I implore you to do so, so that my clients can avoid the expense of filing a motion for protective order.

Additionally, if you would read the discovery responses we recently served upon you, it would be clear to you that the depositions you belatedly seek are unnecessary, in light of the Court's September 19 Order limiting the first phase of discovery to party identity issues. Our responses make clear to any reasonable observer that the Plaintiffs have no viable claims against my clients.

LEXINGTON | LOUISVILLE | FRANKFORT | HENDERSON

Robert J. Bonsignore, Esq.
December 30, 2005
Page 2

    Although I do not represent Southwest Recreational Industries, Inc. in this matter, I do represent the bankruptcy Trustee in other matters. I must comment -- again -- that your deposition notices relating to Southwest may well be violative of the automatic stay in the bankruptcy case. The most disconcerting thing is that you have known for at least well over a year about the Southwest bankruptcy and the automatic stay. Although I do not know for sure, it appears on the basis of the state court record that the existence of the bankruptcy case and the automatic stay was the reason the state court denied the Plaintiffs' efforts to obtain a default judgment against Southwest, which denial appears to be the development that led you to amend the Complaint to add my clients and the other individual Defendants. You have steadfastly ignored my efforts and the efforts of other defense counsel to get you to stop pursuing Southwest in this matter in the absence of an Order from the bankruptcy court granting relief from the stay. I ask you, again, to do so.

    Finally, I note that your deposition notices seek to schedule my clients' depositions in Massachusetts. Again, the depositions should not go forward in any event but, to be sure, we do not consent to depositions in Massachusetts because both my clients are located in Texas.

    Please do me the professional courtesy of responding to this correspondence as soon as possible.

                                   Very truly yours,

                                   STOLL, KEENON & PARK, LLP

                                   P. Douglas Barr

cc:    Gareth W. Notis, Esq.
       Robert M. Wolesensky
       Joseph M. Noone, Esq.
       Gary Marsh, Esq., Counsel for Trustee, Ronald L. Glass

X:\LITIGATE\Dynamic Sports Construction - Inc - 106038\Allen - 120077\Bonsignore 12.28.05 letter re depositions.doc