UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LAURA ALLEN, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF DAN ALLEN, AND AS NEXT FRIEND OF TAYLOR ALLEN AND DANIELLE ALLEN, and MARK ALLEN,<br>　　　　Plaintiffs<br><br>v.<br><br>MARTIN SURFACING, INC.; MARTIN SURFACING, A DIVISION OF SOUTHWEST RECREATION; RONALD RYBA; SOUTHWEST RECREATIONAL INDUSTRIES, INC., d/b/a MARTIN SURFACING; REED J. SEATON; ROBERT N. WOLESENSKY, JR.; DYNAMIC SPORTS CONSTRUCTION, INC. AND DOES,<br>　　　　Defendants | CIVIL ACTION<br>NO. 05-40048-FDS |

**OPPOSITION OF THE DEFENDANT, REED J. SEATON, TO PLAINTIFF'S MOTION FOR RELIEF FROM COURT IMPOSED DEADLINES, FOR STAY OF PROCEEDINGS AND FOR IMPOSITION OF SUBSTITUTE SCHEDULING ORDER**

　　　　NOW comes the defendant, Reed J. Seaton, and files the within Opposition, as follows:

　　　　1.　　The present action was commenced in the Worcester (Massachusetts) Superior Court on or about April 30, 2004.

　　　　2.　　A Notice of Removal to this Court was filed on or about March 16, 2005.

　　　　3.　　On September 19, 2005, following a Court-mandated scheduling conference, the Court issued a Scheduling Order setting forth certain deadlines in regard to what was designated the first stage of discovery in this matter.

　　　　4.　　As so designated, the first phase of discovery was designed to, among other matters, determine issues of personal and subject matter jurisdiction, determine issues regarding ownership of the corporate defendants, determine the propriety of the plaintiffs'

counts to "pierce the corporate veil," and determine the impact of the corporate defendants' status as debtors in Bankruptcy.

5. The present matter has now been pending, either in state or this Court, for nearly two (2) years. To date, despite every opportunity to do so, plaintiffs have elicited absolutely no evidence, which would warrant exposing this defendant personally under a theory of "piercing the corporate veil."

6. Despite having more than ample time to do so, plaintiffs did not notice this defendant's deposition in this matter until December 21, 2005, which deposition was to be taken on January 27, 2006. Pursuant to the Court's Scheduling Order, however, all depositions in the first phase were to be "completed" by December 23, 2005.

7. Counsel for the bankruptcy trustee has, according to correspondence provided by co-counsel herein, written to and called plaintiff's counsel numerous times to alert him to the automatic stay. Nevertheless, plaintiffs have taken no steps, whatsoever, to seek relief from the automatic stay in Bankruptcy afforded to the corporate defendants, under 11 U.S.C. §362, in the matter currently pending at #04-40656-pwb in the United States Bankruptcy Court for the Northern District of Georgia.

8. It is believed that liability insurance coverage is or was in place, pursuant to which plaintiffs could seek relief from the automatic stay to pursue their claims against the corporate defendants.

9. Previously, counsel for Mr. Wolesensky, who is in possession of copies of some of the corporate documents of the corporate defendants, produced the same to plaintiffs' counsel. Such documents evidence the fact that the corporate defendants were, at times pertinent, *bona fide* corporate entities and, therefore, that any claim pursuant to a theory to "pierce the corporate veil" was without foundation.

10.  In light of the time that has elapsed since the inception of this case, the costs incurred by the non-corporate defendants, the failure of plaintiffs to seek relief from the automatic stay and the absolute failure of plaintiffs to adduce any evidence, whatsoever, which would warrant their proceeding against the individual defendants herein under a theory of "piercing the corporate veil," it is respectfully submitted that the motion of the plaintiffs should be denied.

DEFENDANT, REED J. SEATON

By his attorneys,

/s/ Joseph M. Noone
Joseph M. Noone (BBO #559644)
James T. Sullivan (BBO #565700)
AVERY, DOOLEY, POST & AVERY, LLP
90 Concord Avenue
Belmont, MA 02478
(617) 489-5300
jnoone@averydooley.com

Dated: February 13, 2006

CERTIFICATE OF SERVICE

I, James T. Sullivan, hereby certify that this document, *Opposition of the Defendant, Reed J. Seaton, to Plaintiff's Motion for Relief from Court Imposed Deadlines, for Stay of Proceedings and for Imposition of Substitute Scheduling Order,* filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and as listed below, and paper copies will be sent to those indicated as non-registered participants, on this 13th day of February, 2006.

Michael R. Hugo, Esquire
LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS, LC
95 Commercial Wharf
Boston, MA  02110

Anthony Tarricone, Esquire
SARROUF, TARRICONE & FLEMING
95 Commercial Wharf
Boston, MA  02110

Lee Stephen MacPhee, Esquire
Gareth W. Notis, Esquire
MORRISON, MAHONEY, LLP
250 Summer Street
Boston, MA  02210

P. Douglas Barr, Esquire
STOLL, KEENON & PARK, LLP
300 West Vine Street, Suite 2100
Lexington, KY  40507-1801

*/s/ Joseph M. Noone*
Joseph M. Noone (BBO #559644)
James T. Sullivan (BBO #565700)
AVERY, DOOLEY, POST & AVERY, LLP
90 Concord Avenue
Belmont, MA  02478
(617) 489-5300
jnoone@averydooley.com