**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF MASSACHUSETTS**

_____
                                                    )
**LAURA ALLEN, INDIVIDUALLY; And As**   )
**ADMINISTRATRIX OF THE ESTATE**         )
**OF DANIEL ALLEN; And AS NEXT FRIEND** )
**OF TAYLOR ALLEN AND DANIELLE**        )
**ALLEN; And MARK ALLEN,**                  )
                                                    )
          **Plaintiffs;**                         )    **CIVIL ACTION**
                                                    )    **No.: 05-40048-FDS**
  **v.**                                          )
                                                    )
**MARTIN SURFACING, A Division of**       )
**SOUTHWEST RECREATIONAL**               )
**INDUSTRIES; And SOUTHWEST**             )
**RECREATIONAL INDUSTRIES, INC., d/b/a** )
**MARTIN SURFACING;**                         )
                                                    )
          **Defendants.**                        )
_____)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO PRECLUDE**
**DR. CHRISTINE OLIVER'S UNTIMELY OPINIONS**

    Now comes the plaintiff and hereby moves this Honorable Court to deny the defendant, Southwest Recreational Industries, Inc.'s Motion to Preclude Dr. Christine Oliver's Untimely Opinions. As reasons therefore, plaintiff states as follows:

    Defendant's motion is incorrectly titled, as plaintiff's expert, Dr. Christine Oliver, has not offered any untimely opinions, but rather cited two additional studies at her deposition which were not part of her original opinion, file on June 25, 2007. Defendant complains that allowing Dr. Oliver, one of plaintiff's experts, to refer to two studies not originally referenced in her opinion but supplied at the time of her deposition, is "patently unfair" to the defendant. Defendant fails to state what specific prejudice it will suffer if

Dr. Oliver is allowed to reference the studies. An objective review of the matter shows that no prejudice will befall the defendants, as they have been on notice as to Dr. Oliver's opinion since June, and the studies named in defendants' motion do not alter that opinion in any fashion. The studies merely provide additional support for plaintiff's expert's opinion.

Defendant objects on the issue of timeliness, arguing that plaintiff failed to meet the court's scheduling order. Defendant fails, however, to advise the Court that its expert, Dr. Hashimoto, also disclosed two additional texts *on the day of his deposition,* which were not referenced in his original opinion. A copy of the email from defense counsel attaching those two references is attached here at Tab 1. Defendant should not now be allowed to seek to enforce the stringent application of discovery deadlines where it has availed itself of the opportunity to disclose material after those very same deadlines.

Any prejudice that defendant could theoretically claim could be mitigated by continuing Dr. Oliver's deposition, if in fact the issue was a change in her opinion. Dr. Oliver was not deposed until November 2, 2007, despite being offered for deposition as early as August 9, 2007. Defendant then chose to wait six weeks after Dr. Oliver's deposition to move to preclude her testimony on these studies, effectively ensuring that her deposition could not realistically be continued prior to the *Daubert* hearing on January 7, 2008.

As no actual prejudice will befall the defendant, the defendant has committed the very act complained of in its motion, and has delayed filing its motion until such time as to make further deposition unfeasible, defendant's motion to preclude Dr. Oliver from referencing the Gunnarson and Millul studies should be denied.

                Respectfully Submitted,
                The Plaintiff,
                By her attorneys,


                /S/ Ian N. McCallister
                Michael Hugo, Esq.
                Ian N. McCallister, Esq.
                Brent Coon & Associates
                277 Dartmouth Street, 4th Floor
                Boston, MA 02116
                (617) 973-9777

                /S/ James Gotz
                Anthony Tarricone, Esq.
                James Gotz, Esq.
                Kreindler & Kreindler LLP
                277 Dartmouth Street
                Boston, MA 02116
                (617) 424-9100

Dated: December 18, 2007




## CERTIFICATE OF SERVICE

I, Ian N. McCallister, certify that on this 18th day of December, 2007, I caused all counsel of record to be served the within document, via the Electronic Court Filing System.

                /S/ Ian N. McCallister

## James Gotz

| | |
|---|---|
| **From:** | Mike Mahoney [mmahoney@m2esq.com] |
| **Sent:** | Thursday, August 16, 2007 12:17 PM |
| **To:** | James Gotz |
| **Subject:** | Hashimoto text |
| **Attachments:** | text.pdf |

James: Here are two additional text that Hashimoto may rely upon, depending upon your questioning. Thanks.

Michael L. Mahoney
Mullen & McGourty
52 Temple Place
Boston, MA 02111
617 338 9200
617 338 9225(f)